# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| THE COLEMAN COMPANY, INC.<br><br>Plaintiff,<br><br>v.<br><br>TEAM WORLDWIDE CORPORATION,<br><br>Defendant. | Case No.<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff The Coleman Company, Inc. ("Coleman" or "Plaintiff") hereby states its Complaint for patent infringement against Defendant Team Worldwide Corporation ("TWW"), and avers as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 et seq.

2. Coleman is a leading designer and provider of outdoor recreation products.

3. Coleman owns U.S. Patent No. 7,089,618 ("the '618 Patent"), which discloses an air mattress having an internal side support beam having a first edge affixed to an inside of the side panel, and a second edge affixed to an inside of at least one of the top panel and the bottom panel.

4. TWW currently imports into the United States and offers for sale and sells inflatable devices under multiple brands in the United States, including without limitation Air Cloud™, ALPS Mountaineering®, Concierge Collection®, Cozelle®, EZ Bed™, Frontgate®,

Grandin Road®, Improvements®, Insta Bed™, Kelty®, Lazery Sleep™, Serta®, Simply Sleeper®, SoundAsleep, Swiss Gear®, and Wenzel®.

5.      On information and belief, multiple inflatable devices imported, offered for sale, and sold by TWW include an air mattress having an internal side support beam having a first edge affixed to an inside of the side panel, and a second edge affixed to an inside of at least one of the top panel and the bottom panel.

6.      By importing, making, using, offering for sale, or selling these inflatable devices, TWW is infringing one or more claims of the '618 Patent.

7.      Moreover, given the circumstances of TWW's acts of infringement, the present case is exceptional, and Plaintiff is entitled to an award of its attorneys' fees.

## PARTIES

8.      Coleman is a corporation that is incorporated in Delaware and has its principal place of business at 180 North LaSalle Street, Chicago, Illinois.

9.      On information and belief, TWW is a Taiwanese corporation having a principal place of business at 9F, No. 24, Songzhi Rd., Xinyi District Taipei City 110, Taiwan R.O.C.

## JURISDICTION

10.     This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this Complaint includes a cause of action for patent infringement under the laws of the United States, 35 U.S.C. § 1 et seq.

11.     On information and belief, this Court has personal jurisdiction over TWW because it has availed itself of the rights and benefits of the laws of Virginia, and it has derived substantial revenue from the sales of infringing products in Virginia.

12. TWW mass-produces and distributes inflatable devices embodying the '618 Patent.

13. TWW intends to serve the United States market including Virginia retailers and consumers.

14. TWW delivers inflatable devices embodying the '618 Patent to the United States with the expectation that such devices will be purchased by Virginia consumers.

15. TWW intentionally places inflatable devices embodying the '618 Patent into the Virginia stream of commerce by selling such devices to retailers who do business in Virginia and sell to Virginia consumers.

16. TWW has in the past and continues to infringe the '618 Patent by selling inflatable devices embodying the '618 Patent to retailers, other intermediaries, and consumers in Virginia.

17. TWW's website, www.twwcorp.com/ppaffiliates.asp, lists more than forty wholesalers and retailers that sell their products. Several of the retailers listed on TWW's website do business in Virginia and/or offer inflatable devices embodying the '618 Patent in stores located in Virginia or on their store website to Virginia consumers.

18. Venue is proper in this district under 28 U.S.C. §§ 1391(c)(3).

## FACTUAL BACKGROUND

19. United States Patent Number 7,089,618 ("the '618 Patent"), entitled "Air Mattress," was duly and legally issued on August 15, 2006, and names Andrew T. Metzger as the inventor. Attached as Exhibit A is a true and correct copy of the '618 Patent.

20. The '618 Patent claims, among other things, an air mattress, including a top panel and a spaced bottom panel; at least one side panel extending between the top panel and the

bottom panel; the at least one side panel, the top panel, and the bottom panel being joined to one another along their common peripheral edges to define an air chamber therebetween; and at least one internal side support beam extending in the lengthwise direction of the at least one side panel, the at least one internal side support beam having a first edge affixed to an inside of the at least one side panel, a second edge affixed to an inside of at least one of the top panel and the bottom panel, and a section between the first edge and the second edge where the first side support beam is attached neither to said at least one side panel nor said at least one of the top panel and the bottom panel, the internal side support beam being arranged such that when the air chamber is filled with air, the section of the internal side support beam is in tension and the internal side support beam limits outward expansion of said at least one side panel.

21. Plaintiff Coleman owns and has standing to sue for infringement of the '618 Patent.

22. On information and belief, TWW imports into the United States, offers for sale, and sells inflatable devices under the brand names Air Cloud™, ALPS Mountaineering®, Concierge Collection®, Cozelle®, EZ Bed™, Frontgate®, Grandin Road®, Improvements®, Insta Bed™, Kelty®, Lazery Sleep™, Serta®, Simply Sleeper®, SoundAsleep, Swiss Gear®, and Wenzel®.

23. Inflatable devices imported, offered for sale, and sold by TWW include an air mattress with a top panel and a spaced bottom panel, at least one side panel extending between the top panel and the bottom panel, the at least one side panel, the top panel, and the bottom panel being joined to one another along their common peripheral edges to define an air chamber therebetween and at least one internal side support beam extending in the lengthwise direction of the at least one side panel, the at least one internal side support beam having a first edge affixed

to an inside of the at least one side panel, a second edge affixed to an inside of at least one of the top panel and the bottom panel, and a section between the first edge and the second edge where the first side support beam is attached neither to said at least one side panel nor said at least one of the top panel and the bottom panel. Specifically, on information and belief, at least the Serta SKU Nos. 85001714, ST840017, ST840011, ST840015, ST840018 and Insta-Bed SKU Nos. 84003115, 840017G include an internal side support beam extending in the lengthwise direction of the at least one side panel, the at least one internal side support beam having a first edge affixed to an inside of the at least one side panel, a second edge affixed to an inside of at least one of the top panel and the bottom panel, and a section between the first edge and the second edge where the first side support beam is attached neither to said at least one side panel nor said at least one of the top panel and the bottom panel.

