**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | | |
|---|---|---|
| THE COLEMAN COMPANY, INC., | § | |
| | § | |
| *Plaintiff/Counterclaim Defendant,* | § | Civil Action No. 2:20-cv-351-RGD |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| TEAM WORLDWIDE CORPORATION, | § | |
| | § | |
| *Defendant/Counterclaim Plaintiff.* | § | |

**DEFENDANT/COUNTERCLAIM PLAINTIFF TEAM WORLDWIDE**
**CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO**
**AMEND ANSWER AND TO JOIN A NECESSARY PARTY**

On November 11, 2020, Team Worldwide Corporation ("TWW") filed a counterclaim of

infringement of U.S. Patent No. 6,754,926 ("the '926 Patent") against The Coleman Company,

Inc. ("Coleman") with the understanding and good faith belief that the '926 Patent was properly

assigned to TWW by the inventor, founder, and Chairman of TWW, Cheng-Chung ("Tony")

Wang.  Subsequent to bringing the counterclaim, TWW determined that it could not locate the

actual, 20-year-old document formally assigning the '926 Patent to TWW from Mr. Wang.  TWW

and Mr. Wang both understood that the '926 Patent was assigned at least by the time of filing, in

August 2002, of Mr. Wang's patent application that led to the '926 Patent.  Upon determining that

despite an exhaustive search, TWW could not locate the assignment document, TWW filed this

motion to address this issue with the Court.

TWW firmly believes it is the owner by assignment of the '926 Patent and, as discussed

below, its conduct demonstrates that TWW has acted as the owner of this patent at all times since

the filing of the application. However, in an abundance of caution, TWW seeks to clarify its standing to bring this counterclaim of infringement against Coleman.  Consistent with decisions from the US Court of Appeals for the Federal Circuit and this Court, TWW hereby seeks to remedy any potential issue with prudential standing by adding Mr. Wang as a co-plaintiff with TWW on its counterclaim, under either Rule 19 or 21 of the Federal Rules of Civil Procedure.  *See* Declaration of Cheng-Chung Wang, ¶ 10.  TWW also seeks leave to amend its Answer to reflect the addition of Mr. Wang and the ownership status of the '926 Patent.  *See* proposed Amended Answer attached as Exh. A.

I.    **Factual Background**

Founded in 1977, TWW is an innovative designer and manufacturer of inflatable products including, among others, inflatable mattresses generally known in the industry and to consumers as "air beds."  TWW has been developing air bed technology for many years and, as a result of its ingenuity and inventions, is the owner of numerous patents related to air beds.  Mr. Cheng-Chung Wang, the founder and Chairman of TWW, has obtained dozens of U.S. and foreign patents, primarily related to inflatable product technology, all of which he has assigned to his company TWW.  On August 29, 2002, Mr. Wang filed a patent application with the U.S. Patent and Trademark Office ("USPTO"), listing himself as the sole inventor, that led to the issuance of the '926 Patent on June 29, 2004, which reflects Mr. Wang as the sole inventor.  *See* Doc. No. 18-1 (the '926 Patent).  TWW and Mr. Wang's policy at the time of this application was that Mr. Wang, as the founder and Chairman of TWW, would assign all of his patents to TWW.  *See* Wang Decl., ¶ 4.  Mr. Wang's understanding was that the '926 Patent was assigned to TWW.  *See id*., ¶ 6.  To Mr. Wang's knowledge, all of his issued U.S. patents are assigned to TWW.  *See id*., ¶ 5.

The '926 Patent file history affirms this understanding because on May 23, 2005, a petition was filed to change the applicant's status in the USPTO from that of a small entity to a large entity.[1] *See* "Petition to Convert Status from Small Entity to Large Retroactive to Filing Data," Exh. B at 3-4.  This petition states that the applicant's status should have been that of a large entity since the filing date because "the Applicant had, and still has, a factory in Mainland China."  TWW operates its factory for the manufacture of inflatable products including air mattresses in mainland China. *See* Wang Decl., ¶ 2.  In addition, TWW has paid the maintenance fees to the USPTO three times to maintain the '926 Patent, not Mr. Wang.

