**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | | |
|---|---|---|
| THE COLEMAN COMPANY, INC., | ) | |
| | ) | |
| *Plaintiff/Counterclaim Defendant*, | ) | |
| | ) | Civil Action No. 2:20-CV-00351-RGD |
| v. | ) | |
| | ) | |
| TEAM WORLDWIDE CORPORATION, | ) | **Jury Trial Demanded** |
| | ) | |
| *Defendant/Counterclaim Plaintiff*, | ) | |
| | ) | |
| and | ) | |
| | | |
| CHENG-CHUNG WANG, | | |
| | | |
| *Counterclaim Plaintiff.* | | |

**DEFENDANT TEAM WORLDWIDE CORPORATION'S AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Team Worldwide Corporation ("TWW"), by and through its undersigned counsel, hereby files its Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff The Coleman Company, Inc.'s Complaint dated June 29, 2020 (the "Complaint"). TWW expressly reserves any and all defenses and claims and counterclaims now available or that may become available in the future.

TWW denies each and every thing, fact, matter, and allegation set forth in Plaintiff's Complaint except as herein qualified, admitted, or otherwise explained.  TWW presumes that the caption, title, headings in the Complaint are intended to be non-substantive and do not require specific responses.  To the extent that they are intended to be substantive allegations, TWW hereby denies all such assertions.  TWW also presumes that it is not required to respond to legal

conclusions, and therefore neither admits nor denies any allegations that are legal conclusions. To the extent a response is required, TWW denies such allegations.

Further, in each instance where TWW refers to referenced documents for their content, TWW denies the allegations to the extent they are incomplete and/or inconsistent with those documents.  In further response to the numbered allegations contained in the Complaint, TWW states as follows:

## NATURE OF THE ACTION

1. In response to the allegations in paragraph 1 of the Complaint, TWW admits that the Complaint includes patent infringement claims that arise under Title 35 of the United States Code. TWW further admits that this Court has subject matter jurisdiction over this action. TWW denies that the Complaint states a valid cause of action of infringement against TWW.

2. In response to the allegations in paragraph 2 of the Complaint, TWW lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

3. The allegations in paragraph 3 of the Complaint set forth the legal conclusions of the pleading party for which no response is required.  To the extent a response is required, TWW denies the allegations in paragraph 3 of the Complaint.

4. TWW admits that its inflatable air bed products are sold under multiple brands in the United States including Air Cloud™, ALPS Mountaineering®, Concierge Collection®, Cozelle®, EZ Bed™, Frontgate®, Grandin Road®, Improvements®, Insta Bed™, Ivation, Kelty®, Lazery Sleep™, Serta®, Simply Sleeper®, SoundAsleep, Swiss Gear®, and Wenzel®.  TWW denies any remaining allegations in paragraph 4 of the Complaint to the extent they allege any wrongdoing by or liability on the part of TWW.

5.      The allegations in paragraph 5 of the Complaint set forth the legal conclusions of the pleading party for which no response is required.  To the extent a response is required, TWW denies the allegations in paragraph 5 of the Complaint.

6.      The allegations in paragraph 6 of the Complaint set forth the legal conclusions of the pleading party for which no response is required.  To the extent a response is required, TWW denies the allegations in paragraph 6 of the Complaint.

7.      The allegations in paragraph 7 of the Complaint set forth the legal conclusions of the pleading party for which no response is required.  To the extent a response is required, TWW denies the allegations in paragraph 7 of the Complaint.

## PARTIES

8.      TWW lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore denies the same.

9.      TWW admits that it is a Taiwanese corporation with a place of business at 9F., No. 24 Songzhi Rd., Xinyi District Taipei City 110, Taiwan R.O.C.

## JURISDICTION

10.      TWW admits that the Complaint includes patent infringement claims that arise under Title 35 of the United States Code and that this Court has subject matter jurisdiction over such claims. TWW denies that the Complaint states a valid cause of action of infringement against TWW.

11.      The allegations in paragraph 11 of the Complaint set forth the legal conclusions of the pleading party for which no response is required.  To the extent a response is required, TWW denies the allegations in paragraph 11 of the Complaint.

