## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

| | | |
|---|---|---|
| THE COLEMAN COMPANY, INC., | § | |
| | § | |
| *Plaintiff/Counterclaim Defendant,* | § | Civil Action No. 2:20-cv-351-RGD |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| TEAM WORLDWIDE CORPORATION, | § | |
| | § | |
| *Defendant/Counterclaim Plaintiff.* | § | |

### DEFENDANT/COUNTERCLAIM PLAINTIFF TEAM WORLDWIDE CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL

Defendant/Counterclaim Plaintiff Team Worldwide Corporation ("TWW" or "Defendant"), by counsel, submits this Memorandum in Support of its Motion to Seal pursuant to Local Civil Rule 5. TWW's Motion to Seal seeks to seal the following documents: Exhibits C and D to the Memorandum in Support of its Motion to Amend Answer and Join Necessary Party (collectively, the "Proposed Sealed Documents").

In support of this position, Defendant states:

1. There are three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing. *See, e.g., Flexible Benefits Council v. Feltman*, No. 1:08-CV-371, 2008 U.S. Dist. LEXIS 93039 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft v. Conoco, Inc*., 218 F.3d 282, 288 (4th Cir. 2000)).

2. The confidential information in the Proposed Sealed Documents is not generally known, has economic value to Defendant, and constitutes Defendant's trade secret information.

*See In re Knight Publ'g Co.*, 743 F.2d 231 (4th Cir. 1984); *see also Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 577 (E.D. Va. 2009) (stating that courts may "refuse to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)). Disclosure of this non-public information could potentially harm Defendant's competitive standing.   The potential harms to TWW resulting from public disclosure far outweighs any prejudice to the general public cause by nondisclosure of the information.   Defendant therefore has a legitimate interest that warrants an order granting the sealing of the Proposed Sealed Documents for all the reasons set forth herein.

3.      Defendants have met the public notice requirement by filing a separate Notice of the Motion to Seal for docketing.  Public Notice of the Motion to Seal is satisfied by docketing the motion "reasonably in advance of deciding the issue." *In re Knight Publ'g*, 743 F.2d at 235 (cited by *Ashcraft*, 218 F.3d at 302).  Short of the filing of the Proposed Sealed Documents under seal, there are no less drastic alternatives that appropriately enable the Defendants to comply with the Agreed Protective Order and preserve the confidential nature of the materials

4.      The third *Ashcraft* consideration is satisfied by the findings of fact in the Proposed Order accompanying this Memorandum.

5.      Defendants have forwarded *in camera* copies of the Proposed Sealed Documents to the Court.

6.      By filing the Proposed Sealed Documents under seal, and those exhibits that do not need to be filed under seal in the public record, Defendants have made all reasonable efforts to limit its redactions in compliance with the law of this Circuit.

2

7.      The Proposed Sealed Documents should remain sealed until forty-five (45) days after the final resolution of this matter and then, returned to counsel.

Accordingly, and in satisfaction of the requirements of Local Rule 5, Defendant respectfully asks the Court to enter the proposed order to maintain under seal the Proposed Sealed Documents and make public those exhibits that do not need to be filed under sea.

Dated: January 29, 2021

By: _____ /s/ _____
William R. Poynter (VSB No. 48672)
David Sullivan (VSB No. 45027)
KALEO LEGAL
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Phone: 757.238.6383
Fax: 757.304.6175
wpoynter@kaleolegal.com
dsullivan@kaleolegal.com

J. Michael Woods (*pro hac vice*)
**RuyakCherian LLP**
1901 L St. NW, Suite 700
Washington, DC 20036
Telephone: (202) 838-1560
michaelw@ruyakcherian.com

Of Counsel:

Korula Cherian
**RuyakCherian LLP**
1936 University Ave., Ste. 350
Berkeley, CA 94702
Telephone: (510) 944-0190
sunnyc@ruyakcherian.com

*Attorneys for Team Worldwide Corporation*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2021, a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered users.

Dated:  January 29, 2021

/s/William R. Poynter

William R. Poynter (VSB No. 48672)

*Attorney for Defendant Team Worldwide Corporation*

4