## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

THE COLEMAN COMPANY, INC.,     §

*Plaintiff/Counterclaim Defendant,*     §      Civil Action No. 2:20-cv-351-RGD

    v.     §      JURY TRIAL DEMANDED

TEAM WORLDWIDE CORPORATION,     §

*Defendant/Counterclaim Plaintiff.*     §

## ORDER

THIS MATTER is before the Court upon the Motion of Defendant/Counterclaim Plaintiff Team Worldwide Corporation ("Defendant" or "TWW"), for Leave to File Certain Documents Under Seal ("Motion to Seal") pursuant to Local Civil Rule 5 and to seal the following documents (collectively, the "Proposed Sealed Documents"): Exhibits C and D to its Memorandum in Support of its Motion for Leave to Amend Answer and Join a Necessary Party.

Having considered the written submissions of Defendant, and having determined that this action involves allegations requiring the disclosure of confidential and proprietary information, this Court makes the following findings of fact and conclusions of law.

Findings of Fact

1.  Defendant in this action has represented that the Proposed Sealed Documents contain confidential and/or proprietary, and trade secret, information.

2.  The Proposed Sealed Documents in fact contain confidential and/or proprietary, and trade secret, information that is properly subject to a sealing order.

4.    No alternative measure would adequately protect Defendant's interests in the confidentiality of its information.

5.    Defendant also filed its Motion to Seal, a Proposed Order, a Memorandum in Support of the Motion to Seal, and a Notice of its Motion to Seal on the public docket all in compliance with Local Rule 5.

### Conclusions of Law

6.    Local Civil Rule 5 supports the sealing of the Proposed Sealed Documents.

7.    There are three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing. *See, e.g., Flexible Benefits Council v. Feltman*, No. 1:08-CV-371, 2008 U.S. Dist. LEXIS 93039 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000)).

8.    Defendant has met the public notice requirement by filing a separate Notice of the Motion to Seal for docketing.  Public Notice of the Motion to Seal is satisfied by docketing the motion "reasonably in advance of deciding the issue." *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (cited by *Ashcraft*, 218 F.3d at 302).  Additionally, there are no less drastic alternatives that appropriately enable the Defendant to preserve the confidential nature of the materials.

9.    The third *Ashcraft* consideration is satisfied by the findings of fact and law in this proposed Order.

10.    Defendant has forwarded in camera copies of the Proposed Sealed Documents to the Court.

3

11.     The Proposed Sealed Documents should remain sealed until forty-five (45) days after the final resolution of this matter and then, returned to counsel.

12.     Absent such an order, the Parties would not be able to use this confidential information in support of their positions.  The omission of this confidential information would limit the Parties' ability to adequately advocate for their positions.

**THEREFORE**, the Motion to Seal is **GRANTED** and it is **ORDERED** that:

The Clerk is directed to maintain under seal the Proposed Sealed Documents.  The sealed material shall remain sealed until forty-five (45) days after the final resolution of this matter and then, returned to counsel.

_____
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

Date: February 9 , 2021

3