IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| The Coleman Company, Inc., ) | |
| ) | |
|     *Plaintiff/Counterclaim Defendant*, ) | |
| ) | |
| v. ) | Civil Action No: 2:20cv351-RGD-RJK |
| ) | |
| Team Worldwide Corporation, et al., ) | |
| ) | |
|     *Defendant/Counterclaim Plaintiffs*. ) | |
| _____ ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
TEAM WORLDWIDE CORPORATION'S MOTION TO COMPEL DISCOVERY**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Local Rule 37(A), Defendant Team Worldwide Corporation and Counterclaim Plaintiff Cheng-Chung Wang (collectively "Defendants" or "TWW"), by and through its undersigned counsel, respectfully submits this memorandum of law in support of its motion to compel discovery from plaintiff The Coleman Company, Inc. ("Plaintiff" or "Coleman").

**I.  INTRODUCTION**

This is a patent infringement case in which Plaintiff Coleman asserts that certain TWW products infringe claims of U.S. Patent No. 7,089,618 (the "'618 Patent"). TWW also countersued Coleman for infringement of TWW's U.S. Patent No. 6,754,926 (the "'926 Patent"). TWW's assertion of its own patent infringement allegations necessarily broadens the scope of discovery from what it would be in the case where TWW was solely defending against Coleman's patent infringement allegations. TWW is fully entitled to develop its defenses against Coleman's infringement allegations *and* to develop its offensive case against Coleman for Coleman's

infringement of the '926 Patent. Despite the breadth of this case, Coleman has failed to produce critical information in discovery as detailed herein.

The deadline for Coleman to produce responses to TWW's interrogatories and documents responsive to TWW's RFPs was January 11, 2021. Many months after Coleman's deadline, its discovery responses remain fundamentally deficient and Coleman has failed to provide a date certain by which it will complete its document production and provide complete responses to TWW's interrogatories. As of April 23, 2021 when TWW sent Coleman a discovery deficiency letter following up on a meet and confer between the parties, Coleman had produced only 87 documents in this case. Coleman did produce additional documents on April 23, April 27, and May 6, but to date, Coleman has still produced approximately only 578 documents in this case, which includes documents Coleman produced as part of its initial disclosures. Despite stating in its responses to document requests that it would produce documents responsive to all of TWW's RFPs, to date there are dozens of RFPs for which Coleman has not produced a single responsive document.

Despite TWW's good faith efforts to obtain discovery materials from Coleman without court intervention, Coleman has failed to provide basic discovery concerning its claims, substantially prejudicing TWW.  The close of fact discovery on June 1 is fast approaching. Accordingly, TWW respectfully moves for an order compelling Coleman to produce the discovery sought by TWW as described herein, and all discovery that it is obligated to produce under the Federal Rules of Civil Procedures, the Local Rules of the Eastern District of Virginia, and the practices of this Court.  Specifically, TWW asks the Court to order Coleman to complete its production of documents responsive to each of TWW's first set of Requests for Production, Nos. 1-97, and TWW's Interrogatory Nos. 2, 3, 5, 7, and 14 within ten days of the date of the order.

## II. STATEMENT OF FACTS

TWW served its first set of requests for production of documents and its first set of interrogatories to Coleman on December 11, 2020. (Exs. A, B). On December 18, 2020, the Court entered a Rule 16(b) Scheduling Order. Pursuant to the Scheduling Order and Local Civil Rule 26(A)(1), TWW and Coleman ("the Parties") served Initial Disclosures. As part of its Initial Disclosures served on December 29, 2020, Coleman served its first document production, which consisted of eleven documents.

Upon the parties' motion, on March 24, 2021, the Court entered a Protective Order (Dkt. 55) to safeguard the parties' production of protected material in this case. However, since March 24, 2021, Coleman has only produced approximately 545 additional documents. Coleman's produced documents to date remain wholly deficient, leaving TWW to speculate as to Coleman's infringement claims and theories, and prejudicing TWW's ability to depose any key witnesses and/or to prepare its defenses.

