IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| The Coleman Company, Inc., <br><br> *Plaintiff/Counterclaim Defendant*, <br><br> v. <br><br> Team Worldwide Corporation, <br><br> *Defendant/Counterclaim Plaintiff* <br><br> and <br><br> Cheng-Chung Wang <br><br> *Counterclaim Plaintiff* | Civil Action No: 2:20cv351-RGD |

**MEMORANDUM IN SUPPORT OF DEFENDANT TEAM WORLDWIDE CORPORATION AND COUNTERCLAIM PLAINTIFF CHENG-CHUNG WANG'S MOTION FOR PROTECTIVE ORDER**

Defendant Team Worldwide Corporation and Counterclaim Plaintiff Cheng-Chung Wang (collectively "TWW") hereby submit the following Memorandum in Support of TWW's Motion for a Protective Order pursuant to Federal Rule of Civil Procedure 26 and this Court's Scheduling order of December 18, 2020, and requests that the Court quash Plaintiff The Coleman Company, Inc.'s ("Coleman") discovery requests issued fifty-seven days after the close of fact discovery in this matter. The parties met and conferred on September 7, 2021, but were unable to reach a resolution.

**I. INTRODUCTION**

On June 29, 2020, Coleman filed its Complaint against TWW alleging patent infringement. Discovery opened on November 23, 2020. (ECF No. 20). Pursuant to the Rule 16(b) Scheduling Order entered by this Court on December 18, 2020, the parties were to complete fact discovery on

or before May 28, 2021. (ECF No. 26). According to the Court's order, "completed" means that "interrogatories, requests for production, and requests for admission must be served at least thirty (30) days prior to the established completion date so that responses thereto will be due on or before the completion date" of May 28, 2021. (ECF No. 26). The Court further ordered that "[a]ll subpoenas for discovery shall be returnable on or before the completion date." *Id.* Despite this deadline, on July 20, 2021 - nearly two months after the close of written discovery - Coleman issued a notice, pursuant to Federal Rule of Civil Procedure 45, that it would serve a subpoena *duces tecum* on TWW's expert, Dr. Glenn Stevick with respect to a single topic: "documents sufficient to show the revenues received on matters in which Glen Stevick, Ph.D., P.E. has been retained as an expert witness by [TWW or counsel for TWW] on an annual basis or by matter, since 2015."[1] **Exhibit A.** Three days later, on July 23, 2021, Coleman served an additional interrogatory and request for production on TWW regarding the same subject matter. **Exhibits B and C.**[2]

II.  **ARGUMENT**

Federal Rule of Civil Procedure 26 provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…."

---

[1] TWW provides this information on the subpoena to Dr. Stevick to ensure the Court is fully informed about Coleman's actions on this issue. Under Rule 45(d), Dr. Stevick must seek any relief from the subpoena in the first instance from "the court for the district where compliance is required" which TWW understands to be the U.S. District Court for the Northern District of California. Notably, Coleman failed to serve Dr. Stevick with the subpoena until August 22, 2021, after both return dates listed in the subpoena (August 12, 2021, on the subpoena and August 20, 2021, on Attachment A to the subpoena) had already passed and almost three months after the close of fact discovery.

[2] As with Coleman's subpoena Coleman's discovery requests as written are not clear as to what Coleman is seeking. For example, Exhibit B states: "Identify all financial information regarding the revenues paid on matters in which Glen Stevick, Ph.D., P.E. has been retained as an expert witness by Team Worldwide Corporation ("TWW") on an annual basis or by matter, since 2015." TWW is unable to determine what "revenues" Coleman is referring to and whom the revenues were paid from and paid to.

Fed. R. Civ. P. 26. For good cause, the court may issue an order protecting a party or person "from annoyance, embarrassment, oppression, or undue burden or expense," including by "forbidding the disclosure or discovery." *Id.* While Coleman attempts to characterize the interrogatory and request for production as "expert" discovery, they fall squarely within the confines of fact discovery and were served two months late on TWW.

### A. The protective order should be granted given Coleman's extensive delay in pursuing discovery.

In *United States v. Juxtopia, LLC*, the court granted the plaintiff's motion for a protective order with respect to discovery served by defendants a mere two days late. *United States v. Juxtopia, LLC*, No. 1:17-cv-1071 (AJT/JFA), 2018 WL 3028610, at *2 (E.D. Va. Mar. 5, 2018). The court explained that, even though defendants argued the plaintiff failed to show good cause and there was no need to protect the plaintiff from annoyance, embarrassment, oppression, or undue burden or expense, "defendants fail[ed] to recognize that in order for the court to modify the dates set in the initial order, the joint discovery plan, and the Rule 16 scheduling order, there has to be good cause for doing so." *Id.* The court held that plaintiff had shown good cause for a protective order and that defendants had failed to demonstrate good cause for modifying the scheduling order, stating that "[t]he argument that they are only seeking an enlargement of a few days and that the opposing side will not be substantially harmed is not a showing of good cause." *Id.*

Coleman will be unable to explain why it delayed more than two months in issuing the additional discovery requests. While expert disclosures were not required to be made until May 27, 2021, nothing precluded Coleman from issuing an interrogatory or request for production that did not specifically name TWW's expert such that the response to the request would be due within the fact discovery period as required by the Court's Order. (ECF No. 26). Coleman could have

defined "expert" as any expert identified by TWW in the course of the litigation, but it failed to do so. In addition, on February 18, 2021, TWW disclosed Dr. Stevick as a claim construction expert, so Coleman was well aware that Dr. Stevick was serving as an expert in this litigation. (See ECF No. 48).

