# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| THE COLEMAN COMPANY, INC., <br><br> *Plaintiff/Counterclaim Defendant,* <br><br> v. <br><br> TEAM WORLDWIDE CORPORATION, <br><br> *Defendant/Counterclaim Plaintiff.* | C.A. No: 2:20-cv-351-RGD <br><br> **JURY TRIAL DEMANDED** |

## NOTICE OF SUBPOENA TO A NONPARTY

Pursuant to Fed. R. Civ. P. 45, please take notice that Plaintiff will serve the attached Subpoena to Produce Documents on Nonparty Glen Stevick, Ph.D., P.E.

| | |
|---|---|
| Dated: July 20, 2021 | MEUNIER CARLIN AND CURFMAN LLC <br><br> /s/ David S. Moreland <br> John W. Harbin (pro hac vice) <br> David S. Moreland (pro hac vice) <br> Warren J. Thomas (pro hac vice) <br> MEUNIER CARLIN & CURFMAN LLC <br> 999 Peachtree Street NE, Suite 1300 <br> Atlanta, Georgia 30309 <br> (404) 645-7700 <br> jharbin@mcciplaw.com <br> dmoreland@mcciplaw.com <br> wthomas@mcciplaw.com <br><br> R. Braxton Hill, IV (VSB 41539) <br> Michael W. Smith (VSB 01125) <br> CHRISTIAN & BARTON LLP <br> 901 East Cary Street, Suite 1800 <br> Richmond, Virginia 23219 <br> (804) 697-4108 <br> bhill@cblaw.com <br> msmith@cblaw.com <br><br> *Attorneys for Plaintiff/Counterclaim Defendant* |

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

| | |
|---|---|
| THE COLEMAN COMPANY,<br><br>*Plaintiff/Counterclaim Defendant,*<br><br>v.<br><br>TEAM WORLDWIDE CORPORATION,<br><br>*Defendant/Counterclaim Plaintiff.* | C.A. No: 2:20-cv-351-RGD<br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2021, I served the foregoing Notice of Subpoena to a Nonparty via electronic mail to the following counsel of record:

William R. Poynter (VSB No. 48672)
David Sullivan (VSB No. 45027)
Alexander M. Gabriel (VSB No. 89185)
**KALEO LEGAL**
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Phone: 757.238.6383
Fax: 757.304.6175
wpoynter@kaleolegal.com
dsullivan@kaleolegal.com
agabriel@kaleolegal.com

Korula Cherian
**RUYAKCHERIAN LLP**
1936 University Ave., Ste. 350
Berkeley, CA 94702
Telephone: (510) 944-0190
sunnyc@ruyakcherian.com

J. Michael Woods
Thomas Mark Dunham
**RUYAKCHERIAN LLP**
1901 L St. NW, Suite 700
Washington, DC 20036
Telephone: (202) 838-1560

2

michaelw@ruyakcherian.com
tomd@ruyakcherian.com

/s/ David S. Moreland
David S. Moreland (pro hac vice)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| THE COLEMAN COMPANY <br> *Plaintiff* <br> v. <br> TEAM WORLDWIDE CORPORATION <br> *Defendant* | ) ) ) ) ) ) )  Civil Action No. 2:20-CV-351-RGD |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Glen Stevick, Ph.D., P.E., Berkeley Engineering and Research, Inc., 808 Gilman Street, Berkeley, CA 94710

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A SUBMITTED HERETWITH

| Place: Meunier Carlin & Curfman LLC <br> c/o TSG Reporting, 580 California St., 12th Floor <br> San Francisco, California 94104 | Date and Time: <br> 08/12/2021 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/20/2021

*CLERK OF COURT*

OR

_____    /S/ DAVID S. MORELAND
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __PLANTIFF__ , who issues or requests this subpoena, are:

David S. Moreland dmoreland@mcciplaw.com; 404-645-7700; 999 Peachtree Street, Ste. 1300, Atlanta GA 30309

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:20-CV-351-RGD

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Glen Stevick, Ph.D., P.E.
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:20-cv-00351-RGD-LRL   Document 118-1   Filed 09/07/21   Page 7 of 10 PageID# 1927

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| THE COLEMAN COMPANY, | |
| Plaintiff/Counterclaim Defendant, | C.A. No: 2:20-cv-351-RGD |
| v. | |
| TEAM WORLDWIDE CORPORATION, et al., | **JURY TRIAL DEMANDED** |
| Defendant/Counterclaim Plaintiff. | |

ATTACHMENT A: NON-PARTY REQUEST FOR PRODUCTION
OF DOCUMENTS RELATED TO DAMAGES

TO:   Glen Stevick, Ph.D., P.E.
      Berkeley Engineering and Research, Inc.
      808 Gilman Street
      Berkeley, CA 94710

Pursuant to Rule 34 and 45 of the Federal Rules of Civil Procedure, you are hereby requested to produce documents in your possession, custody, or control relating to the topics set forth below. This request does not include materials protected by the attorney-client privilege. However, Coleman requests a privilege log if such materials exist. Please produce documents, e-mails, and communications within your possession, custody or control in accordance with the following topics:

1. Documents sufficient to show the revenues received on matters in which Glen Stevick, Ph.D., P.E. has been retained as an expert witness by Team Worldwide Corporation ("TWW"), or by counsel for TWW (RuyakCherian LLP), on an annual basis or by matter, since 2015.

1

## DEFINITIONS

The term "documents" as used in the above designation means all original writings of any kind or nature and all non-identical copies thereof in your actual or constructive possession, custody or control regardless of where located, includes, but is not limited to writings, contracts, records, files, tape recordings, voicemails, correspondence, communications, summaries, notes (including summaries or notes of conversations), diaries, telegrams, memoranda, text messages, emails, instant messages, and all other documents within the meaning of Rule 34 of the Federal Rules of Civil Procedures.  In any case where the original or a non-identical copy is not available, the term "documents" includes an identical copy of an original, or when a copy of a non-identical copy is not available, the term "documents" includes an identical copy of an original or a copy of a non-identical copy or a true and accurate electronic copy. Any document bearing notations, markings or writings of any kind different from the original shall be treated as an original document.

"This litigation" or "this lawsuit" refers to *The Coleman Company, Inc. v. Team Worldwide Corporation, et al.*, case number 2:20-cv-00351, pending in the Eastern District of Virginia, Norfolk Division.

## TIME, MANNER AND PLACE OF PRODUCTION

Please produce the documents for inspection at our offices or by sending copies to the undersigned, within a reasonable time, but not later than 5:00 p.m. on August 20, 2021. The reasonable cost of copying will be reimbursed. DOCUMENTS MAY BE EMAILED TO DMORELAND@MCCIPLAW.COM OR FAXED TO (404)645-7707 OR SENT VIA FIRST-CLASS MAIL.

Dated: July 20, 2021          MEUNIER CARLIN AND CURFMAN LLC

<u>/s/ David S. Moreland</u>
John W. Harbin (pro hac vice)
David S. Moreland (pro hac vice)
Warren J. Thomas (pro hac vice)
Meunier Carlin & Curfman LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
(404) 645-7700
jharbin@mcciplaw.com
dmoreland@mcciplaw.com
wthomas@mcciplaw.com

R. Braxton Hill, IV (VSB 41539)
Michael W. Smith (VSB 01125)
CHRISTIAN & BARON, LP
909 East Main Street, Suite 1200
Richmond Virginia 23219
(804) 697-4100
bhill@cblaw.com
msmith@cblaw.com

*Attorneys for Plaintiff*