UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| THE COLEMAN COMPANY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TEAM WORLDWIDE CORPORATION ) <br> ) <br> Defendant. ) <br> ) | Case No. 2:20-cv-351 |

## ORDER

Before the Court are Defendant Team Worldwide Corporation's ("Defendant") Motion for a Protective Order and Plaintiff The Coleman Company, Inc.'s ("Plaintiff") Motion to Compel. ECF Nos. 117, 120. Defendant's Protective Order seeks to quash Plaintiff's discovery requests regarding past compensation of expert witness Dr. Glen Stevick on the grounds that the requested discovery is factual discovery and therefore irrelevant and late, because it was submitted nearly two months after the close of fact discovery. ECF No. 118 at 1. Plaintiff filed a memorandum in opposition. ECF No. 125. Defendant filed a reply brief. ECF No. 128. Relatedly, Plaintiff filed a Motion to Compel regarding the same discovery requests. ECF No. 119. Therein, Plaintiff seeks to require Defendant to produce responses to discovery requests concerning Dr. Stevick's past compensation for expert testimony on behalf of Defendant, arguing that the requested discovery is probative of possible bias and falls under expert discovery, making it a timely request. ECF No. 120. Defendant filed a memorandum in opposition to Plaintiff's motion. ECF No. 127. Plaintiff filed a reply. ECF No. 130. For the reasons explained below, Defendant's Motion for a Protective order, ECF No. 117, is **DENIED**, and Plaintiff's Motion to Compel, ECF No. 119 is **GRANTED**.

On July 23, 2021, Plaintiff submitted an interrogatory and request for production of documents seeking interrogatory answers and documents regarding Defendant's compensation to expert witness Dr. Glen Stevick for past testimony he has given in support of Defendant's litigation since 2015.[1] ECF No. 118, attach. 2 at 2–3; ECF No. 118, attach. 3 at 2–3. Defendant contends that the request falls under factual, not expert, discovery and is therefore untimely because it was submitted on July 23, 2021, well after the scheduled close of factual discovery on May 28, 2021. ECF No. 118 at 1–2. Further, Defendant contends that Plaintiff's request for discovery regarding the witness's past compensation is irrelevant to the case at hand because it provides information about past compensation, and such information is disproportionate to the needs of the case. ECF No. 118 at 4–5.

Plaintiff argues that the Scheduling Order, ECF No. 26, made a clear provision for submission of *expert* discovery, which was not due until August 23, 2021, nearly three months after the close of factual discovery, and therefore the request was timely. ECF No. 125 at 1. Plaintiff further argues that the request is relevant, and has probative value to demonstrate potential bias.

The Scheduling Order in this case declared that "[d]iscovery shall be commenced timely and, *except as to expert witnesses*, shall be completed by plaintiff(s) and by defendant(s) on or before May 28, 2021." ECF No. 26 at 2 (emphasis added). The Scheduling Order also declared that "[a]ll discovery of experts . . . shall be concluded on or before August 23, 2021." *Id.*

The plain language of the Scheduling Order distinguishes between factual discovery and discovery "as to expert witnesses." ECF No. 26 at 2. Factual discovery therefore captures all

---

[1] Plaintiff deposed Dr. Stevick, but contends that Dr. Stevick "was unable to even estimate the amount he (or more precisely, the consulting firm that he is the majority owner of) was paid—including professing he did not know whether he'd been paid more than one million dollars for his work by [Defendant]." ECF No. 120 at 4.

2

discovery in the case that does not relate to expert witnesses or the deposition of those witnesses. *Id.* Defendant argues that requests for production *related* to an expert witness fall under factual discovery as they are not required to be disclosed in expert discovery. ECF No. 118 at 4 (citing Fed. R. Civ. P. 26(a)(2)). Defendant further contends that Plaintiff had "the opportunity for 'full discovery'" during factual discovery and did not employ the "ordinary discovery tools" available to it during that period. ECF No. 128 at 2. However, compensation of experts may be information relevant to inquiry into potential biases and falls within the delineation of "expert" discovery because it is related to an expert witness.[2] *See Bluestone Coal Corp. v. CNX Land Res., Inc.*, No. 1:07-00549, 2009 WL 1942435, at *2 (S.D.W. Va. July 1, 2009) ("It is well-settled that the amount of an expert's compensation is relevant to bias."). As Plaintiff accurately notes, the Advisory Committee Notes to the 2010 amendment of Federal Rule of Civil Procedure 26 clearly indicate that expert discovery may reach beyond what is required in disclosure, and indeed that reach is the purpose of discovery.

Therefore, since Plaintiff's discovery requests falls within the scope of *expert* discovery and not *factual* discovery, Plaintiff's submission of its request on July 20, 2021, fell well within the limits set by the Scheduling Order, ECF No. 26, in which expert discovery closed on August 23, 2021. Plaintiff's request was timely.

Defendant also contends that Plaintiff's discovery request was irrelevant and not proportional to the needs of the case. ECF No. 118 at 4–5. Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is

---

[2] Defendant attempts to distinguish between discovery that is "related to" expert witnesses and discovery that directly involves expert witnesses, claiming that "[s]imply because the interrogatory and request for production seek information related to an expert does not permit [Plaintiff] to serve written discovery two months after the written discovery deadline." ECF No. 118 at 4. However, the scheduling order does not require Plaintiff to issue discovery requests related to experts before the written discovery deadline and sets a separate deadline for *all* expert discovery, *see* ECF No. 26 at 2, within which, Plaintiff submitted these requests.

3

relevant to the party's claim or defense and proportional to the needs of the case." Defendant attempts to characterize discovery's relevance as only that discovery which is "[related] to the current litigation," ECF No. 118 at 5; however, Plaintiff correctly asserts that direct relation to the matter at hand does not prohibit discovery to requests for information beyond the disclosure requirement. ECF No. 125 at 2. Generally speaking, therefore, matters beyond the particulars of the instant case are not automatically precluded from discovery. Because Plaintiff's request relates to a potential source of bias from a Defendant's witness, the request covers potentially probative past witness compensation in similar matters. Moreover, Defendant wholly failed to demonstrate why the requested information is not proportionate to the needs to the case, as it offered no explanation or basis for why producing the requested financial information would be burdensome, oppressive, or otherwise problematic. As a result, the Court **FINDS** that Plaintiff's discovery request is both relevant and proportional to the needs of the case.

In sum, Plaintiff's discovery request to obtain information regarding the compensation of Defendant's expert witness Dr. Stevick falls within the scope of expert discovery and is therefore timely; and Plaintiff's request is relevant and proportional to the needs of the case. Accordingly, Defendant's Motion for a Protective Order, ECF No. 117, is **DENIED**. Further, Plaintiff's Motion to Compel, ECF No. 119, is **GRANTED**. Defendant is **ORDERED** to respond to Plaintiff's Request for Production and Interrogatory within 14 days of the date of this Order.

The Clerk is **DIRECTED** to forward this Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
October 18, 2021

4