**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| The Coleman Company, Inc.,                ) | |
| ) | |
|    *Plaintiff/Counterclaim Defendant*,    ) | |
| ) | |
| v.                                                             ) | Civil Action No: 2:20cv351-RGD-RJK |
| ) | |
| Team Worldwide Corporation,            ) | |
| ) | |
|    *Defendant/Counterclaim Plaintiff*     ) | |
| ) | |
| and                                                          ) | |
| ) | |
| Cheng-Chung Wang                          ) | |
| ) | |
|    *Counterclaim Plaintiff*                    ) | |
| _____ ) | |

**TEAM WORLDWIDE CORPORATION AND CHENG-CHUNG WANG'S
OPPOSITION TO PLAINTIFF THE COLEMAN COMPANY, INC.'S MOTION TO
EXCLUDE AND STRIKE OPINIONS OFFERED BY DR. GLEN STEVICK**

# EXHIBIT A

1

Page 1

```
 1                UNITED STATES DISTRICT COURT

 2                EASTERN DISTRICT OF VIRGINIA

 3

 4   THE COLEMAN COMPANY, INC.,    )
                                   )
 5              Plaintiff,         )
                                   )
 6        vs.                      ) No. 2:2020cv00351
                                   )
 7   TEAM WORLDWIDE CORPORATION,   )
                                   )
 8              Defendant.         )
     _____)
 9

10

11

12      VIDEO-RECORDED VIDEOCONFERENCE DEPOSITION OF

13                   GLEN STEVICK, PhD

14               FRIDAY, AUGUST 20, 2021

15

16

17

18

19

20

21

22   REPORTED BY:

23   MARLA SHARP, RPR, CLR, CCRR, CA CSR 11924,

24   OR CSR 17-0446, UT CSR 11917368-7801

25   JOB NO. 198265
```

Page 2

1
2
3
4
5                    August 20, 2021
6                    9:02 a.m. PDT
7
8
9        Video-recorded videoconference
10  deposition of GLEN STEVICK, PhD, held
11  remotely via Zoom pursuant to agreement
12  before Marla Sharp, a stenographic
13  reporter certified in California,
14  Oregon, and Washington.
15
16
17
18
19
20
21
22
23
24
25

Page 7

1                FRIDAY, AUGUST 20, 2021

2                    9:02 A.M. PDT

3           THE VIDEOGRAPHER:  We are now on the
4  record.  The time is 9:02 a.m.
5           This is the video-recorded deposition of
6  Glen Stevick, PhD, on August 20th, 2021, in the
7  matter of Coleman Company -- The Coleman Company
8  Inc. versus Team Worldwide Corporation in the United
9  States District Court, Eastern District of Virginia,
10 Case No. 2:2020cv00351.
11          My name is Vladimir Korneychuk,
12 videographer with TSG Reporting.  The court reporter
13 is Marla Sharp, also with TSG Reporting.
14          Due to the severity of the COVID-19 and
15 following the practice of social distancing, I will
16 not be in the same room with the witness.  Instead,
17 I will record this videotaped deposition remotely.
18          The court reporter also will not be in the
19 same room and will swear the witness remotely.
20          Counsel will now state their appearances
21 for the record and stipulate to the validity of this
22 remote video recording and remote swearing.
23          MR. HARBIN:  John Harbin with Meunier
24 Carlin & Curfman representing The Coleman Company.
25 With me is Lee Hamilton.

Page 8

```
 1            MR. HARKINS:  And Robert Harkins of
 2   RuyakCherian LLP for Team Worldwide and the
 3   deponent.
 4            THE VIDEOGRAPHER:  Thank you.
 5            Would the court reporter please swear in
 6   the witness.
 7                    GLEN STEVICK, PhD,
 8        called as a witness, having been duly
 9        sworn by the certified shorthand
10        reporter, was examined and testified as
11        follows:
12            THE COURT REPORTER:  Thank you.
13            Counsel, please proceed.
14                    EXAMINATION
15   BY MR. HARBIN:
16       Q    Dr. Stevick, would you state your full
17   name, please.
18       A    Sure.  It's Glen Stevick.
19       Q    Okay.  And we have met before.  But, for
20   the record, I'm John Harbin.  I'll be asking you
21   some questions about background -- your opinions and
22   background information.
23            You've given depositions before, correct?
24       A    Yes, sir.
25       Q    Can you approximate how many times you've
```

