IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| THE COLEMAN COMPANY, INC.<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>TEAM WORLDWIDE CORPORATION,<br><br>Defendant/Counterclaim Plaintiff. | C.A. No: 2:20-cv-351-RGD |

**REPLY IN SUPPORT OF COLEMAN'S MOTION TO EXCLUDE AND STRIKE
CERTAIN OPINIONS OFFERED BY DR. GLEN STEVICK**

TWW cannot meet its burden to show that the opinions and testimony proffered for its infringement expert witness, Dr. Stevick, satisfy the requirements of *Daubert* and Rule 702. Because Dr. Stevick's unsupported, conclusory, and contradictory opinions are unreliable, they should be excluded.

**I.  Claim element 1g is a limitation and is irrelevant to Coleman's Motion to Exclude and Strike.**

As an initial point, TWW's opposition repeatedly argues that claim element 1g is not a limitation because it is a "whereby clause" that does not add structure to the claims, and is therefore not a limitation. This argument—asserted for the first time in response to Coleman's motion for summary judgment—is incorrect. As addressed in Coleman's reply brief in support of its motion for summary judgment as to non-infringement of TWW's '926 Patent, the 50-word "whereby clause" of the '926 Patent (element 1g of claim 1) adds structure to the claims and is material to patentability.[1]

---

[1] This issue is briefed in detail in Coleman's reply in support of its pending motion for summary judgment, filed contemporaneously with this reply. (ECF No. 176).

Notwithstanding this, whether claim element 1g is a limitation is irrelevant to the issues addressed in Coleman's motion to exclude. Rule 702 and *Daubert* require that all expert opinion testimony be reliable to be admissible. FRE 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, (1999). Thus, TWW cannot escape this Daubert motion by asserting that its expert's opinions are irrelevant to infringement. And if TWW were correct that element 1g is non-limiting, then Dr. Stevick's testimony is irrelevant and should be excluded under FRE 401 because TWW does not identify any other relevance to this testimony. So regardless of whether claim element 1g is a limitation, Dr. Stevick's testimony about claim element 1g should be excluded.

## II. Stevick's testimony is unreliable because it is self-contradictory and ignores the claim language.

### A. Dr. Stevick's testimony is self-contradictory and therefore unreliable.

Dr. Stevick's testimony contradicts his own expert report and therefore is unreliable. Coleman's opening brief shows how Dr. Stevick's testimony contradicts his report by comparing his report to the claim language and his own testimony. *See* Dkt. 142 at 7–8. For clarity, relevant sections of Dr. Stevick's report and deposition testimony are reproduced below.

| **Stevick '926 Report** | **Stevick Deposition** |
|---|---|
| 120. **When a person moves atop the airbed,** the person's weight applies a downward force to the airbed. This reduces the volume of the concave air bag, the space between the bottom sheet and the floor, and pushes the air out of the concave air bag. **This reduces the pressure inside the concave air bag and creates a vacuum**, fixing the bed to the floor. This generally describes the suction cup effect resulting from the airbed construction according to the '926 Patent claims.<br><br>Dkt. 143 ¶ 120. | Q. What does the manometer test measure?<br><br>A. **It shows that you get a high pressure when you get on**, forcing air out. And when you move, get off, that corresponds to when you reverse the load on a suction cup. You pull a vacuum.<br><br>Dkt. 142-1 at 253:10–14 |

2

In short, Dr. Stevick's report states that a vacuum is formed when a person "moves atop" the airbed. Dkt. 143 ¶ 120. But Dr. Stevick's deposition testimony states that there is a "high pressure" when the person "get(s) on" the airbed. Dkt. 142-1 at 253:10–14. High pressure is the opposite of a vacuum, and TWW agrees that this high pressure exists. *See* Dkt. 151 at 6. Despite this, TWW's brief goes so far as to accuse Coleman of "mischaracterizing" Stevick's testimony. Dkt. 151 at 6. But, as shown above, Coleman has not mischaracterized Dr. Stevick's testimony. Dr. Stevick's deposition testimony contradicts the language of his report (and the '926 Patent).

In fact, TWW's opposition brief fails to address this contradiction at all. In its brief, TWW never explains how Stevick's testimony is consistent with his report (it is not); the relevant section of TWW's opposition never cites the language of Dr. Stevick's report. *See generally* Dkt. 151 at 6. Instead of trying to explain the inconsistency, TWW's response brief merely quotes sections of Dr. Stevick's' deposition, without ever comparing them to the language of the report. *See id*. TWW has accordingly failed to show that Stevick's testimony is consistent, and therefore failed to show that this testimony is reliable.

