UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| THE COLEMAN COMPANY, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>TEAM WORLDWIDE CORPORATION )<br><br>Defendant. ) | Case No. 2:20-cv-351 |

## ORDER

Before the Court are three Motions to Seal filed by Defendant Team Worldwide Corporation ("TWW"). ECF Nos. 153, 160, 166. Plaintiff The Coleman Company ("Coleman") did not respond to the motions. *See* E.D. Va. Loc. Civ. R. 5 (noting the seven-day time period for filing any response or objection to a motion to seal).

In support of the motions to seal, TWW states "[t]he Protective Order entered by the Court allowed the parties to exchange discovery of '…confidential and proprietary business, technical, financial, and personal" information. ECF No. 154 at 1; ECF No. 161 at 1; ECF No. 167 at 1. As to the first motion to seal, TWW states "Coleman's designation of the referenced material as ATTORNEYS' EYES ONLY indicates its belief that specific information be deemed confidential as defined by the terms of the Protective Order." ECF No. 154 at 2. As to the second and third motions to seal, TWW states "Coleman and TWW's respective designation of the referenced material as ATTORNEYS' EYES ONLY indicates their belief that specific information be deemed confidential as defined by the terms of the Protective Order." ECF No. 161 at 2; ECF No. 167 at 2. TWW's motions are insufficient for several reasons.

With respect to all three motions, Eastern District of Virginia Local Civil Rule 5 is clear— **"[a]greement of the parties that a document or other material should be filed under seal or the designation of a document or other material as confidential during discovery is not, by itself, sufficient justification for allowing a document or other material to be filed under seal."** E.D. Va. Loc. Civ. R. 5(C). TWW has proffered no reason why these documents should remain under seal, other than the parties' agreement that the protective order—which broadly covers "confidential and proprietary business, technical, financial, and personal" information— deems the information confidential. Thus, the Court has absolutely no basis to conclude that it is necessary for the information to remain under seal.

With respect to the first motion to seal, ECF No. 153, TWW contends that it requests to seal Coleman's confidential information. ECF No. 154 at 2. Again, Local Civil Rule 5 is clear— "[w]hen a party moves to file material under seal because **another party** has designated that material as confidential, **the party designating the material as confidential must file a response to the motion complying with requirements (2), (3), and (4) above along with a proposed order."** E.D. Va. Loc. Civ. R. 5. If TWW seeks to seal Coleman's confidential information, Coleman must file a response to the motion that complies with the Local Rule. Coleman did not do so.

With respect to the second and third motions to seal, ECF Nos. 160, 166, and in the same vein as the points outlined above, it is entirely unclear whether it is TWW or Coleman's information at stake and subject to a sealing order, because the memoranda in support of sealing states that both TWW and Coleman identified the information as either confidential or attorneys' eyes only. *See* ECF No. 161 at 2; ECF No. 167 at 2. In part, this is also because TWW did not specify why the Court should consider the information confidential and subject to sealing.

2

Nonetheless, if it is TWW's information that is confidential, then TWW must comply with Local Civil Rule 5 and specify what information of theirs is subject to a sealing order. If it is Coleman's information that is confidential, then Coleman must comply with Local Civil Rule 5 and specify what information of theirs is subject to a sealing order. It follows, therefore, that if both TWW and Coleman's information is at stake, then both must comply with the requirements of Local Civil Rule 5.

"[T]he court does not simply rubber-stamp a party's request to seal." *Dreher v. Experian Info. Sols., Inc.*, No. 3:11-cv-624, 2015 WL 5147260, at *1 (E.D. Va. Mar. 25, 2015). Accordingly, if TWW's information is subject to sealing, TWW is **DIRECTED** to submit a supplemental response to the sealing motions that complies with Local Civil Rule 5. If Coleman's information is subject to sealing, Coleman is **DIRECTED** to respond to TWW's motion in a fashion that complies with Local Civil Rule 5. The parties are **DIRECTED** to submit such responses within five business days of this Order.[1] Counsel are advised that further failure to comply with Local Civil Rule 5 with respect to each motion to seal will result in denial of the sealing motions and the documents being publicly filed.

The Clerk is **DIRECTED** to forward this Order to all counsel of record.

It is so **ORDERED**.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
November 17, 2021

---

[1] The Court also notes that TWW filed a fourth motion to seal on November 10, 2021, ECF No. 172, which appears to suffer from the same deficiencies. *See* ECF No. 173. That motion will become ripe on the date of this Order. To the extent necessary, the parties are further **DIRECTED** to ensure that motion and any response to the fourth motion to seal complies with Local Civil Rule 5.