**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

THE COLEMAN COMPANY, INC.,

        Plaintiff/Counterclaim Defendant,

        v.

TEAM WORLDWIDE CORPORATION,

        Defendant/Counterclaim Plaintiff,

and

CHENG-CHUNG WANG,

        Counterclaim Plaintiff.

C.A. No: 2:20-cv-351-RGD

## PLAINTIFF/COUNTERCLAIM DEFENDANT THE COLEMAN COMPANY, INC.'S RESPONSE TO MOTION TO SEAL (ECF NO. 160)

Plaintiff/Counterclaim Defendant The Coleman Company, Inc. ("Coleman" or "Plaintiff"), by counsel and pursuant to Local Civil Rule 5(C), submits this response to the Motion to Seal filed by Defendant/Counterclaim Plaintiff Team Worldwide Corporation ("TWW") at ECF No. 160.

Coleman has no objection to the sealing or unsealing of TWW's unredacted Memorandum in Support of Motion to Strike and Exclude Certain Opinions of Dr. William Singhose and Mr. Gary Olsen, (ECF No. 163), and the corresponding Exhibits A, B, D, and E (ECF No. 163-1, 163-2, 163-4, and 163-5).

Exhibits A, B, and D are infringement/non-infringement reports directed at Coleman's U.S. Patent 7,089,618 and TWW's accused devices. Consequently, to the extent those reports address non-public information, that information relates to TWW's products and manufacturing processes and not Coleman's confidential product development and manufacturing processes.

Additionally, Exhibit E is an excerpt of Dr. Singhose's deposition testimony reflecting non-confidential infringement opinions and some prefatory deposition colloquy.

On the other hand, Coleman requests the Court to maintain **UNDER SEAL** Exhibit C to TWW's unredacted Memorandum in Support of Motion to Strike and Exclude Certain Opinions of Dr. William Singhose and Mr. Gary Olsen (ECF No. 163-3), which is a damages expert report by Mr. Olsen reflecting commercially sensitive and confidential financial information, including license terms.

Pursuant to Local Civil Rule 5(2), Coleman states that the commercially sensitive financial information reflected in Mr. Olsen's report is not generally known, has economic value to Coleman, and constitutes Coleman's competitively-sensitive business information. *See In re Knight Publ'g Co.,* 743 F.2d 231 (4th Cir. 1984); *see also Level 3 Commc'ns, LLC v. Limelight Networks, Inc.,* 611 F.Supp.2d 572, 577 (E.D. Va. 2009) (stating that courts may "refuse" to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing") (quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 57-98 (1978)). Disclosure of this non-public information could potentially harm Coleman's competitive standing. The potential harm to Coleman resulting from public disclosure far outweighs any prejudice to the general public caused by nondisclosure of the information. Coleman therefore has a legitimate interest that warrants an order granting the sealing of Mr. Olsen's report.

Pursuant to Local Civil Rule 5(3), Coleman acknowledges that there are three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing. *See, e.g., Flexible Benefits Council v. Feltman,* No. 1:08-CV-371, 2008 US. Dist. LEXIS 93039 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft v. Conoco, Inc.,* 218 F.3d

282, 288 (4th Cir. 2000)).  TWW has provided public notice of the sealing motion, (see ECF No. 162), and it does not appear that any member of the public has filed and objection to the Motion to Seal.  Short of the maintaining Mr. Olsen's damages report under seal, there are no less drastic alternatives that appropriately enable Coleman to preserve the confidential nature of the materials. The third *Ashcraft* consideration is satisfied by findings of fact in the Proposed Order accompanying this response.

Pursuant to Local Civil Rule 5(4), Coleman requests that Exhibit C to TWW's unredacted Memorandum in Support of Motion to Strike and Exclude Certain Opinions of Dr. William Singhose and Mr. Gary Olsen (ECF No. 163-3) remain sealed until forty-five (45) days after the final resolution of this matter and then, returned to counsel for Coleman.

By:  *s/R. Braxton Hill, IV*
R. Braxton Hill, IV (VSB 41539)
Michael W. Smith (VSB 01125)
CHRISTIAN & BARTON, LLP
901 East Cary Street, Suite 1800
Richmond, Virginia 23219
Tel: (804) 697-4100
Fax: (804) 697-4112
bhill@cblaw.com
msmith@cblaw.com

John W. Harbin (*pro hac vice*)
Gregory J. Carlin (*pro hac vice*)
David S. Moreland (*pro hac vice*)
Steven M. Philbin (*pro hac vice*)
MEUNIER CARLIN &
   CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
(404) 645-7700
jharbin@mcciplaw.com
gcarlin@mcciplaw.com
dmoreland@mcciplaw.com
sphilbin@mcciplaw.om

*Counsel for the Plaintiff,*
*The Coleman Company, Inc.*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 19th day of November, 2021, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of

such filing (NEF) to all counsel of record.

By:      *s/R. Braxton Hill, IV*
          R. Braxton Hill, IV (VSB 41539)
          CHRISTIAN & BARTON, LLP
          901 East Cary Street, Suite 1800
          Richmond, Virginia 23219
          Tel: (804) 697-4100
          Fax: (804) 697-4112
          bhill@cblaw.com

          *Counsel for the Plaintiff,*
          *The Coleman Company, Inc.*