THE COLEMAN COMPANY, INC.,

      Plaintiff/Counterclaim Defendant,

      v.

TEAM WORLDWIDE CORPORATION,

      Defendant/Counterclaim Plaintiff,

and

CHENG-CHUNG WANG,

      Counterclaim Plaintiff.

C.A. No: 2:20-cv-351-RGD

## <u>ORDER ON MOTION TO SEAL (ECF NO. 160)</u>

THIS MATTER is before the Court upon the Motion to Seal filed by Defendant/Counterclaim Plaintiff Team Worldwide Corporation ("TWW") at ECF No. 160, and the response of Plaintiff/Counterclaim Defendant The Coleman Company ("Coleman") thereto.

Having considered the written submissions of the parties and having determined that this action involves allegations requiring the disclosure of confidential and proprietary information, this Court makes the following findings of fact and conclusions of law.

Findings of Fact

1.      Coleman has represented that Exhibit C to TWW's unredacted Memorandum in Support of Motion to Strike and Exclude Certain Opinions of Dr. William Singhose and Mr. Gary Olsen (ECF No. 163-3), is a damages expert report by Mr. Olsen reflecting commercially sensitive, confidential and/or proprietary information.

1

2. Exhibit C to TWW's unredacted Memorandum in Support of Motion to Strike and Exclude Certain Opinions of Dr. William Singhose and Mr. Gary Olsen (ECF No. 163-3) in fact contains confidential and/or proprietary information that is properly subject to a sealing order.

3. No alternative measure would adequately protect Coleman's interests in the confidentiality of its information.

4. TWW filed its Motion to Seal and Notice of its Motion to Seal, and Coleman filed its Response to Motion to Seal and a Proposed Order, on the public docket all in compliance with Local Rule 5.

### Conclusions of Law

5. Local Civil Rule 5 supports the sealing of Exhibit C to TWW's unredacted Memorandum in Support of Motion to Strike and Exclude Certain Opinions of Dr. William Singhose and Mr. Gary Olsen (ECF No. 163-3).

6. There are three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to sea and rejecting alternatives to sealing. *See, e.g., Flexible Benefits Council v. Feltman,* No. 1:08-CV-371, 2008 U.S. Dist. LEXIS 93039 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft v. Conoco, Inc.,* 218 F.3d 282, 288 (4th Cir. 2000)).

7. Coleman has demonstrated that the public notice requirement has been met by TWW's filing of a separate Notice of the Motion to Seal for docketing. Public Notice of the Motion to Seal is satisfied by docketing the motion "reasonably in advance of deciding the issue." *See In re Knight Publ'g Co.,* 743 F.2d 231, 235 (4th Cir. 1984) (cited by *Ashcraft,* 218 F.3d at 302). Additionally, there are no less drastic alternatives that appropriately enable the

Coleman to preserve the confidential nature of the materials. The third *Ashcraft* consideration is satisfied by the findings of fact and law in this proposed Order.

8.     TWW previously forwarded to the Court a copy of Exhibit C to TWW's unredacted Memorandum in Support of Motion to Strike and Exclude Certain Opinions of Dr. William Singhose and Mr. Gary Olsen (ECF No. 163-3), which is available for *in camera* review.

9.     Exhibit C to TWW's unredacted Memorandum in Support of Motion to Strike and Exclude Certain Opinions of Dr. William Singhose and Mr. Gary Olsen (ECF No. 163-3) should remain sealed until forty-five (45) days after the final resolution of this matter and then, returned to counsel.

10.     Absent such an order, the Parties would not be able to use this confidential information in support of their positions. The omission of this confidential information would limit the Parties' ability to adequately advocate for their positions.

**THEREFORE**, the Motion to Seal is **GRANTED** and it is **ORDERED** that:

The Clerk is directed to maintain under seal Exhibit C to TWW's unredacted Memorandum in Support of Motion to Strike and Exclude Certain Opinions of Dr. William Singhose and Mr. Gary Olsen (ECF No. 163-3). The sealed material shall remain sealed until forty-five (45) days after the final resolution of this matter and then, returned to counsel for Coleman.

_____
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

Date: _____, 2021