IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| The Coleman Company, Inc., )<br>)<br>*Plaintiff/Counterclaim Defendant*, )<br>)<br>v. )<br>)<br>Team Worldwide Corporation, )<br>)<br>*Defendant/Counterclaim Plaintiff* )<br>)<br>and )<br>)<br>Cheng-Chung Wang )<br>)<br>*Counterclaim Plaintiff* )<br>_____ ) | Civil Action No: 2:20cv351-RGD-RJK |

**TEAM WORLDWIDE CORPORATION'S SUPPLEMENTAL RESPONSE IN SUPPORT OF ITS MOTIONS TO SEAL**

In support of Team Worldwide Corporation's ("TWW") Motions to Seal (ECF Nos. 153, 160, 166, and 172), in compliance with Local Rule 5, and in response to this Court's Order Regarding TWW's Motions to Seal (ECF No. 178), TWW, by counsel, states the following:

In connection with TWW's Motion for Summary Judgment of Invalidity of Plaintiff's U.S. Patent No. 7,089,618 and of the Validity of Defendant's U.S. Patent No. 6,754,926 (ECF No. 170), Motion to Exclude and Strike Portions of Expert Testimony of Gary D. Olsen (ECF No. 164); Motion to Exclude and Strike Certain Opinions of Dr. William Singhose and Mr. Gary Olsen (ECF No. 160); and Opposition to Coleman's Motion for Summary Judgment (ECF No. 152); TWW filed motions to seal unredacted versions of its memoranda in support of the respective motions and motions to seal copies of certain exhibits attached thereto (ECF Nos. 153, 160, 166, and 172).

1. TWW's Opposition to Coleman's Motion for Summary Judgment (ECF No. 152):
    a. Exhibit B – Excerpts of testimony from the deposition of Mr. Li

1

TWW's Opposition to Coleman's Motion for Summary Judgment contains excerpts of, and includes as an exhibit, testimony from the deposition of Mr. Wayne Li. The excerpts of such testimony have been designated by Coleman as Attorneys' Eyes Only, but do not contain confidential information belonging to TWW. Coleman's response to TWW's Motion to Seal (ECF No. 181) indicates that Coleman has no objection to the unsealing of TWW's Memorandum in Support and attached Exhibit B. TWW similarly has no objection to the unsealing of the Memorandum in Support and Exhibit B of its Opposition to Coleman's Motion for Summary Judgment (ECF No. 153).

    2. TWW's Motion to Exclude and Strike Certain Opinions Offered by Dr. William Singhose and Mr. Gary Olsen (ECF No. 158):

        a. Memorandum in Support of Motion to Exclude and Strike Singhose and Olsen;

        b. Exhibit A – Expert Report of William Singhose, Ph.D. Regarding Infringement of U.S. Patent No. 7,089,618, July 6, 2021;

        c. Exhibit B – Expert Report of Dr. Glen Stevick, Ph.D. Regarding Non-Infringement of U.S. Patent No. 7,089,618, July 30, 2021;

        d. Exhibit C – Amended Expert Report of Gary D. Olsen, July 23, 2021;

        e. Exhibit D – Rebuttal Expert Report of William Singhose, Ph.D. Regarding Infringement of U.S. Patent No. 7,089,618, August 12, 2021; and

        f. Exhibit E – Excerpts of testimony from the deposition of Dr. Singhose.

The expert reports attached as exhibits to TWW's Memorandum in Support of its Motion to Exclude and Strike opinions of Dr. Singhose and Mr. Olsen (Exhibits A, B, C, and D) similarly contain confidential and proprietary information belonging to TWW. Dr. Singhose and Dr. Stevick's reports rely upon confidential product specification sheets, detailing the exact parameters of TWW's products that would give a competitive advantage to TWW's competitors. The testimony of Dr. Singhose was designated by Coleman as Attorneys' Eyes Only, but Coleman has indicated that it does not object to the unsealing of Exhibit E. (ECF No. 182). TWW similarly has

no objection. TWW also has no objection to the unsealing of its unredacted Memorandum in Support of its Motion to Exclude and Strike Dr. Singhose and Mr. Olsen, as the redacted portion of the memorandum references testimony of Dr. Singhose, which Coleman does not object to unsealing. (ECF No. 182).

    3. TWW's Motion to Exclude and Strike Portions of Expert Testimony of Gary D. Olsen (ECF No. 164):

        a. Memorandum in Support of Motion to Exclude and Strike Olsen;

        b. Amended Expert Report of Gary D. Olsen, July 23, 2021;

        c. Rebuttal Report of Nisha Marie Mody, Ph.D., July 30, 2021; and

        d. Reply Expert Report of Gary D. Olsen, August 12, 2021.

