UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| THE COLEMAN COMPANY, INC., ) <br> ) <br> Plaintiff/Counter-Defendant, ) <br> ) <br> v. ) <br> ) <br> TEAM WORLDWIDE CORPORATION, ) <br> ) <br> Defendant/Counter-Plaintiff. ) <br> ) <br> and ) <br> ) <br> CHENG-CHUNG WANG ) <br> ) <br> Counter-Plaintiff ) <br> ) | Case No. 2:20-cv-351 |

## ORDER

On November 17, 2021, the Court issued an Order directing that Plaintiff The Coleman Company, Inc. ("Coleman") and Defendant Team Worldwide Corporation ("TWW") file supplemental responses to TWW's sealing motions, ECF Nos. 153, 160, 166, 172, because the motions failed to comply with Local Civil Rule 5. ECF No. 178. Despite this Court's admonition and the Court's Order directing the parties to submit a supplemental response to the motions to seal in a fashion that complies with Local Civil Rule 5, TWW failed to do so. Although TWW submitted a supplemental memorandum in support of sealing which adequately complied with Local Civil Rule 5, *see* ECF No. 186, TWW violated Local Civil Rule 5 by failing to submit a proposed order that complies with Local Civil Rule 5.

Local Civil Rule 5 requires that a party submit a non-confidential proposed order which "recite[s] the findings required by governing case law to support the proposed sealing." E.D. Va. Loc. Civ. R. 5(C). There are three requirements for sealing court filings: (1) public notice with an

opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing. *See Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

TWW's supplemental response did not include any such proposed order as directed by the Court.[1] Nonetheless, because of the parties' representations in their supplemental memoranda, ECF Nos. 181–83, 187, the Court was able to resolve the First Motion to Seal, ECF No. 153, with a gavel order (*see* ECF No. 192). The Court was further able to resolve the Second Motion to Seal in part, and Third Motion to Seal, ECF Nos. 160, 166, with respect to Coleman's information, because Coleman appropriately drafted a proposed Order that complied with Local Civil Rule 5. *See* ECF Nos. 194, 195. However, TWW's failure to comply with Local Civil Rule 5 and the Court's Order in ECF No. 178 requires the Court to resolve the Second Motion to Seal in part with respect to TWW's information, and the Fourth Motion to Seal in its entirety.

### A. The Second Motion to Seal (ECF No. 160)

TWW represents that Exhibits A, B, C, and D, are expert reports that "contain confidential and proprietary information belonging to TWW," and they "rely upon confidential product specification sheets, detailing the exact parameters of TWW's products that would give a competitive advantage to TWW's competitors."[2] ECF No. 186 at 2–3. Both TWW and Coleman have represented that they have no reason to seal the unredacted version of TWW's memorandum

---

[1] The proposed orders TWW previously submitted in conjunction with the original motions to seal are inadequate because they fail to properly address what exhibits needs to be sealed in light of TWW's supplemental memoranda, and they fail to properly recite the findings as required by governing case law to support sealing, as required by Local Civil Rule 5(C). *See* ECF No. 153, attach. 1; ECF No. 160, attach. 1; ECF No. 166, attach. 1; ECF No. 172, attach. 1.

[2] The Court granted the Motion to Seal with respect to Exhibit C based on Coleman's representations. *See* ECF No. 194.

in support of Motion to Exclude and Strike Certain Opinions of Dr. Singhose and Mr. Olsen, and supporting Exhibit E. *Id.*; ECF No. 182 at 1–2.

First, the public notice requirement has been met, because TWW filed a separate Notice of the Motion to Seal. ECF No. 162. Second, the Court has considered less drastic alternatives, and finds that there are no less drastic alternatives based on the nature of the confidential information. Third, the Court finds that sealing Exhibits A, B, C, and D, is appropriate because the exhibits contain confidential and proprietary information as outlined above.

Accordingly, the Second Motion to Seal, ECF No. 160, is **GRANTED** with respect to Exhibits A, B, C, and D, (ECF Nos. 163, attachs. 1–4) and the Clerk is **DIRECTED** to maintain these exhibits under seal. However, because both TWW and Coleman have represented that they have no reason to seal the unredacted version of TWW's memorandum in support of Motion to Exclude and Strike Certain Opinions of Dr. Singhose and Mr. Olsen (ECF No. 163), and supporting Exhibit E (ECF No. 163, attach. 5), the Motion to Seal is **DENIED** with respect to those documents.

### B. The Fourth Motion to Seal (ECF No. 172)

TWW represents that the unredacted version of TWW's Memorandum in Support of Motion for Summary Judgement incorporates confidential sales data and product specification information that is not generally known to the public and would be harmful to TWW if publicly disclosed. ECF No. 186 at 4–5. TWW represents that Exhibits D, E, I, M, O, and Q, "contain references to TWW product specification sheets and production information that is confidential and not known to third parties." *Id.* at 4. "Exhibit J contains confidential sales information, and Exhibit L contains confidential product specifications belonging to TWW and not generally known to third parties." *Id.* Finally, Exhibit K contains "commercial information belonging to Exxel

Outdoors, LLC" which TWW understands is a catalog "made available only to customers of Exxel Outdoors." *Id.* TWW does not seek to seal Exhibits G, H, or N. *Id.* at 5. Coleman did not file a response, and therefore has no objection to the sealing or lack thereof of these submissions.

First, the public notice requirement has been met, because TWW filed a separate Notice of the Motion to Seal. ECF No. 174. Second, the Court has considered less drastic alternatives, and finds that there are no less drastic alternatives based on the nature of the confidential information. Third, the Court finds that sealing the unredacted version of TWW's Memorandum in Support of Motion for Summary Judgement and supporting Exhibits D, E, I, J, K, L, M, O, and Q, is appropriate because the exhibits contain confidential and proprietary information as outlined above.

Accordingly, the Second Motion to Seal, ECF No. 172, is **GRANTED** with respect to the unredacted version of TWW's Memorandum in Support of Motion for Summary Judgement (ECF No. 175) and supporting Exhibits D, E, I, J, K, L, M, O, and Q (ECF Nos. 175 attachs. 1–2, 5–9, 11, 12), and the Clerk is **DIRECTED** to maintain these exhibits under seal. However, because both TWW and Coleman have represented that they have no reason to seal the Exhibits G, H, and N (ECF Nos. 175 attachs. 3–4, 10), the Motion to Seal is **DENIED** with respect to those documents.

ANY FUTURE MOTIONS TO SEAL, OR RESPONSES TO MOTIONS TO SEAL FILED BY EITHER PARTY THAT ARE NOT IN FULL COMPLIANCE WITH LOCAL CIVIL RULE 5 WILL NOT BE REMEDIED BY THE COURT, AND WILL BE DENIED WITH PREJUDICE FOR FAILURE TO FOLLOW LOCAL CIVIL RULE 5.

The Clerk is **DIRECTED** to forward this Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
December 2, 2021