24. TWW has offered and continues to offer for sale such inflatable products online and at various retail establishments, including in this district.

**COUNT ONE**
**(Infringement of U.S. PATENT NO. 7,089,618)**

25. The allegations contained in paragraphs 1–24 above are incorporated by reference as if fully set forth herein.

26. The '618 Patent remains in full force and effect, and all of its claims are presumed valid under the Patent Laws of the United States.

27. Claim 13 of the '618 Patent claims the following invention:

> An air mattress, comprising:
> a top panel and a spaced bottom panel;
> at least one side panel extending between the top panel and the
>    bottom panel;
> the at least one side panel, the top panel, and the bottom panel
>    being joined to one another along their common peripheral
>    edges to define an air chamber therebetween; and

> at least one internal side support beam extending in the lengthwise direction of the at least one side panel, the at least one internal side support beam having a first edge affixed to an inside of the at least one side panel, a second edge affixed to an inside of at least one of the top panel and the bottom panel, and a section between the first edge and the second edge where the first side support beam is attached neither to said at least one side panel nor said at least one of the top panel and the bottom panel, the internal side support beam being arranged such that when the air chamber is filled with air, the section of the internal side support beam is in tension and the internal side support beam limits outward expansion of said at least one side panel.

28. TWW's inflatable products, including, but not limited to, Serta SKU No. 85001714, include all the elements set forth in claim 13 of the '618 Patent. The '618 Accused Products include an air mattress having:

- A top panel and a spaced bottom panel;

- At least one side panel extending between the top panel and the bottom panel;

- The at least one side panel, the top panel, and the bottom panel being joined to one another along their common peripheral edges to define an air chamber therebetween;

- At least one internal side support beam extending in the lengthwise direction of the at least one side panel,

- The at least one internal side support beam having a first edge affixed to an inside of the at least one side panel,

- A second edge affixed to an inside of at least one of the top panel and the bottom panel, and

- A section between the first edge and the second edge where the first side support beam is attached neither to said at least one side panel nor said at least one of the top panel and the bottom panel,

- The internal side support beam being arranged such that when the air chamber is filled with air, the section of the internal side support beam is in tension and the internal side support beam limits outward expansion of said at least one side panel.

The Serta SKU No. 85001714 includes a triple-bump external appearance on the side panel due to the use of at least two internal side support beams and the elements of claim 13. Additional Serta SKU Nos. ST840017, ST840011, ST840015, ST840018 and Insta-Bed SKU Nos. 84003115, 840017G (together with the Serta SKU No. 85001714 referred to herein as the "'618 Accused Products") have this same triple-bump external appearance on the side panel and therefore, on information and belief, also include all of the elements set forth in claim 13 of the '618 Patent.

29. The '618 Accused Products infringe at least claim 13 of the '618 Patent.

30. TWW has been and is infringing at least claim 13 of the '618 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing for sale in the United States, including within this judicial district, without license or authority, products covered by the '618 patent, including, for example, the '618 Accused Products discussed above.

31. On information and belief, TWW has known of the existence of the '618 Patent, and its acts of infringement have been willful, and in disregard for the '618 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct. Among other things, TWW is the assignee of U.S. Patent No. 10,104,967 and U.S. Patent Application No. 14/927,438, each of which disclosed the '618 Patent in an information disclosure statement during prosecution.

32.  As a result of TWW's acts of infringement, Plaintiff has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. § 283.

33.  Defendant's acts of infringement of the '618 Patent have caused and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. § 284.

34.  This case is exceptional and, therefore, Plaintiff is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

A.  A judgment that TWW has infringed the '618 Patent, in violation of 35 U.S.C. § 271(a);

B.  An order preliminarily and permanently enjoining TWW, its officers, agents, servants, employees, attorneys, all those in active concert or participation with it, and all other parties properly enjoined by law, from continued acts of infringement of the '618 Patent;

C.  An order for destruction of the means employed by TWW to commit the acts of infringement complained of above;

D.  An award of damages adequate to compensate Plaintiff for all such unauthorized acts of infringement pursuant to 35 U.S.C. § 284;

E.  A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285, and an award to Plaintiff of its reasonable attorneys' fees and other costs and expenses incurred in the prosecution of this action; and

  F. An award of such other and further relief as the Court deems just and proper.

Dated: June 29, 2020            Respectfully submitted,

                  *s/ R. Braxton Hill, IV*_____
                  R. Braxton Hill, IV (VSB 41539)
                  Michael W. Smith (VSB 01125)
                  CHRISTIAN & BARTON, LLP
                  909 East Main Street, Suite 1200
                  Richmond, Virginia 23219
                  Tel.: (804) 697-4100
                  Fax: (804) 697-4112
                  bhill@cblaw.com
                  msmith@cblaw.com

                  John W. Harbin (PHV to be applied for)
                  Gregory J. Carlin (PHV to be applied for)
                  David S. Moreland (PHV to be applied for)
                  Meunier Carlin & Curfman LLC
                  999 Peachtree Street NE, Suite 1300
                  Atlanta, Georgia 30309
                  (404) 645-7700

                  *Counsel for the Plaintiff,*
                  *The Coleman Company, Inc.*