Moreover, TWW has operated with the '926 Patent as part of its patent portfolio.  TWW routinely included the '926 Patent in its list of intellectual property it provided to customers.  *See* Exhs. C at 2, D at 16.  As shown in the attached images of a TWW product accused of infringement in this action by Coleman, TWW also regularly marks its products with the '926 Patent.  *See* Exh. E.  Thus, TWW treated the '926 Patent as part of its intellectual property portfolio and operated at all times as the owner of the '926 Patent.

On November 11, 2020, TWW filed a counterclaim of infringement by Coleman of the '926 Patent as part of its Answer.  TWW believed in good faith at the time it filed this counterclaim, and still believes, it is the owner by assignment of the '926 Patent.  As part of discovery, TWW sought to produce the assignment of the '926 Patent from Mr. Wang to TWW but after an extensive search, TWW has been unable to locate the document.

---

[1]    A small entity is one eligible for reduced patents fees if it does not exceed 500 employees.  *See* 13 CFR § 121.802.

## II.   **Legal Standard**

Rule 19(a) of the Federal Rules of Civil Procedure addresses the joinder of required parties in litigation:

(a) PERSONS REQUIRED TO BE JOINED IF FEASIBLE.

(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(2) *Joinder by Court Order.* If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Rule 21 of the Federal Rules of Civil Procedures states: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits the amendment of pleadings with leave of the Court: "(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  And leave should be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party..., futility of the amendment."  *Ward*

*Elec. Serv. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir.1987) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

The Federal Circuit has held that "an exclusive licensee with less than all substantial rights in the patent [that] did not have the right to sue under the Patent Act at the inception of the lawsuit," can "cure the defect by filing a motion to join the patentee as a plaintiff." *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1310 (Fed. Cir. 2003). Indeed, the Federal Circuit has a "practice of endorsing joinder of patent owners, under Rule 21 of the Federal Rules of Civil Procedure, in order to avoid dismissal for lack of standing." *Alps S., LLC v. Ohio Willow Wood Co.*, 787 F.3d 1379, 1385 (Fed. Cir. 2015). In addition, "an exclusive license need not be in writing for the licensee to have standing if the patentee or assignee is also joined." *Aspex Eyewear, Inc. v. Altair Eyewear, Inc.*, 288 F. App'x 697, 706 (Fed. Cir. 2008).

### III.   <u>Argument</u>

Although TWW firmly believes it is the assignee of the '926 Patent, because TWW cannot locate the written assignment document required by 35 U.S.C. § 261, TWW moves the Court to join the inventor and founder of TWW, Mr. Cheng-Chung Wang, as a co-counterclaim plaintiff in accordance with Rule 19(a) or Rule 21 of the Federal Rules of Civil Procedure. TWW also seeks leave to amend its Answer to add Mr. Wang and revise the statement regarding ownership of the '926 Patent in accordance with Rule 15(a)(2) of the Federal Rules of Civil Procedure.

Because both TWW and Mr. Wang understood that TWW was the owner by assignment of the '926 Patent, it exercised its rights to this patent by marking its products with the patent,

holding it out to the public as a TWW patent and paying the patent maintenance fees.  In the absence of a written assignment, TWW functioned as the exclusive licensee of the '926 Patent.[2]

Both the Federal Circuit and this Court have held that a patent suit can be maintained even by an exclusive licensee with less than all substantial rights if the patent owner is joined to the suit. In *Mentor H/S. Inc.*, the plaintiff's standing to bring suit based on ownership of the patent was questioned following a trial.  The Federal Circuit found that the plaintiff, as an exclusive licensee, had constitutional standing to bring suit but because it lacked all substantial rights in the asserted patent it did not have prudential standing.  However, the Court held that this prudential standing concern could be readily remedied by adding the owner of the patent to the litigation.  *See Mentor H/S. Inc. v. Medical Device Alliance, Inc.*, 240 F.3d 1016, 1019 (Fed. Cir. 2001); *see also Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1310 (Fed. Cir. 2003) ("an exclusive licensee with less than all substantial rights in the patent [that] did not have the right to sue under the Patent Act at the inception of the lawsuit," can "cure the defect by filing a motion to join the patentee as a plaintiff.").  Similarly, in *Audio MPEG*, this Court held that the plaintiff's lack of prudential standing as an exclusive licensee of patents at issue with less than all substantial rights could be cured by adding the patent owners as party plaintiff.  *See Audio MPEG v. Creative Labs, Inc.*, 2005 WL 8177247, at *16-17 (E.D. Va. Nov. 17, 2005).