12.     The allegations in paragraph 12 of the Complaint set forth the legal conclusions of the pleading party for which no response is required with respect to whether TWW's inflatable devices embody U.S. Patent No. 7,089,618 (the "'618 Patent"). To the extent a response is required, TWW denies the allegations in paragraph 12 of the Complaint. TWW admits only that it produces and distributes inflatable devices generally. TWW denies any remaining allegations in paragraph 12 of the Complaint to the extent they allege any wrongdoing by or liability on the part of TWW.

13.     The allegations in paragraph 13 of the Complaint are denied.

14.     The allegations in paragraph 14 of the Complaint are denied.

15.     The allegations in paragraph 15 of the Complaint are denied.

16.     The allegations in paragraph 16 of the Complaint set forth the legal conclusions of the pleading party for which no response is required. To the extent a response is required, TWW denies the allegations in paragraph 16 of the Complaint.

17.     The allegations in paragraph 17 of the Complaint purport to refer to a website that does not necessarily reflect TWW's current wholesalers and retailers, particularly given that the referenced webpage has a copyright date of 2005. TWW denies all allegations in paragraph 17 of the Complaint that are inconsistent with the referenced website. TWW states that the allegations in the paragraph 17 of the Complaint with respect to retailers who are alleged to "do business in Virginia and/or offer inflatable devices embodying the '618 Patent in stores located in Virginia or on their store website to Virginia consumers" are insufficiently precise to allow a specific admission or denial, and TWW is without information sufficient to admit or deny the allegations. On that basis, TWW denies the remaining allegations in Paragraph 17.

18.     The allegations in paragraph 18 of the Complaint set forth the legal conclusions of the pleading party for which no response is required.  To the extent a response is required, TWW denies the allegations in paragraph 18 of the Complaint.

## FACTUAL BACKGROUND

19.     With respect to the allegations in paragraph 19 of the Complaint, TWW admits that the '618 Patent lists an issue date of August 15, 2006.  TWW denies that the '618 Patent was duly and legally issued.  TWW admits that the '618 Patent is entitled "AIR MATTRESS" and lists Andrew T. Metzger as the inventor.  TWW admits that a copy of the '618 Patent was attached to the Complaint as Exhibit A.

20.     The allegations in paragraph 20 of the Complaint set forth the legal conclusions of the pleading party for which no response is required.  To the extent a response is required, TWW denies the allegations in paragraph 20 of the Complaint.

21.     The allegations in paragraph 21 of the Complaint set forth the legal conclusions of the pleading party for which no response is required.  To the extent a response is required, TWW denies the allegations in paragraph 21 of the Complaint.

22.     In response to paragraph 22 of the Complaint, TWW admits that its inflatable air bed products are sold under multiple brands in the United States including Air CloudTM, ALPS Mountaineering®, Concierge Collection®, Cozelle®, EZ BedTM, Frontgate®, Grandin Road®, Improvements®, Insta BedTM, Ivation, Kelty®, Lazery SleepTM, Serta®, Simply Sleeper®, SoundAsleep, Swiss Gear®, and Wenzel®.  TWW denies any remaining allegations in paragraph 22 of the Complaint to the extent they allege any wrongdoing by or liability on the part of TWW.

23.     The allegations in paragraph 23 of the Complaint set forth the legal conclusions of the pleading party for which no response is required.  To the extent a response is required, TWW denies the allegations in paragraph 23 of the Complaint.

24.     In response to paragraph 24 of the Complaint, TWW admits only that it sells and offers for sale inflatable devices generally. TWW denies any remaining allegations in paragraph 24 of the Complaint to the extent they allege any wrongdoing by or liability on the part of TWW that would subject it to jurisdiction in this district.

**COUNT ONE**
**(Infringement of U.S. PATENT NO. 7,089,618)**

25.     TWW incorporates by reference its answers to paragraphs 1–24 of the Complaint as if set forth herein.

26.     The allegations in paragraph 26 of the Complaint set forth the legal conclusions of the pleading party for which no response is required.  To the extent a response is required, TWW denies the allegations in paragraph 26 of the Complaint.