In a good faith attempt to obtain Coleman's discovery responses without court intervention, TWW contacted Coleman's counsel on April 19, 2021, notifying its concerns about Coleman's deficient discovery responses and TWW's ability to conduct depositions and prepare its case. In the correspondence, TWW's counsel also requested a meet and confer to discuss TWW's concerns. During the meet and confer, on April 21, 2020, counsel discussed Coleman's inadequate document production and interrogatory responses. Coleman's counsel stated they were making an additional document production in the next day or so, and engaging in a "rolling production." At Coleman's request, TWW agreed to send a letter specifically identifying Coleman's discovery deficiencies. Counsel for TWW followed up on the parties' meet and confer with an April 23, 2021 letter

detailing the deficiencies in Coleman's production of documents and information in this lawsuit. (Ex. C).

After TWW's April 23, 2021 letter, Coleman produced an additional 266 documents in an April 24 production, 203 documents in an April 27 production, and 22 documents in a May 6 production. Coleman also served an April 30, 2021 letter regarding discovery issues in the case. (Ex. D). Although Coleman's letter stated that Coleman "continues to conduct reasonable searches to identify and supplement documents and information responsive to TWW's requests in this case," Coleman failed to provide any date certain by when Coleman would complete its productions. *Id.* at 1. Coleman's April 30, 2021 letter also failed to respond with specificity to the discovery deficiencies identified by TWW in Coleman's production as discussed during the parties' meet and confer and further described in TWW's subsequent April 23, 2021 letter. *See, e.g.*, *id.* Coleman's April 30, 2021 letter failed to describe how the documents produced by Coleman cured any of the deficiencies in Coleman's production. Accordingly, Coleman's discovery responses remain deficient as detailed below.

### III.    LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

When a party fails to respond to discovery requests, "a party may move forward for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1); *see also* Local Rule 37(A). If

a party fails to produce documents, the party seeking the discovery may move to compel production. FED. R. CIV. P. 37(a)(3)(B)(iv). The burden falls on the party objecting to the requested discovery or production "to show that discovery should not be allowed." *Castle v. Jallah*, 142 F.R.D. 618, 620 (E.D. Va. 1992).

IV.  **ARGUMENT**

### A. Coleman Should be Compelled to Produce Documents Responsive to TWW's Requests for Production.

Coleman's document production remains entirely deficient. As mentioned above, as of TWW's April 23, 2021 deficiency letter, Coleman had only produced a total of 87 documents in this case. Since the date of TWW's letter, Coleman has only produced an additional 469 documents. Coleman has failed to meaningfully respond to TWW's Requests for Production which provided narrow, focused, and relevant RFPs in order to obtain a full and detailed understanding of Plaintiff's allegations of patent infringement against TWW.

Because this is a case where Coleman has alleged that certain TWW products infringe Coleman's '618 Patent, and TWW alleges that certain Coleman products infringe TWW's '926 Patent, the scope of discovery is broad and must cover both parties' offensive cases and defenses. Although Coleman has produced some documents, its production related to both Coleman and TWW's claims of patent infringement remains deficient.

Coleman may attempt to rely on its boilerplate objections as an excuse for its failure to produce responsive documents, but any such attempts should be rejected. Critically, *Coleman did not rely on any of its objections to withhold documents from production*. After setting forth its boilerplate objections to each of TWW's RFPs, Coleman stated: "[s]ubject to and without waiving the foregoing objections, Coleman responds that it will conduct a reasonable search and will

4

produce any non-privileged documents responsive to this request."[1] *See, e.g.*, Ex. E at 2. Similar to the discovery responses at issue in *Daedalus Blue, LLC v. Microstrategy, Inc.*, Civil Action No. 2:20-cv-551-RCY-RJK, Dkt. No. 55 at *4-6 (E.D. Va. May 3, 2021) (attached hereto as Exhibit G), Coleman's responses are deficient on their face for failure to provide any information whatsoever regarding Coleman's specific manner of compliance with TWW's RFPs. Even if the Court were to credit Coleman's boilerplate objections, the objections themselves cannot support Coleman's failure to produce discovery in this case.

As an example, TWW's RFP No. 8 seeks:

> All documents sufficient to show Coleman's corporate structure, from 2014 to present, including but not limited to organizational charts and the identity of its directors, officers, employees, distributors, agents, and consultants, including all parent, subsidiary and sister corporations and divisions and groups, officers, directors and employees thereof that are involved in the research, design, development, production, marketing or sales for any Coleman Products or any airbed sold or offered for sale by Coleman that You contend competes with the '618 Accused Products or any of the '926 Accused Products.