To the extent Coleman argues that its discovery requests are timely because Coleman has characterized the interrogatory and request for production as expert discovery to which the later August 23, 2021, expert discovery deadline set forth in the scheduling order allegedly applies, that is incorrect. Simply because the interrogatory and request for production seek information related to an expert does not permit Coleman to serve written discovery two months after the written discovery deadline. Furthermore, information regarding prior litigation is beyond the requirements of what the expert must disclose pursuant to Federal Rule of Civil Procedure 26(a)(2). Such information does not fall within the disclosures and discovery required by paragraph 2 of this Court's Rule 16(b) Scheduling Order. Information not required to be disclosed in expert discovery pursuant to FRCP 26(a)(2) must be sought by counsel through fact discovery. *See, e.g.*, *Izzo v. Wal-Mart Stores, Inc.*, No. 215CV01142JADNJK, 2016 WL 593532, at *2 (D. Nev. Feb. 11, 2016) ("Rule 26(a)(2)(B) governs only disclosure in expert reports and does not preclude parties from obtaining further information through ordinary discovery tools.").

Coleman cannot explain its failure to seek the discovery at issue prior to the close of fact discovery in May 2021. As such, TWW respectfully requests that this Court issue a protective order.

   **B.** **The discovery sought is irrelevant to any party's claim or defense and not proportionate to the needs of the case.**

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional

to the needs of the case….'' Here, Coleman seeks revenue information on matters unrelated to the current litigation. Such matters are not relevant to "any party's claim or defense" and Coleman has made no showing of why such information would be relevant.

Whether Dr. Stevick has received compensation for matters outside of this case is not relevant to any party's claim or defense. This information has no bearing on Dr. Stevick's opinions in this matter and the basis for those opinions. Dr. Stevick complied with Rule 26(a)(2)(B) in his expert reports which requires a written report to provide, *inter alia*, "a statement of the compensation to be paid for the study and testimony in the case" and a "list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition," Any information *relevant to* Dr. Stevick's qualifications, opinions, and the basis for those opinions could have been discovered by Coleman. The specific revenues paid to Dr. Stevick for all other matters since 2015, if that is what Coleman is actually seeking, is *irrelevant* to any claim or defense and disproportionate to the needs of this matter.

### III.   CONCLUSION

TWW respectfully requests that its Motion for a Protective Order be granted because (1) Coleman's First Set of Requests for Production of Documents Relating to Expert Discovery to TWW (No. 1) and First Set of Interrogatories Relating to Expert Discovery to TWW (No. 1) are so late, (2) Coleman cannot explain why such requests were served two months after close of fact discovery, and (3) the discovery sought is irrelevant.

Dated: September 7, 2021

                                                              Respectfully submitted,

                                                              By:  /s/ Alexandra M. Gabriel
                                                              Alexandra M. Gabriel (VSB No. 89185)
                                                              William R. Poynter (VSB No. 48672)
                                                              David Sullivan (VSB No. 45027)
                                                              KALEO LEGAL

        4456 Corporation Lane, Suite 135
        Virginia Beach, VA 23462
        Phone: 757.238.6383
        Fax: 757.304.6175
        agabriel@kaleolegal.com
        wpoynter@kaleolegal.com
        dsullivan@kaleolegal.com

        Korula Cherian (pro hac vice)
        Robert Harkins (pro hac vice)
        **RuyakCherian LLP**
        1936 University Ave., Ste. 350
        Berkeley, CA 94702
        Telephone: (510) 944-0190
        sunnyc@ruyakcherian.com
        bobh@ruyakcherian.com

        Thomas M. Dunham (pro hac vice)
        J. Michael Woods (pro hac vice)
        **RuyakCherian LLP**
        1901 L St. NW, Suite 700
        Washington, DC 20036
        Telephone: (202) 838-1560
        tomd@ruyakcherian.com
        michaelw@ruyakcherian.com

        *Attorneys for Team Worldwide Corporation*
        *and Cheng-Chung Wang*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing on September 7, 2021, with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all registered users.

By: /s/ Alexandra M. Gabriel
Alexandra M. Gabriel (VSB No. 89185)
KALEO LEGAL
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Phone: 757.238.6383
Fax: 757.304.6175
agabriel@kaleolegal.com