Page 253

1  not grabbed in use.  And it's a highly deformable
2  apparatus.  It's an inflatable bed.  So when you
3  grab it, you deform it and change the characteristic
4  of that peripheral air bag.
5      Q    Let's talk about your manometer test.
6      A    Sure.
7      Q    You conducted it by placing one end of the
8  tube underneath the air mattress?
9      A    Correct.
10     Q    What does the manometer test measure?
11     A    It shows that you get a high pressure when
12 you get on, forcing air out.  And when you move, get
13 off, that corresponds to when you reverse the load
14 on a suction cup.  You pull a vacuum.
15     Q    Sir, in fairness, as engineering, a
16 manometer measures pressure changes, correct?
17     A    Yes.
18     Q    Okay.  A manometer does not test for
19 airflow, correct?
20     A    No.  But we know that air flows from high
21 pressure to low pressure.
22     Q    Okay.
23     A    So we know -- in fact, many flowmeters are
24 actually based on calibration of a preference
25 difference test.

Page 254

```
 1      Q    But based on the reading of a manometer,
 2 you do not actually know if air is going anywhere,
 3 correct?
 4      A    Oh, I disagree completely.
 5      Q    You don't know if air stays underneath the
 6 mattress or goes outside the mattress based solely
 7 on your manometer reading, correct?
 8      A    Incorrect.
 9      Q    And how is that incorrect?
10      A    The pressure changes.  You know that the
11 air had to flow to cause that change in pressure.
12      Q    But air can flow inside the air bag,
13 correct?
14      A    Air could flow where?
15      Q    Inside the air bag.
16      A    No.  You're measuring the pressure in the
17 air chamber versus outside.
18      Q    I can blow up a balloon and seal one end of
19 the manometer in the balloon, correct?
20      A    You could.
21      Q    And if I do that and press on the surface
22 of the balloon, the pressure reading on the
23 manometer will change, correct?
24      A    It could.
25      Q    And you agree that, if the balloon is
```

Page 282

1  an air mattress can be moved without compressing the
2  air bed walls?
3      A    No.  I disagree.  If you move dynamically
4  on an air bed, you can cause it to scoot.  And
5  that's one of the benefits of the suction cup is
6  that it tends to resist that.
7      Q    If you move on the air bed causing it to
8  scoot, that's going to compress the air bed walls,
9  isn't it?
10     A    I don't think so.  If you're in the center
11 of the bed or if you're on the edge and you tend to
12 tip it, that's when the suction cup will help you.
13     Q    Isn't it correct that any force applied
14 anywhere atop the mattress will cause the air bed
15 walls to be compressed?
16     A    I don't think so.  I think that it's
17 completely different when you're on the bed, inside
18 the peripheral air chambers, you're not putting a
19 point load like an attachment.  And that's
20 completely different.
21          MR. HAMILTON:  I think you're on mute,
22 John.
23          MR. HARBIN:  You hear me?
24          MR. HAMILTON:  Yes.
25 ///

1

2

3

4

5      I, GLEN STEVICK, PhD, having appeared

6  remotely for my video-recorded videoconference

7  deposition on August 20, 2021, hereby certify under

8  penalty of perjury under the laws of the United

9  States of America that the foregoing is true and

10 correct.

11         Executed this _____ day of _____

12 202__, at _____, _____.
                       (city)                (state)

13

14

15

16               _____

17                    GLEN STEVICK, PhD

18

19

20

21

22

23

24

25

Page 304

```
 1         CERTIFICATE OF CERTIFIED SHORTHAND REPORTER
 2            I, Marla Sharp, a stenographic reporter
 3   certified in California, Oregon, and Washington,
 4   hereby certify:
 5            That the foregoing video-recorded
 6   videoconference deposition of GLEN STEVICK, PhD, was
 7   taken remotely before me on August 20, 2021, at
 8   which time the witness was duly remotely sworn by
 9   me;
10            That the testimony of the witness and all
11   colloquy and objections made at the time of the
12   deposition were recorded stenographically by me and
13   thereafter transcribed, said transcript being a true
14   copy of my shorthand notes thereof;
15            That review of the transcript was neither
16   requested nor waived before completion of the
17   deposition; ( ) that the witness has failed or
18   refused to approve the transcript.
19            I further certify I am neither financially
20   interested in the action nor a relative or employee
21   of any attorney of any of the parties.
22            In witness whereof, I have subscribed my
23   name and signature this date, September 2, 2021.
                            *Marla Sharp*
24   _____
     Marla Sharp, RPR, CLR, CCRR,
25   OR CSR 17-0446, CA CSR 11924, WA CSR 3408
```