> **B.     TWW's failure to rebut this inconsistency is fatal to Dr. Stevick's opinion that the Coleman products include claim element 1g.** *Boucher v. U.S. Suzuki Motor Corp.*, **73 F.3d 18, 22 (2d Cir. 1996) (holding that expert opinions that contradict the evidence must be excluded). Dr. Stevick's testimony contradicts the claim recitations and is therefore unreliable.**

Coleman's opening brief also shows how Dr. Stevick's testimony is inconsistent with the claim language. *See* Dkt. 142 at 7. TWW now tries to reconcile the contradiction by omitting the word "get off" from Dr. Stevick's deposition testimony, as shown in the below comparison.

| Dr. Stevick's Testimony[2] | TWW Opposition Brief[3] |
|---|---|
| "**you move, <u>get off</u>, that corresponds** to when you reverse the load on a suction cup" | He further stated that when the person on top of the airbed **moves "that corresponds** |

---

[2] Dkt. 142-1 at 12–14 *emphasis added*
[3] Dkt. 151 at 6, *emphasis added*

|  | to when you reverse the load on a suction cup." |
|---|---|

The term "get off," however, is important because claim element 1g expressly states the opposite: that the bed acts as a suction cup when the user "moves onto" (not "off") the top surface of the bed. *See* Dkt. 18-1 at 5:33–38. Thus, TWW's attempts to change the meaning of Dr. Stevick's testimony by omitting the words "get off" from that testimony fails. Stevick's testimony is inconsistent with the claim language. *Compare* Dkt. 18-1 at 5:33–38 to Dkt. 142-1 at 253:10–14.

TWW further argues that the suction cup only exists when a user "tips" the bed. *See* Dkt. 151 at 6. This argument is without merit. First this argument is irrelevant because claim 1 of the '926 Patent recites that the concave air bag acts as a suction cup when the user "moves onto" the air bed—not when a user "tip(s)" or rolls the bed. Dkt. 18-1 at 5:33–38. Second, Dr. Stevick admitted that he did not test for a suction effect during a "rollover" (what Stevick also refers to as a "tip"). *See* Dkt. 142-1 at 261:17–26212. So TWW has no proof that suction occurs when the there is a "tip" or "roll." Therefore, TWW's arguments about "tipping" are irrelevant to the reliability of Dr. Stevick's infringement opinions and unsupported by any evidence.

Stevick's testimony is that a "high pressure" exists when a person "get(s)" on, and "a vacuum" when the user gets off. But Stevick's report asserts (without support) the opposite. Such self-contradictory testimony is left unexplained by TWW's response, confirming that Dr. Stevick's testimony should be excluded under FRE 702. *Boucher*, 73 F.3d 18, 21.

### III. Dr. Stevick's opinions are speculative and conclusory because they fail to bridge the gap between his data and his conclusions.

Even if Dr. Stevick's internal contradictions were not fatal to his opinions, they should still be excluded because there is too great a gap between Dr. Stevick's opinions and data. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). When an expert fails to explain how the data is

connected to his or her opinions, exclusion is required. *ePlus, Inc. v. Lawson Software, Inc.*, 764 F. Supp. 2d 807, 815 (E.D. Va. 2011), *aff'd,* 700 F.3d 509 (Fed. Cir. 2012). Comparing Dr. Stevick's data to his opinions illustrates how Dr. Stevick's opinions are only linked to his data by his own "say-so"—not by any reliable methodology.

To start, Dr. Stevick's opinion is that the Coleman products are "fixed" to the support surface and therefore meet claim element 1g of the '926 Patent. The Claim Construction Order held that the plain and ordinary meaning of the term "fixing" applies. *See* Dkt. 71 at 23. And this Court provided examples of common definitions of fixing: "to fasten, make firm, or stable in position." *Id*. Dr. Stevick's report acknowledges and does not dispute the Court's claim construction order. *See generally* Dkt. 143 at ¶¶ 67–74. So, Dr. Stevick's conclusory opinion that the Coleman products are "fixed" must be based on a definition of "fixed" consistent with this Court's claim construction order.