The three expert reports attached as exhibits to TWW's Motion to Exclude and Strike Olsen contain confidential financial information, including sales data and cost and profit margin information, and market share data related to Team Worldwide Corporation that is commercially sensitive and not available to the public. The unredacted Memorandum in Support of TWW's motion also includes a table referencing Coleman's confidential licensing information, and Coleman has requested that this information remain under seal. (ECF No. 183). TWW joins in Coleman's request that this information remain under seal, as it also contains confidential and commercially sensitive information belonging to TWW, as described above. *See Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F.Supp.2d 572, 577 (E.D. Va. 2009).

    4. TWW's Motion for Summary Judgment of Invalidity of Plaintiff's U.S. Patent No. 7,089,618 and of the Validity of Defendant's U.S. Patent No. 6,754,926 (ECF No. 170):

        a. Memorandum in Support of Motion for Summary Judgment;

        b. Exhibit D – Expert Report of Dr. Glen Stevick, Ph.D. Regarding Invalidity of U.S. Patent No. 7,089,618, July 6, 2021;

        c. Exhibit E – Rebuttal Reply Expert Report of Dr. Glen Stevick, Ph.D. Regarding Rebuttal Expert of Wayne Li Regarding Validity of U.S. Patent No. 7,089,618, August 12, 2021 (Exhibit E);

    d. Exhibit G – Excerpts of deposition testimony by Dr. Singhose taken August 18, 2021;

    e. Exhibit H – Excerpts of deposition testimony by Mr. Li taken August 17, 2021;

    f. Exhibit I – Rebuttal Expert Report of William Singhose, Ph.D. Regarding Infringement of U.S. Patent No. 7,089,618, August 12, 2021;

    g. Exhibit J – ARP 2002, TWW-COL-00038714;

    h. Exhibit K – Wenzel Catalog, EXXEL21_210034924;

    i. Exhibit L – TWW Queen Size Air Mattress Specification Sheet, TWW-COL-00026953;

    j. Exhibit M – Expert Report of Dr. Glen Stevick, Ph.D. Regarding Non-Infringement of U.S. Patent No. 7,089,618, July 30, 2021;

    k. Exhibit N – TWW-COL-00026070;

    l. Exhibit O – Expert Report of Dr. William Singhose, Ph.D. Regarding Infringement of U.S. Patent No. 7,089,618, July 6, 2021; and

    m. Exhibit Q – Rebuttal Expert Report of Dr. Glen Stevick, Ph.D. Regarding Validity of U.S. Patent No. 6,754,926, July 30, 2021.

As referenced above, the expert reports of Dr. Stevick and Dr. Singhose (Exhibits D, E, I, M, O, and Q) contain references to TWW product specification sheets and product information that is confidential and not generally known to third parties. Exhibit J contains confidential sales information and Exhibit L contains confidential product specifications belonging to TWW and not generally known to third parties. Such information is proprietary, commercially sensitive, and would be valuable to TWW's competitors if made public. Exhibit K contains commercial information belonging to Exxel Outdoors, LLC and TWW understands this information to be commercially sensitive. Although Exhibit K is a product catalog, TWW understands that this catalog was made available only to customers of Exxel Outdoors, LLC and not made available to the general public. TWW's Memorandum in Support of its Motion for Summary Judgment incorporates confidential sales data (for example, data contained in Exhibit J, referenced above)

4

and product specification information that is not generally known to the public and would be harmful to TWW if publicly disclosed.

TWW's Memorandum in Support of its Motion for Summary Judgment contains excerpts of, and includes as exhibits, testimony from the deposition of Mr. Wayne Li and Dr. William Singhose.[1] The depositions have been designated by Coleman as Attorneys' Eyes Only, but the excerpts do not contain confidential information belonging to TWW, and TWW does not object to Exhibits G and H being unsealed. TWW further does not object to Exhibit N being unsealed.