Here, TWW's conduct and the intentions of the patentee, Mr. Wang, establish that TWW had at least an implied exclusive license to the '926 Patent.  Although TWW may not possess a written exclusive license, the Federal Circuit has held that a verbal agreement for an exclusive license for a patent is acceptable to bring suit if the owner of the patent is also joined to the

[2]     Neither Mr. Wang nor TWW licensed the '926 Patent to any other entities.  *See* Wang Decl., ¶ 8.

litigation.  *See Aspex Eyewear, Inc. v. Altair Eyewear, Inc*., 288 F. App'x 697, 706 (Fed. Cir. 2008) ("an exclusive license need not be in writing for the licensee to have standing if the patentee or assignee is also joined.").

TWW's circumstances are very similar to those faced in the *Bobcar Media* litigation.  *See Bobcar Media, LLC v. Aardvark Event Logistics, Inc*., 354 F. Supp. 3d 375 (S.D.N.Y. Dec. 7, 2018).  In *Bobcar*, the defendants moved to dismiss the litigation based on lack of standing, challenging the plaintiff's ownership of the asserted patent.  *Id*. at 378-80.  Although the plaintiff could not produce a written assignment for the asserted patent, the plaintiff attempted to demonstrate an assignment existed through documents and testimony.  The court held that, although plaintiff failed to demonstrate the existence of the assignment, plaintiff had established the existence of a verbal agreement that was the equivalent of an implied exclusive license. *Id*. at 382-83.  As a remedy, the *Bobcar* court offered the plaintiff, citing Federal Circuit decisions, the opportunity to add the inventors as plaintiff under Rule 21 of the Federal Rules of Civil Procedure. *Id*. at 383-84.

Like *Bobcar*, TWW understood it was the owner of assignment of the '926 Patent.  Barring proof of that assignment, TWW's conduct with respect to this patent and the patentee's statements demonstrate that TWW had at least an implied exclusive license to the '926 Patent as did the plaintiffs in *Bobcar*.  At most, TWW suffers from a lack of prudential standing with respect to bringing its counterclaim of infringement against Coleman and both the Federal Circuit and this Court have held that this lack of prudential standing is readily cured by adding the patent owner as a co-plaintiff.

## IV.    <u>Conclusion</u>

For at least the foregoing reasons, TWW respectfully request the Court add Mr. Cheng-Chung Wang as a co-counter plaintiff with TWW under either Rule 19 or 21 of the Federal Rules of Civil Procedure and grant TWW leave to amend its Answer to reflect the addition of Mr. Wang and the ownership status of the '926 Patent.


Dated: January 29, 2021

By:  _____ /s/ _____
William R. Poynter (VSB No. 48672)
David Sullivan (VSB No. 45027)
KALEO LEGAL
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Phone: 757.238.6383
Fax: 757.304.6175
wpoynter@kaleolegal.com
dsullivan@kaleolegal.com

J. Michael Woods (*pro hac vice*)
**RuyakCherian LLP**
1901 L St. NW, Suite 700
Washington, DC 20036
Telephone: (202) 838-1560
michaelw@ruyakcherian.com


<u>Of Counsel:</u>

Korula Cherian
**RuyakCherian LLP**
1936 University Ave., Ste. 350
Berkeley, CA 94702
Telephone: (510) 944-0190
sunnyc@ruyakcherian.com


*Attorneys for Team Worldwide Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 29, 2021, a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered users.

Dated:  January 29, 2021

/s/William R. Poynter

William R. Poynter (VSB No. 48672)

*Attorney for Defendant Team Worldwide Corporation*