27.     TWW admits only that paragraph 27 of the Complaint accurately recites Claim 13 of the '618 Patent.

28.     In response to the allegations in paragraph 28 of the Complaint, TWW states that the allegations in paragraph 28 of the Complaint set forth the legal conclusion of the pleading party for which no response is required.  To the extent a response is required, TWW denies the allegations in paragraph 28 of the Complaint.

29.     In response to the allegations in paragraph 29 of the Complaint, TWW states that the allegations in paragraph 29 of the Complaint set forth the legal conclusion of the pleading party for which no response is required.  To the extent a response is required, TWW denies the allegations in paragraph 29 of the Complaint.

30.     In response to the allegations in paragraph 30 of the Complaint, TWW states that the allegations in paragraph 30 of the Complaint set forth the legal conclusion of the pleading party for which no response is required. To the extent a response is required, TWW denies the allegations in paragraph 30 of the Complaint.

31.     In response to the allegations in paragraph 31 of the Complaint, TWW admits only that it is the assignee of U.S. Patent No. 10,104,967 and U.S. Patent Application No. 14/927,438 and both list U.S. Patent No. 7,089,618 under "References Cited." TWW states that the allegations in paragraph 31 of the Complaint set forth the legal conclusion of the pleading party for which no response is required. To the extent a response is required, TWW denies the remaining allegations in paragraph 31 of the Complaint.

32.     In response to the allegations in paragraph 32 of the Complaint, TWW states that the allegations in paragraph 32 of the Complaint set forth the legal conclusion of the pleading party for which no response is required. To the extent a response is required, TWW denies the allegations in paragraph 32 of the Complaint.

33.     In response to the allegations in paragraph 33 of the Complaint, TWW states that the allegations in paragraph 33 of the Complaint set forth the legal conclusion of the pleading party for which no response is required. To the extent a response is required, TWW denies the allegations in paragraph 33 of the Complaint.

34.     In response to the allegations in paragraph 34 of the Complaint, TWW states that the allegations in paragraph 34 of the Complaint set forth the legal conclusion of the pleading party for which no response is required. To the extent a response is required, TWW denies the allegations in paragraph 34 of the Complaint.

## REQUEST FOR RELIEF

The unnumbered "**WHEREFORE**" Paragraph, including subparagraphs A-F, following Paragraph 34 of the Complaint is a prayer for relief that does not contain allegations of fact and therefore no response is required.  To the extent a response is deemed necessary, TWW denies each and every allegation and assertion listed in this paragraph, including all separate sub-parts, and denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

TWW will rely on all defenses lawfully available to it at the time of trial including the defenses listed below.  To the extent the defenses below raise matters on which Plaintiff bears the burden of proof at trial, TWW does not adopt or assume that burden by virtue of its pleading.  TWW further reserves the right to amend its answer and defenses, and to assert additional defenses and other claims and counterclaims, as discovery proceeds.

## FIRST DEFENSE

The Complaint fails to state a claim, or claims, upon which relief may be granted against TWW.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, repose, laches, or other periods of limitation applicable to the Plaintiff's claims.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel and waiver.

## FOURTH DEFENSE

Plaintiff's claims for injunctive or other equitable relief are barred because there is an adequate remedy at law, because any alleged injury to Plaintiff is not immediate or irreparable, and because Plaintiff's claims otherwise fail to meet the requirements for such relief.

## FIFTH DEFENSE

TWW has not directly or indirectly infringed, jointly infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '618 Patent.

## SIXTH DEFENSE

TWW's products do not infringe and have not infringed any valid or enforceable claim of the '618 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

## SEVENTH DEFENSE

TWW does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale or imported into the United States any products that infringe any valid claim of the '618 Patent, either willfully, directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and has not induced others to infringe the '618 Patent.

## EIGHTH DEFENSE

The claims of the '618 Patent are invalid, ineligible, and/or void for failure to meet the conditions for patentability set forth in 35 U.S.C. §§ 101 *et seq.* and, more particularly, failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, et. seq., and/or the Rules and Regulations of the U.S. Patent & Trademark Office set forth in Title 37 of the Code of Federal Regulations pertaining thereto in view of at least the prior art identified during prosecution of the '618 Patent and at least the following additional references which anticipate and/or render the '618 Patent obvious alone or in combination with each other:   U.S. Patent Nos. 4,064,579; 4,700,419; 4,698,984; and 5,906,019.