(Ex. E at 5). Coleman responded as follows:

> Coleman objects to this request to the extent that the request seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Coleman also objects to the language "[a]ll documents sufficient to show" as overly broad, unduly burdensome, and vague. Coleman further objects to this request to the extent it seeks confidential or proprietary business information. Subject to and without waiving the foregoing objections, Coleman responds that *it will conduct a reasonable search and will produce any non-privileged documents responsive to this request*.

---

[1] Coleman did not include its response that it would produce documents in response to TWW's RFP Nos. 47-49. In response to these RFPs, Coleman represented that it would comply with the Federal Rules and Local Rules regarding the disclosure of expert witnesses, and any subpoenas that it serves in connection with this case. Critically, Coleman did not state that it would withhold any documents responsive to these RFPs.

5

(*Id.* (emphasis added)). Critically, Coleman did not state that it would withhold any documents based on its objections. Nonetheless, Coleman has failed to produce documents responsive to this RFP. (*Id.*) Even if Coleman had attempted to rely on its boilerplate objections to withhold responsive documents from production, it would be unable to under the prevailing authority in this district. "Generalized, boilerplate objections 'are highly disfavored in the Fourth Circuit.'" *Paulino v. Dollar Gen. Corp.*, 3:12–CV–75, 2013 WL 1773892, at *12 (N.D.W. Va. Apr. 25, 2013) (collecting cases). "A party's reliance on general objections often results in the waiver of all specific objections." *Id.* (citing FED. R. CIV. P. 33(b)); *Barb v. Brown's Buick, Inc.*, No. CIV. A. 1:09CV785, 2010 WL 446638, at *1 (E.D. Va. Feb. 2, 2010) (striking general boilerplate objections under Rule 33); *Acosta v. Med. Staffing of Am., LLC*, No. 2:18CV226, 2019 WL 6122016, at *4 (E.D. Va. Mar. 15, 2019) (overruling general objections).

TWW's RFP No. 18 seeks the following: "All financial documents including but not limited to the cost, the price of sale, the number of units sold, and the net profits, by quarter, for each Coleman Product and each airbed sold or offered for sale by Coleman that You contend competes with the '618 Accused Products for the '618 Time Period." (Ex. E at 10). Coleman objected to TWW's RFP as follows:

> Coleman objects to this request to the extent that the request seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Coleman also objects to the language "[a]ll financial documents" as overly broad, unduly burdensome, and not likely to lead to the discovery of relevant, admissible evidence. Coleman further objects to this request to the extent it seeks confidential or proprietary business information. Subject to and without waiving the foregoing objections, *Coleman responds that it will conduct a reasonable search and will produce any non-privileged documents responsive to this request.*

6

(*Id.* (emphasis added)). Again, Coleman represented that it would produce documents responsive to TWW's request. Coleman's responses were due on January 11, 2021, but Coleman has not produced any information regarding costs for any Coleman products at issue in this case. TWW's RFP No. 78 also requested documents regarding the costs of the Coleman products that TWW identified as infringing TWW's asserted '926 Patent. (*Id.* at p. 39). Despite Coleman's representation that it would produce responsive documents, Coleman has failed to produce cost data regarding these products. Coleman's responses are woefully overdue, and Coleman has not provided a date certain by when it will produce documents responsive to TWW's request.

The deficiencies in Coleman's production regarding categories of documents that are relevant to both TWW's offensive and defensive allegations include at least the following:[2] *sales and financial data related to the Coleman accused products (RFP No. 18); Coleman's agreements with its third-party airbed manufacturers (RFP Nos. 36-37)*; agreements between Coleman and the named inventor of the '618 Patent, *license and/or settlement agreements related to the asserted Colman '618 Patent and the infringing Coleman products* (RFP Nos. 10, 19, 32, 35, 38, 39, 41);; Coleman's corporate structure (RFP No. 8); any valuations of the asserted '618 Patent (RFP No. 40); *the testing and/or development of Coleman airbed products (RFP No. 11); documents relating to the development, research, design, manufacture, production, commercialization, and marketing of Coleman's airbed products including but not limited to the list of individuals involved in said processes* (RFP Nos. 12, 13, 14, 15, 21, 22, 23); documents regarding the list of products Coleman contends to compete with the accused TWW products (RFP No. 20); *documents describing airbed product features or characteristics and consumers' evaluation(s) of them (RFP No. 56)*;

---

[2] Italicized categories indicate categories where Coleman has produced some documents, but where its production appears to be largely incomplete. Copies of all of the discovery requests at issue, objections, and responses are attached as Exhibits A and B.

documents relating to any acceptable, non-infringing substitute(s) to the '926 Patent (RFP No. 57); documents related to Coleman's infringement theories in this case (RFP Nos. 59-61). For all of these document requests, Coleman served boilerplate, general objections, and indicated that it would produce non-privileged responsive documents. (Exs. A, B.)