But Dr. Stevick does not support this opinion. Dr. Stevick's only purported proof that the products are "fixed" (*i.e.*, fastened, made firm, or stable in position) is a set of unexplained videos showing fluid moving up and down in a manometer. *See* Dkt. 143 at 122. TWW's opposition does not dispute that these videos are Stevick's only data for his opinions about claim element 1g. *See* Dkt. 151 at 5–6. Yet these videos only show, at best, a momentary pressure increase or decrease somewhere about a Coleman airbed. Accordingly, such evidence does not and cannot prove that any Coleman product is fixed in position by a suction cup formed by the air bed. Further, because the videos fail to show any Coleman product being "fixed" in place, the only way to support Dr. Stevick's opinion that the Coleman beds are fixed in place is through expert analysis. But Dr. Stevick provides no reasoned analysis linking his opinion that the

5

Coleman beds are fastened, made firm, or stable, or otherwise "fixed. Three points illustrate this flaw.

First, the videos do not include any data showing that a suction effect exists or that a negative pressure was created. The manometer is not labeled with units of pressure, and the manometer is not labeled to show whether the pressure is positive or negative. So the manometer data cannot support an opinion about how much pressure was generated, or whether that pressure was a negative pressure (*i.e.* suction). Dr. Stevick and TWW have tacitly admitted this by failing to point to any quantified measurements of pressure or force in their brief. *See generally* Dkt. 151 at 6–7; *compare* Dkt. 135 at 6 to Dkt. 152 at 3 (admitting SMF #16 that TWW does not "quantify any amount of suction" relating to the alleged Coleman products).

Second, even assuming the videos show a negative pressure, the videos do not show that air is being ejected from the concave air bag to form a suction cup, as required by claim element 1g. *See* Dkt. 18-1 at 5:33–38. Despite TWW's assertions, Dr. Stevick admitted that a manometer does not measure air flow. Dkt. 142-1 at 18–21; *see also* Dkt. 142–1 at 254:21–255:5. So Stevick's only data on this point, the manometer videos, cannot support this conclusory expert opinion.

Third and finally, Dr. Stevick did not measure the area underneath the bed, a point that TWW's opposition does not dispute. *See generally* Dkt. 151. Since both pressure and area are required to calculate the force of a suction cup effect (*see* Dkt 142 at 13, Dkt. 142-3 at ¶ 100), it is impossible for Dr. Stevick to calculate that any suction force exists, much less show that the Coleman beds are "fixed" in place by that force. Indeed, TWW admits in response to Coleman's summary judgment motion on non-infringement that Dr. Stevick did not "quantify any amount of suction purportedly produced by any alleged structure of the Coleman products." *Compare* Dkt.

135 at 6 to Dkt. 152 at 3 (admitting SMF #16). As such, Dr. Stevick's conclusory assertions are unsupportable.

Despite these facts, TWW floats a red herring argument by asserting that Dr. Stevick's methodology is reliable because a manometer can be a reliable way to measure pressure. *See* Dkt. 151 at 6–7. However, this argument wildly misses the mark. The issue here is not whether a manometer can measure pressure, or whether pressure is even a scientific concept. Instead, the issue is *whether Dr. Stevick's manometer data reliably supports his opinion that the Coleman air beds are fixed in place according to this Court's Claim Construction Order*. As described above, Dr. Stevick's manometer data does not show that a suction force existed, much less that the force of suction was sufficient to "fix" a Coleman bed in place. So Dr. Stevick's methodology is unreliable because he does not explain how the movement of the manometer results in the "fixing" force that the claim requires and that he opines exists.[4] This gap between his data and conclusion is simply too great, warranting exclusion. *See Joiner*, 522 U.S. 136, 146; *Boucher*, 73 F.3d 18, 21.

### IV. TWW's response fails to show that Dr. Stevick applied a verifiable or falsifiable methodology.

Finally, Dr. Stevick failed to apply any verifiable or falsifiable methodology to determine whether the Coleman products infringed. This Court held that the plain and ordinary meaning of "fixing" applied and provided examples of fixing including "to fasten, make firm, or stable in position." Dkt. 71 at 23. Instead of testing whether the Coleman products were fastened, made

---

[4] To the contrary, Stevick's testimony about the manometer tests shows that Coleman products do not infringe. At best, the manometer shows a high pressure—not suction—underneath the Coleman beds when a person moves onto them *See* Dkt. 135 at 14–16 So Dr. Stevick's only data shows that the Coleman products do not practice 1g.. *See id*. Therefore Dr. Stevick has no reliable basis for his opinion that the Coleman products infringe, because his only data on this point contradicts his own opinions. Such opinions should be excluded. *Boucher*., 73 F.3d 18, 21

firm, or stable, Dr. Stevick's observed a mere (and unquantified) pressure change, and then jumped to the conclusion that this pressure change caused "fixing" to occur. Based on this, Dr. Stevick opined that the Coleman products meet claim element 1g of the '926 Patent.