Due to the nature of subject matter of the memoranda in support and supporting exhibits cited above, which include confidential and proprietary financial and product specification information belonging to TWW that would be valuable to TWW's competitors, there is no adequate remedy other than placing the unredacted version of the Memorandum in Support and referenced supporting exhibits under seal. *See Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F.Supp.2d 572, 577 (E.D. Va. 2009). The harm that would occur to TWW by disclosing its confidential and proprietary business information, such as financial information and product specifications, outweighs any potential prejudice to the public that may be caused by non-disclosure of the information. Additionally, TWW is not aware of any third party that has filed objections to TWW's sealing motions. Given the foregoing, the unredacted referenced memoranda and supporting exhibits should remain sealed in accordance with Local Rule 5:

> a. Exhibits A (redacted at ECF No. 159-1 and unredacted at ECF No. 163-1), Exhibit B (redacted at ECF No. 159-2 and unredacted at ECF No. 163-2), Exhibit C (redacted at ECF No. 159-3 and unredacted at ECF No. 163-3), and

---

[1] Coleman has not yet filed its response to TWW's Motion to Seal the Memorandum in Support of its Motion for Summary Judgment. (ECF No. 172). In the event that there are portions of TWW's Memorandum in Support of its Motion for Summary Judgment that both Coleman and TWW agree may be unsealed or that the Court orders to be unsealed, TWW will file a revised redacted version of the Memorandum in Support of the Motion for Summary Judgment if requested to do so by the Court.

    D (redacted at ECF No. 159-4 and unredacted at ECF No. 163-4) attached to the Memorandum in Support of TWW's Motion to Exclude and Strike Certain Opinions of Dr. William Singhose and Mr. Gary Olsen; and

  b. Memorandum in Support of TWW's Motion to Exclude and Strike Mr. Olsen (redacted at ECF No. 165 and unredacted at ECF No. 169) and Exhibit A (sealed at ECF No. 165-1 and unsealed at ECF No. 169-1), Exhibit B (sealed at ECF No. 165-2 and unsealed at ECF No. 169-2), and Exhibit C (sealed at ECF No. 165-3 and unsealed at ECF No. 169-3); and

  c. TWW's Memorandum in Support of its Motion for Summary Judgment (redacted at ECF No. 171 and unredacted at ECF No. 175) and Exhibits D, E, I, J, K, L, M, O, and Q (sealed at ECF Nos. 171-4, 171-5, 171-9, 171-10, 171-11, 171-12, 171-13, 171-15, and 171-17 and unsealed at 175-1, 175-2, 175-5, 175-6, 175-7, 175-8, 175-9, 175-11, 175-12) attached thereto.

TWW does not object to the unsealing of the following:

  a. Memorandum in Opposition to Coleman's Motion for Summary Judgment (redacted at ECF No. 152 and unredacted at ECF No. 156) or Exhibit B (sealed at ECF No. 152-2 and unsealed at ECF No. 157) attached thereto;

  b. Memorandum in Support of its Motion to Exclude and Strike Dr. Singhose and Dr. Olsen (redacted at ECF No. 159 and unredacted at ECF No. 163) or Exhibit E (under seal at ECF No. 159-5 and unsealed at ECF No. 163-5) attached thereto; and

  c. Exhibit G (under seal at ECF No. 171-7 and unsealed at ECF No. 175-3), Exhibit H (under seal at ECF No. 171-8 and unsealed at ECF No. 175-4), and Exhibit N (under seal at ECF No. 171-14 and unsealed at ECF No. 175-10) attached as exhibits to TWW's Memorandum in Support of its Motion for Summary Judgment.

Accordingly, and in satisfaction of the requirements of Local Rule 5, Defendant/Counterclaim Plaintiff Team Worldwide Corporation and hereby respectfully requests that the Court to place under seal the requested unredacted memoranda and supporting exhibits.

Dated: November 24, 2021         Respectfully submitted,

                By: /s/ Alexandra M. Gabriel
                Alexandra M. Gabriel (VSB No. 89185)
                William R. Poynter (VSB No. 48672)
                David Sullivan (VSB No. 45027)
                KALEO LEGAL
                4456 Corporation Lane, Suite 135

Virginia Beach, VA 23462
Phone: 757.238.6383
Fax: 757.304.6175
agabriel@kaleolegal.com
wpoynter@kaleolegal.com
dsullivan@kaleolegal.com

Thomas M. Dunham (pro hac vice)
J. Michael Woods (pro hac vice)
**RuyakCherian LLP**
1901 L St. NW, Suite 700
Washington, DC 20036
Telephone: (202) 838-1560
tomd@ruyakcherian.com
michaelw@ruyakcherian.com

Korula Cherian
Robert Harkins
**RuyakCherian LLP**
1936 University Ave., Ste. 350
Berkeley, CA 94702
Telephone: (510) 944-0190
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

*Attorneys for Team Worldwide Corporation and Cheng-Chung Wang*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing on November 24, 2021 with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all registered users.

By: /s/ Alexandra M. Gabriel
Alexandra M. Gabriel (VSB No. 89185)
KALEO LEGAL
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Phone: 757.238.6383
Fax: 757.304.6175
agabriel@kaleolegal.com