## NINTH DEFENSE

1.      Plaintiff's claims for relief and prayer for damages are limited in whole or in part by 35 U.S.C. § 286.

2.      TWW has not willfully infringed the '618 Patent and Plaintiff cannot recover increased damages pursuant to 35 U.S.C. § 284.

3.      To the extent Plaintiff continues to assert that TWW indirectly infringes, either by contributory infringement or inducement of infringement, TWW is not liable to Plaintiff for the acts alleged to have been performed before TWW knew that its actions would cause indirect infringement.

4.      To the extent that Plaintiff failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that TWW's actions allegedly infringed the '618 Patent, TWW is not liable to Plaintiff for the acts alleged to have been performed before TWW received actual notice that it was allegedly infringing the '618 Patent.

## TENTH DEFENSE

The claims of the '618 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## ELEVENTH DEFENSE

Plaintiff's claims of infringement under the doctrine of equivalents are barred under the ensnarement doctrine, which bars Plaintiff from asserting an infringement theory under the doctrine of equivalents that encompasses, or "ensnares," the prior art.

## TWELTH DEFENSE

Plaintiff's claims for relief and prayer for damages are limited to the extent the accused products were used or manufactured by or for the United States, pursuant to 28 U.S.C. § 1498

## THIRTEENTH DEFENSE

Plaintiff is barred, based on statements, representations, and admissions made during prosecution of the patent application resulting in the '618 Patent from asserting any interpretation of any valid, enforceable claim of the '618 Patent that would be broad enough to cover any TWW product alleged to infringe the '618 Patent, either literally or under the doctrine of equivalents.

## FOURTEENTH DEFENSE

TWW reserves the right to raise any additional defenses as may be revealed by discovery in this matter.

## FIFTHTEENTH DEFENSE

TWW reserves all available defenses permitted by applicable law.

## TWW'S COUNTERCLAIMS FOR DECLARATORY RELIEF

Defendant and Counterclaim-Plaintiff, Team Worldwide Corporation ("TWW"), counterclaims against Plaintiff and Counterclaim-Defendant, The Coleman Company, Inc. ("Coleman"), as follows:

## THE PARTIES

1.      TWW is a limited liability company organized and existing under the laws of Taiwan, with its principal place of business at 9F., No. 24 Songzhi Rd., Xinyi District Taipei City 110, Taiwan R.O.C.

2.      Upon information and belief, Coleman is a corporation organized and existing under the laws of Delaware, having a place of business at 180 North LaSalle Street, Chicago, Illinois.

## JURISDICTION AND VENUE

3.      This is a counterclaim for declaratory judgment for non-infringement and/or invalidity, and a counterclaim for infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

4.      This Court has personal jurisdiction over Coleman. Coleman is the named plaintiff in this action, by filing its Complaint, Coleman has consented to the personal jurisdiction of this Court.

5.      This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

6.      An actual and justiciable controversy exists concerning at least: (1) the non-infringement of U.S. Patent No. 7,089,618 (the "'618 Patent"); and (2) the invalidity of the '618 Patent.

7.      Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c).

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '618 Patent)

8.      TWW incorporates all preceding paragraphs of its Counterclaim as if fully set forth herein.

9.      An actual controversy exists between TWW and Coleman concerning whether TWW's activities directly or indirectly infringe or have infringed any valid, enforceable claims, if any, of the '618 Patent.

10.      TWW has not infringed, either directly, indirectly, jointly, contributorily, or by inducement, any valid, enforceable claim, if any, of the '618 Patent.

11.      TWW's activities do not infringe, either directly, indirectly, jointly, contributorily, or by inducement, any valid, enforceable claim, if any, of the '618 Patent.