TWW is also entitled to discovery regarding its claims that certain Coleman products infringe TWW's '926 Patent. Despite the clear relevancy of this information to the case, Coleman has so far failed to produce the following categories of documents: the identification of people involved in the production, sale, design, development, research, marketing of the Coleman accused products (RFP No. 69); *documents identifying the Coleman accused products including documents identifying each such product's style, model number, and designs (RFP No. 70)*; design manuals, brochures or memos related to the accused Coleman products (RFP No. 71); *documents related to the Coleman accused products' research, design, development, and manufacturing (RFP No. 72, 73); documents related to marketing of the Coleman accused products (RFP No. 74-75); documents demonstrating that extent of Coleman's importation, use, sale, or offer for sale for the Coleman accused products (RFP No. 76); documents related to business plans, sales, and projections of sales of the Coleman accused products (RFP No. 77, 78)*; any documents comparing the '926 Patent to any Coleman accused product or related to Coleman's noninfringement contentions (RFP Nos. 80, 81, 83-88); documents referring to or related to TWW or the named '926 inventor Mr. Wang (RFP No. 82); documents involving or related to third parties' role in the design, development, manufacturing, sale, distribution, and/or importation of the Coleman accused products (RFP Nos. 89, 90); documents related or referring to the '926 Patent (RFP Nos. 91-95); documents related to any alleged non-infringing substitutes related to the '926 Patent (RFP No. 96); any documents related to Coleman's damages calculations regarding Coleman's infringement

of the '926 Patent. For all of these document requests, Coleman served boilerplate, general objections, and indicated that it would produce non-privileged responsive documents. (Exs. A, B.)

TWW is also entitled to discovery to support its defenses against Coleman's infringement allegations. The following categories of documents are at least relevant to TWW's defense against Coleman's patent infringement allegations: communications between Coleman and the named inventor on the '618 Patent (RFP No. 9); documents relating to conception of the Coleman Asserted Patent (RFP Nos. 12-14); documents related to marking of the Coleman Asserted Patent (RFP No. 17); documents related to prior art in connection with the '618 patent (RFP Nos. 27-30, 33, 31); any documents supporting Coleman's claim for any damages in this case (RFP Nos. 54, 55). For all of these document requests, Coleman served boilerplate, general objections, and indicated that it would produce non-privileged responsive documents. (Exs. A, B.)

Generally, Coleman has produced some sales data, data related to product specifications and model numbers, marketing analysis, data and presentations, testing documents, certain supplier agreements, asserted financial data, and box art. But Coleman's production remains substantially incomplete as described above. Additionally, Coleman has not provided a date certain by which it will complete its production of documents in this case which must occur prior to TWW deposing Coleman's witnesses. Courts in this circuit routinely reject discovery responses which fail to provide "a specific time, place and manner" by which compliance will be guaranteed. *See Daedalus Blue*, Ex. G, at *4 (quoting *NOA, LLC v. Khoury*, No. 5:14-cv-114, 2016 WL 4444770, at *6 (E.D.N.C. Aug. 23, 2016)). Coleman's responses failed to provide the requisite specificity and are deficient as a result.

9

Critically, as described above, Coleman did not rely upon any of its objections to withhold documents from production in this case. For each of TWW's RFPs, Coleman generally provided boilerplate unspecified objections followed by the representation that Coleman, "will conduct a reasonable search and will produce any non-privileged documents responsive to this request." (Exs. A, B.) Accordingly, Coleman has no basis upon which it can rely on any of its objections in an attempt to justify its failure to produce documents in this case.