TWW's response brief does not dispute these facts. Instead, TWWs response brief asserts that "fixing" does not require any amount of force. *See* Dkt. 151 at 7–8. Based on this, TWW argues that Dr. Stevick can prove the beds are fixed in place and meet claim element 1g simply by seeing a manometer move. *See* Dkt. 151 at 7–8.

What TWW's brief describes, however, is not a reliable methodology. As outlined in Coleman's opening brief, to be reliable, scientific testimony must be falsifiable and verifiable. *Daubert v. Merrell Dow Pharms.*, Inc., 509 U.S. 579, 591 (1993). In other words, it must be possible for another expert to replicate or verify the tests. *Seeding Grp.*, 2014 WL 675820, at *5 (C.D. Ill. Feb. 21, 2014); *Crawford v. Franklin Credit Mgmt. Corp.*, 2015 WL 13703301, at *9 (S.D.N.Y. Jan. 22, 2015); *24/7 Recs., Inc. v. Sony Music Ent., Inc.*, 514 F. Supp. 2d 571, 576 (S.D.N.Y. 2007). Here, Dr. Stevick never explains what amount of pressure or force he is testing for, and never quantifies the pressure changes that he alleges occurs. Accordingly, Dr. Stevick has no hypothesis, and there is no way to scientifically falsify or verify Dr. Stevick's methodology, which is based simply on his "say so." Therefore Dr. Stevick's methodology is not reliable and should be excluded.

TWW's response is also wrong to assert that Dr. Stevick's testing is "replicable." First, TWW does not cite any parameters or measurements that would enable another scientist to reproduce Stevick's work. *See* Dkt. 151 at 8. Indeed, Dr. Stevick's report includes no photos or video of beds during his manometer tests, does not quantify any force or pressure, and does not include any other measurements or data. Dr. Stevick's description of the experiment is limited to

one paragraph of text, and his videos. *See* Dkt. 143 ¶ 122. Thus, Dr. Stevick's tests are not replicable because Dr. Stevick never disclosed sufficient detail for another expert to replicate or verify his work. Such opinions merit exclusion. *Daubert*, 509 U.S. at 593.

## V. Conclusion

Dr. Stevick's only data supporting his opinion that the Coleman products claim element 1g are his manometer videos. But these videos do not show any force exists, much less that the Coleman Products are fixed in place by suction, as required by claim element 1g. To the contrary, Dr. Stevick's testimony about these videos shows that the Coleman products do not infringe. And Dr. Stevick provides no testable methodology showing how the videos of his manometer show that any Coleman bed is fixed in place, as required by claim 1. Therefore Dr. Stevick's testimony that the Coleman products meet this claim limitation is speculative, conclusory, and self-contradictory. Exclusion under Rule 702 and *Daubert* is required.

Dated: November 10, 2021

Respectfully submitted,

*s/ R. Braxton Hill, IV*
R. Braxton Hill, IV (VSB 41539)
Michael W. Smith (VSB 01125)
CHRISTIAN & BARTON LLP
901 East Cary Street, Suite 1800
Richmond, Virginia 23219
(804) 697-4108
bhill@cblaw.com
msmith@cblaw.com

John W. Harbin (pro hac vice)
David S. Moreland (pro hac vice)
Gregory S. Carlin (pro hac vice)
Warren J. Thomas (pro hac vice)
Steven M. Philbin (pro hac vice)
Meunier Carlin & Curfman LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
(404) 645-7700
jharbin@mcciplaw.com

dmoreland@mcciplaw.com
gcarlin@mcciplaw.com
wthomas@mcciplaw.com
sphilbin@mcciplaw.com

*Counsel for the Plaintiff,
The Coleman Company, Inc.*

10

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.:

<u>s/ R. Braxton Hill, IV</u>
R. Braxton Hill, IV (VSB 41539)
CHRISTIAN & BARTON, LLP
901 East Cary Street, Suite 1800
Richmond, Virginia 23219
Tel: (804) 697-4100
Fax: (804) 697-6108
bhill@cblaw.com

*Counsel for the Plaintiff,*
*The Coleman Company, Inc.*