12.      A judicial declaration of non-infringement is necessary and appropriate to resolve this controversy.

13.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, TWW requests a declaration by the Court that TWW does not infringe any valid, enforceable claims, if any, of the '618 Patent, either directly, indirectly, jointly, contributorily, or by inducement, so that TWW can ascertain its rights and duties with respect to designing, developing, marketing, licensing and selling its products and/or services.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '618 Patent)

14.      TWW incorporates all preceding paragraphs of its Counterclaim as if fully set forth herein.

15.      An actual controversy exists between TWW and Coleman concerning whether the '618 Patent is invalid for failing to meet one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112 et. seq.

16.      At least the following references anticipate and/or render the '618 Patent obvious alone or in combination with each other:  U.S. Patent Nos. 4,064,579; 4,700,419; 4,698,984; and 5,906,019.

17.     The claims of the '618 Patent are invalid for failing to satisfy one more of the conditions of patentability set forth in Title 35 of the United States Code, including §§ 101, 102, 103, 112, 254 and/or 255, and the rules, regulations and laws pertaining thereto in view of at least the prior art identified during prosecution.

18.     A judicial declaration of invalidity is necessary and appropriate to resolve this controversy.

19.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, TWW requests a declaration by the Court that the claims of the '618 Patent are invalid for failing to meet one or more of the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112 et. seq.

### THIRD COUNTERCLAIM
**(Counterclaim for Infringement of U.S. Patent No. 6,754,926)**

20.     TWW incorporates all preceding paragraphs of its Counterclaim as if fully set forth herein.

21.     TWW hereby asserts a counterclaim against Coleman for infringement of U.S. Patent No. 6,754,926 ("the '926 Patent").

22.     Founded in 1977, TWW is an innovative designer and manufacturer of inflatable products including, among others, inflatable mattresses generally known in the industry and to consumers as "air beds."  TWW's air bed products are sold under multiple brands in the United States including Air CloudTM, ALPS Mountaineering®, Concierge Collection®, Cozelle®, EZ BedTM, Frontgate®, Grandin Road®, Improvements®, Insta BedTM, Ivation, Kelty®, Lazery SleepTM, Serta®, Simply Sleeper®, SoundAsleep, Swiss Gear®, and Wenzel®.

23.     TWW has been developing air bed technology for many years and, as a result of its ingenuity and inventions, is the owner of numerous patents related to air beds.  ~~Specifically,~~

~~TWW owns the '926 Patent which it now asserts as a counterclaim of infringement against Coleman.~~

24.     TWW manufactures and sells air bed products through various distributors and retailers that practice the '926 Patent throughout the United States and in this judicial district.  In compliance with 35 U.S.C. § 287, TWW marks and requires the marking of its products covered by the '926 Patent with the appropriate and corresponding patent number.

25.     Coleman makes, uses, imports, has imported, sells, has sold, has offered for sale and/or offers for sale in the United States, airbed products that are not manufactured or licensed by TWW that directly or indirectly infringe at least claim 1 of the '926 Patent.

26.     Examples of products that infringe the '926 Patent include, but are not limited to, the Aerobed® Luxury Pillow Top Twin 16-inch Air Mattress, the Coleman SupportRest Elite PillowStop Double-High Airbed, and the Coleman Air Mattress Double-High SupportRest Air Bed for Indoor or Outdoor Use (collectively "Infringing Products").

27.     The United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '926 Patent, entitled "Inflatable Bed," on June 29, 2004.  A true and correct copy of the '926 Patent is attached as Exhibit A.

28.     Each and every claim of the '926 Patent is currently valid and enforceable, and each enjoys a statutory presumption of validity under 35 U.S.C. § 282.

29.     For the '926 Patent, TWW and the inventor, Mr. Cheng-Chung Wang, the founder and Chairman of TWW, understood that Mr. Wang had assigned the '926 Patent to TWW in 2002 as he did with all of his patents.  However, TWW has been unable to locate the written assignment document.  Although TWW and Mr. Wang understood and acted as TWW had ~~is the~~

~~assignee of~~ all rights, title, and interest in and to the '926 Patent, in abundance of caution, TWW has joined Mr. Cheng-Chung Wang, the inventor and original owner of the '926 Patent, as a co-counterclaim plaintiff.  At a minimum, TWW and Mr. Wang ~~and~~ possesses the exclusive right of recovery, including the exclusive right to recover for past infringement.