Even if Coleman were to argue that it has a basis to withhold any responsive documents on the basis of its objections, there is no room for dispute that TWW is entitled to the discovery that it seeks in this case. *See, e.g.*, *SwimWays Corp. et al. v. Zuru, LLC*, No. 2:13-cv-00334, 2014 U.S. Dist. LEXIS 195728, at *3 (E.D. Va. July 1, 2014) (granting motion to compel production of a party's confidential settlement agreement concerning the same accused products); *Certusview Techs., LLC v. S & N Locating Servs., LLC et al.*, No. 2:13-cv-00346, Dkt. 116, at *4-5 (E.D. Va. Apr. 18, 2014) (granting motion to compel regarding defendant's non-infringement theories) (attached hereto as Exhibit H); *Humanscale Corp. v. CompX Int'l Inc., et al.*, No. 3:09-cv-00086, 2009 U.S. Dist. LEXIS 120197, at *8-9 (E.D. Va. Dec. 24, 2009) (granting defendant's motion to compel plaintiff's sales data, plaintiff's potential defenses, document retention policies, and the marketing and development of products); *see also Eli Lilly And Co., et al. v. Perrigo Co., et al.*, 2015 U.S. Dist. LEXIS 196443, at *3-6 (S.D. Ind. Apr. 13, 2015) (granting in part motion to compel patentee to produce sales, advertising and marketing materials); *Apple Inc. v. Samsung Elecs. Co. Ltd.*, 2013 U.S. Dist. LEXIS 53409, at *5-6 (N.D. Cal. Apr. 12, 2013) (granting accused infringer's motion to compel patentee to produce pricing strategy material since the material could be relevant to rebutting the patentee's damages theory); *Panduit Corp. v. Stahlin Bros. Fibreworks, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978); *Georgia-Pacific Corp. v. United States Plywood Corp.*,

318 F. Supp. 1116, 1119-20 (S.D.N.Y. 1970), *modified and aff'd*, 446 F.2d 295 (2d Cir.) (commercial success a factor in determining reasonable royalty damages). Accordingly, TWW respectfully requests the Court to order Coleman to produce all documents responsive to TWW's discovery requests.

### B. The Court Should Compel Coleman to Respond to TWW's Interrogatories.

Coleman's interrogatory responses are largely devoid of any relevant information to which TWW is entitled. For Interrogatory Nos. 3 and 7, Coleman relies on a blanket non-answer assertion that Coleman will supplement their interrogatory response at some unspecified date in the future. (Ex. F at 3-4, 6-7). Coleman's responses are unacceptable and must be supplemented. *See SwimWays Corp.*, 2014 U.S. Dist. LEXIS 195728, at *1 ("The fact that expert discovery… may eventually bear on issues addressed by initial discovery does not excuse a party from timely responding to properly phrased requests with the information available."); *Certusview Techs.*, Ex. H, at *4 (granting motion to compel interrogatory responses regarding defendant's noninfringement theories).

The similar is true for Interrogatory No. 2, in which TWW requested Coleman to "describe in detail the facts and circumstances surrounding the first public disclosure of each alleged invention[.]" In response, Coleman simply identified the issue date of the '618 Patent and stated that it is "conducting a reasonable search and reserves the right to supplement [the] response, if necessary." (Ex. F. at 2-3). This non-answer fails to provide any responsive information to which TWW is entitled. Further, to date, Coleman has failed to supplement its response. *See Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (*en banc*) (affirming entry of sanction for failure to supplement answers to interrogatories). TWW still is without any

11

information surrounding the complete "facts and circumstances surrounding the first public disclosure of each alleged invention[.]"

Coleman provided a similar nonresponsive answer with a vague promise to supplement its non-answer to TWW's Interrogatory No. 5. TWW requested Coleman to respond fully and completely, "For each of the '618 Accused Products, identify (a) which Coleman Asserted Claim You allege such product infringes; (b) where each element of each Coleman Asserted Claim is found within each such product; and (c) whether each element of each Coleman Asserted Claim is claimed to be literally present or present under the doctrine of equivalents in each such product." (Ex. F at p. 5). The requested information is crucial as it would allow TWW to properly respond to Coleman's patent infringement claims against TWW. Despite the importance of the information sought by TWW, Coleman provided a response completely devoid of information. It stated that "Coleman incorporates by reference its identification that each element of the asserted claims of '618 Patent are met by the '618 Accused Products." (*Id.* at p. 6). This response is entirely unhelpful, leaving TWW to speculate Coleman's infringement claims against TWW.