30.     TWW has marked and/or required the marking of covered TWW Products with the '926 Patent since about 2004.

31.     The claims of the '018 Patent cover, *inter alia*, an inflatable bed adapted to be disposed on a support surface and includes a plastic top and bottom sheet and an outer periphery. A plastic partition is interposed between the top and bottom sheets so as to be adapted to define a concave air bag among the bottom sheet, the partition, and the support surface. A plastic pull band unit is used to connect fixedly the top and bottom sheet and the partition.

32.     Coleman has been and is now directly infringing, literally and/or under the doctrine of equivalents, or indirectly infringing one or more claims, including at least claim 1 of the '926 Patent by making, using, importing, selling and/or offering to sell the Infringing Products in the United States without authority and/or license from TWW and is liable to TWW under 35 U.S.C. § 271(a).

33.     Claim 1 recites "An inflatable bed adapted to be disposed on a support surface, said inflatable bed comprising: a plastic top sheet having a top surface, a bottom surface, and an outer periphery; a plastic bottom sheet disposed under said top sheet and having a lower end that is adapted to be disposed on the support surface, and an outer periphery; …."  As shown in the examples below, the Infringing Products are inflatable beds that are adapted to be disposed on a support surface and comprise a plastic top sheet having a top surface, a bottom surface, and an

outer periphery; a plastic bottom sheet disposed under said top sheet and having a lower end that is adapted to be disposed on the support surface, and an outer periphery.



**Coleman SupportRest Elite PillowStop Double-High Airbed**

"An inflatable bed adapted to be disposed on a support surface, …"

- 17 -



"A plastic top sheet having a top surface,…."



"a bottom surface,"



"and an outer periphery"

"a plastic bottom sheet disposed under said top sheet and having a lower end that is adapted to be disposed on the support surface, and an outer periphery;"

34.     Claim 1 recites "a plastic partition interposed between said top and bottom sheets and having an outer periphery that is spaced apart from and that is disposed between said outer peripheries of said top and bottom sheets so as to be adapted to define a concave air bag among said bottom sheet, said partition, and the support surface; …."  As shown in the examples below, the Infringing Products include a plastic partition interposed between said top and bottom sheets and having an outer periphery that is spaced apart from and that is disposed between said outer

- 18 -

peripheries of said top and bottom sheets so as to be adapted to define a concave air bag among said bottom sheet, said partition, and the support surface.

 

"a plastic partition interposed between said top and bottom sheets and having an outer periphery that is spaced apart from and that is disposed between said outer peripheries of said top and bottom sheets"

"so as to be adapted to define a concave air bag among said bottom sheet, said partition, and the support surface; …"

35.    Claim 1 recites "a plastic pull band unit for connecting fixedly said bottom surface of said top sheet to an assembly of said bottom sheet and said partition; …."  As shown in the example below, the Infringing Products include a plastic pull band unit for connecting fixedly said bottom surface of said top sheet to an assembly of said bottom sheet and said partition.



"a plastic pull band unit for connecting fixedly said bottom surface of said top sheet to an assembly of said bottom sheet and said partition"

36.     Claim 1 recites "a plastic annular surrounding sheet disposed around said top sheet, said bottom sheet, and said partition and connected fixedly to said outer peripheries of said top sheet, said bottom sheet, and said partition so as to define an upper air chamber that is disposed among said top sheet, said partition, and said surrounding sheet and that is disposed above said concave air bag, and an annular lower peripheral air chamber that is disposed among said partition, said surrounding sheet, and said bottom sheet and that is disposed around said concave air bag…."  As shown in the examples below, the Infringing Products include a plastic annular surrounding sheet disposed around said top sheet, said bottom sheet, and said partition and connected fixedly to said outer peripheries of said top sheet, said bottom sheet, and said partition so as to define an upper air chamber that is disposed among said top sheet, said partition, and said surrounding sheet and that is disposed above said concave air bag, and an annular lower peripheral air chamber that is disposed among said partition, said surrounding sheet, and said bottom sheet and that is disposed around said concave air bag.



a plastic annular surrounding sheet disposed around said top sheet, said bottom sheet, and said partition and connected fixedly to said outer peripheries of said top sheet, said bottom sheet, and said partition so as to define an upper air chamber that is disposed among said top sheet, said partition, and said surrounding sheet and that is disposed above said concave air bag, and an annular lower peripheral air chamber that is disposed among said partition, said surrounding sheet, and said bottom sheet and that is disposed around said concave air bag….