TWW's Interrogatory No. 14 requested basic information on the sales of Coleman products accused of infringing TWW's '926 Patent: "For each of the '926 Accused Products, …, provide all financial information for the '926 Time Period …, including the buyer or person to whom You made each sale, the cost, the price of sale, the number of units sold, and the net profits, on a monthly-basis." Coleman's original response to this Interrogatory just deferred its response. (Ex. ___.) On April 21, 2021, Coleman supplemented its response to Interrogatory No. 14 and provided only revenue and units data for sales from 2016-2020. Absent from Coleman's response is any identification of the buyer for each sale, the cost, the price of sale, and the net profits. Moreover, Coleman has failed to provide any sales data for November 11, 2014 (the start of the "'926 Time

Period") through 2015 and for 2021. This financial information is critical to TWW's damages case.

Accordingly, TWW requests this Court to compel Coleman to respond fully and completely to Interrogatory Nos. 2, 3, 5, 7 and 14. *See Centripetal Networks, Inc. v. Cisco Sys., Inc.*, No. 2:18-cv-00094, Dkt. 127, at *4 (E.D. Va. Dec. 11, 2019) (granting defendant's motion to compel a further contention interrogatory response because plaintiff failed to identify which specific products or combinations of products allegedly meet the limits of the patent claims at issue and because plaintiff's response contains broad "umbrella terms" that are undefined, prohibiting defendant from adequately preparing its case when defendant should be put on notice as to what plaintiff believes infringe its patents) (attached hereto as Exhibit I); *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012) ("[C]ontention interrogatories – like the interrogatory here – serve an important purpose in helping to discover the facts supporting the theories of the parties [and] serve to narrow and sharpen the issues thereby confining discovery and simplifying trial preparation[.]").

### C. Coleman's Failure to Produce Responsive Documents Necessitated this Motion, and Accordingly, TWW Should be Reimbursed by Coleman for All Attorneys' Fees and Costs Associated with This Motion.

Defendant must be awarded their expenses incurred in bringing this motion, including attorneys' fees, unless "(i) [Defendant] filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) [Plaintiff's] nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A); *Flame Glory Wealth Shipping Pte Ltd. v. Indus. Carriers, Inc.*, No. 2:13-CV-658, 2014 U.S. Dist. LEXIS 190377, at *4 (E.D. Va. Apr. 30, 2014) (granting

motion to compel attorneys' fees, finding withholding party's position was not substantially justified).

Here, Coleman has no viable justification for its failure to produce the highly relevant discovery Defendant seeks. TWW has made good faith attempts to obtain the discovery that is the subject of this Motion without judicial intervention. Nonetheless, Coleman has refused to produce basic discovery, prejudicing Defendant's ability to defend this case. Without relevant discovery and with less than a month until close of discovery, TWW is severely stunted in its abilities to depose relevant witnesses and prepare its defenses against Coleman's allegations. Further, Coleman's refusal to comply with its discovery obligations has forced TWW to expend additional and unnecessary costs and resources in order to seek Coleman's compliance. As Coleman cannot justify in any way its failure to produce highly relevant discovery, Defendant TWW requests the Court award TWW their attorneys' fees and costs.

## V.  CONCLUSION

For the foregoing reasons, Defendant TWW respectfully requests that the Court enter an Order compelling Coleman to produce all documents responsive to TWW's First Set of Document Requests and awarding Defendant its attorneys' fees and costs associated with this Motion.

Respectfully submitted,

Dated: May 14, 2021

By: /s/_____
William R. Poynter (VSB No. 48672)
David Sullivan (VSB No. 45027)
KALEO LEGAL
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Phone: 757.238.6383
Fax: 757.304.6175
wpoynter@kaleolegal.com
dsullivan@kaleolegal.com

J. Michael Woods (pro hac vice)

**RuyakCherian LLP**
1901 L St. NW, Suite 700
Washington, DC 20036
Telephone: (202) 838-1560
michaelw@ruyakcherian.com

Of Counsel:

Korula Cherian
**RuyakCherian LLP**
1936 University Ave., Ste. 350
Berkeley, CA 94702
Telephone: (510) 944-0190
sunnyc@ruyakcherian.com

*Attorneys for Team Worldwide Corporation*

15

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and the counsel of record are being served with a copy of this document via electronic mail on May 14, 2021.

By: /s/_____

William R. Poynter (VSB No. 48672)
David Sullivan (VSB No. 45027)
KALEO LEGAL
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Phone: 757.238.6383
Fax: 757.304.6175
wpoynter@kaleolegal.com
dsullivan@kaleolegal.com