37.     Claim 1 recites "an inflatable unit operable so as to introduce air into said upper air chamber and said annular lower peripheral air chamber; …."  As shown in the examples below, the Infringing Products include an inflatable unit operable so as to introduce air into said upper air chamber and said annular lower peripheral air chamber.





an inflatable unit operable so as to introduce air into said upper air chamber and said annular lower peripheral air chamber

Opening to introduce air into "said annular lower peripheral chamber"

38.     Claim 1 recites "whereby, when a person moves onto said top surface of said top sheet, air is ejected from said concave air bag via a space between said bottom sheet and the support surface so that said bed acts as a suction cup, thereby fixing said bed relative to the support surface."  The Infringing Products are designed such that when a person moves onto said top surface of said top sheet, air is ejected from said concave air bag via a space between said bottom sheet and the support surface so that said bed acts as a suction cup, thereby fixing said bed relative to the support surface.

39.     Coleman also actively, knowingly, and intentionally induces infringement of one or more claims of the '926 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make, use, offer for sale, sell, and/or import the Infringing Products.  For example, as shown below, for Coleman airbed products without a built-in- air pump, Coleman directs customers to use its Coleman® QuickPump™ Unit air pump.  By at least these affirmative acts, Coleman

actively encourages direct infringement of the '926 Patent in the United States, with the specific

intent to induce infringement of the '926 Patent or was at a minimum willfully blind of inducing

infringement of the '926 Patent.



**Instructions accompanying the Coleman Air Mattress Double-High SupportRest
Air Bed for Indoor or Outdoor Use**

40.     Coleman also knowingly, and intentionally contributes to the infringement of one

or more claims of the '926 Patent under 35 U.S.C. § 271(b) by actively encouraging others to

make, use, offer for sale, sell, and/or import the Infringing Products.  For example, as shown

below, for Coleman airbed products without a built-in- air pump, Coleman sells its Coleman®

QuickPump™ Unit air pumps, which are not a staple article of commerce suitable for a

substantial non-infringing use, that are used by customers to infringe one or more claims of the

'926 Patent.  Coleman does so knowing or should have known that such products are especially

made or especially adapted for use in infringement of the '926 Patent.





Coleman® QuickPump™ Unit available at www.coleman.com/camp-furniture/air-
pumps?

41.    Coleman is able to sell and has sold Infringing Products at a higher price than
non-infringing products, reaping enhanced economic benefits from their infringement of the '926
Patent.

42.    Coleman's infringement causes TWW to sell products at lower prices, resulting in
price erosion of TWW's products covered by the '926 Patent.

43.     As a result of Coleman's infringement of the '926 Patent, TWW and Mr. Wang havehas suffered and continues to suffer damages.  Thus, TWW and Mr. Wang are is entitled to recover from Coleman the damages TWW and Mr. Wang sustained as a result of Coleman's wrongful and infringing acts in an amount subject to proof at trial, which is no less than its lost profits and/or a reasonable royalty rate, together with interest and costs fixed by this Court under 35 U.S.C. § 284.

44.     TWW and Mr. Wang havehas suffered damage because of the infringing activities of Coleman, and TWW and Mr. Wang will continue to suffer irreparable harm for which there is no adequate remedy at law unless Coleman's infringing activities are preliminarily and permanently enjoined by this Court.

45.     Coleman has had actual notice of the '926 Patent since at least the filing of this Counterclaim and knew of its infringement of the '926 Patent, including by way of this Counterclaim.

46.     Coleman also had actual notice of the '926 Patent at least as early as December 13, 2005 as U.S. Patent Nos. 6,973,690 and 7,478,448 both cite to U.S. Published Patent Application No. 2003/0200610 which ultimately issued as the '926 Patent.  These patents were originally assigned to Aero Products International, Inc. which was acquired by Coleman in 2010.  During the prosecution of the '448 Patent, which was ultimately assigned to Coleman, U.S. Published Patent Application No. 2003/0200610 was disclosed to the U.S. Patent and Trademark Office by the inventor in an Information Disclosure Statement.

47.     Coleman was also in position to have actual or at least constructive notice of the '926 Patent before the filing of this Counterclaim by way of any TWW products marked with the

'926 Patent which Coleman would have been aware of as a self-described "leading designer and provider of outdoor recreation products," including air beds.  *See* Compl.at 2.

48.    Coleman's infringement of the '926 Patent was, is, and continues to be deliberate and willful because Coleman was and is aware of the '926 Patent yet continues to infringe the '926 Patent; therefore, the infringement is willful and deliberate because Coleman has been aware of the '926 Patent since at least the filing of this Counterclaim, the disclosures of their own patents, and the marking of TWW's products.

## TWW'S PRAYER FOR RELIEF

WHEREFORE, TWW and Mr. Wang (for G-N below only) respectfully requests a judgment against The Coleman Company, Inc. as follows:

A.    That Coleman take nothing as the result of the Complaint;

B.    That the Court enter judgment against Coleman and in favor of TWW and that Coleman's Complaint be dismissed with prejudice;

C.    That judgment be rendered that Coleman is not entitled to the relief prayed for in the Complaint, or any relief whatsoever;

D.    A declaration that TWW does not infringe, under any theory, any valid claim of the '618 Patent that might be enforceable;

E.    A declaration that each of the claims of the '618 Patent is invalid;

F.    Preliminarily and permanently enjoining Coleman, its officers, directors, servants, managers, employees, agents, attorneys, successors and assignees, and all persons in active concert or participation with any of them from directly or indirectly charging TWW with infringement of the '618 Patent under any theory;

G.      Declaring that Coleman has infringed the '926 Patent;

H.      Preliminarily and permanently enjoining Coleman, its officers, directors, servants, managers, employees, agents, attorneys, successors and assignees, and all persons in active concert or participation with any of them from infringing the '926 Patent;

I.      Ordering Coleman to pay TWW damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed;

J.      Ordering Coleman to pay TWW pre-judgment and post-judgment interest on the damages awarded;

K.      Declaring that in the event a permanent injunction preventing future acts of infringement is not granted, that TWW be awarded a compulsory ongoing licensing fee;

L.      A declaration that the case is exceptional under 35 U.S.C. § 285 and awarding to TWW its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

M.      An award to TWW for costs of suit; and

N.      Grant TWW such additional relief that the Court deems proper and just.

## DEMAND FOR JURY TRIAL

TWW demands trial by jury on all issues so triable.


Dated: January 28, 2021

                                        By:     _/s/_
                                                William R. Poynter (VSB No. 48672)
                                                David Sullivan (VSB No. 45027)
                                                KALEO LEGAL
                                                4456 Corporation Lane, Suite 135
                                                Virginia Beach, VA 23462
                                                Phone: 757.238.6383
                                                Fax: 757.304.6175
                                                wpoynter@kaleolegal.com
                                                dsullivan@kaleolegal.com

J. Michael Woods (*pro hac vice*)
**RuyakCherian LLP**
1901 L St. NW, Suite 700
Washington, DC 20036
Telephone: (202) 838-1560
michaelw@ruyakcherian.com


<u>Of Counsel:</u>

Korula Cherian
**RuyakCherian LLP**
1936 University Ave., Ste. 350
Berkeley, CA 94702
Telephone: (510) 944-0190
sunnyc@ruyakcherian.com


*Attorneys for Team Worldwide Corporation*
*and Mr. Cheng-Chung Wang*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2021, a copy of DEFENDANT TEAM WORLDWIDE CORPORATION'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered users.

Dated: January 28, 2021

/s/William R. Poynter
William R. Poynter (VSB No. 48672)

*Attorney for ~~Defendant~~ Team Worldwide Corporation and Mr. Cheng-Chung Wang*