IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| THE COLEMAN COMPANY, INC., §<br>§<br>Plaintiff/Counterclaim Defendant, §<br>§<br>v. §<br>§<br>TEAM WORLDWIDE CORPORATION, §<br>§<br>Defendant/Counterclaim Plaintiff, §<br>§<br>and §<br>§<br>CHENG-CHUNG WANG, §<br>§<br>Counterclaim Plaintiff. § | Civil Action No. 2:20-cv-351-RGD<br><br>JURY TRIAL DEMANDED |

**TEAM WORLDWIDE CORPORATION'S REPLY IN SUPPORT OF MOTION
FOR LEAVE FOR SUPPLEMENTAL EXPERT DISCOVERY**

Defendant Team Worldwide Corporation ("TWW"), by and through its undersigned counsel, submits the following as its Reply in Support of TWW's Motion for Leave for Supplemental Expert Discovery (ECF No. 244).

The Court's recent construction of the claim term "coil" for Coleman's '618 Patent provides good cause to grant TWW's request for a limited supplement to its invalidity expert report. Numerous courts permit amending invalidity positions following the court construing a claim term, particularly where the court's construction is different than that proposed by the party seeking amendment. In addition, TWW is only proposing to amend its existing grounds to account for the new construction and to include one additional prior art reference. This prior art reference was identified by TWW in discovery, cited during prosecution of the '618 Patent, and is now particularly relevant to invalidity in light of the Court's construction of "coil." TWW's expert

1

should be allowed to clarify his invalidity opinions with respect to the Court's new construction of "coil."

Coleman's opposition to TWW's Motion (ECF No. 255) fails for at least three reasons. First, Coleman would suffer no prejudice from TWW's supplemental expert report. Trial is more than four months away, and Coleman is familiar with the only additional prior art reference TWW proposes to include in its supplement. Second, TWW was diligent in seeking to supplement its invalidity expert report, as it moved promptly after the Court issued its construction of "coil." Third, Coleman's attempt to argue that a new construction does not warrant a party supplementing its invalidity positions fails, as this position is inconsistent with practices in many courts and Coleman's cited cases for its position are unavailing and outdated.

TWW respectfully requests the Court grant TWW's Motion (ECF No. 244) and enter an order permitting limited supplemental expert discovery consistent with the proposal in TWW"s Motion.

## I.     Coleman is Not Prejudiced by TWW Supplementing its Invalidity Expert Report.

Coleman is not prejudiced in any way by TWW's proposed supplementation of its invalidity expert report on Coleman's '618 Patent to clarify the expert's opinions relating to the Court's recent construction of the claim term "coil." In its Opposition, Coleman argues, without support, that this supplement "would cause severe prejudice to Coleman and waste judicial resources." Opp. at 1. But trial is <u>more than four months away</u> and the limited supplementation of its invalidity report proposed by TWW would only require a few weeks to accomplish. Moreover, TWW is not proposing any additional summary judgment briefing, so the impact on the Court is limited to resolving TWW's instant motion. Coleman does not provide specifics in its Opposition as to how it would be prejudiced because no such prejudice would exist.

Coleman also cannot claim prejudice based on the substance of TWW's proposed invalidity expert report supplementation. TWW is proposing to add only one prior art reference not previously included as a basis for invalidity – U.S. Patent Appl. 2003/0188388, to Boso et al. ("Boso '388").[1] Coleman is familiar with this reference as it was cited in the prosecution history for Coleman's '618 Patent and was identified by TWW during discovery. In fact, in construing the term "coil," the Court referenced that the Examiner during prosecution of the '618 Patent found that Boso '388 disclosed the claimed "coils." *See* ECF No. 232 at 10. As such, Coleman cannot be prejudiced by TWW's incorporation of the Boso'388 reference in TWW's invalidity expert report.

Coleman also argues that the fact that the additional prior art reference was already known in the litigation weighs against supplementing TWW's invalidity expert report. *See* Opp. at 6. But under the interpretation of "coil" originally used by TWW's expert, the Boso '388 reference was not particularly relevant to TWW's invalidity grounds. Its inclusion in TWW's original invalidity expert report would have been, at best, cumulative of other prior art references used in the report. In light of the Court's February 4, 2022, construction for "coil," the Boso '388 reference is now particularly relevant to invalidity as the Court recognized in its order. *See* ECF No. 232 at 10.

If there is any prejudice here it would be to TWW by not permitting it to supplement its invalidity expert report regarding the Court's construction of "coil." The Court should permit TWW's expert to clarify his invalidity opinions with respect to the Court's recent construction of "coil."

---

[1] TWW also intends to amend a few of its existing grounds for invalidity in its expert report, without adding new references, to account for the Court's construction of "coil."

## II. TWW Was Diligent in Seeking to Supplement Expert Discovery.

TWW was diligent in seeking to supplement its invalidity expert report as TWW brought the instant motion shortly after the Court construed the claim term "coil." Coleman claims that TWW should have sought construction of "coil" in August 2021 when Coleman's experts presenting conflicting interpretations of the term "coil." But it was <u>Coleman</u> that had a conflict regarding the interpretation of "coil." As discussed in TWW's summary judgment motion, Coleman's invalidity and infringement experts used two different interpretations of the term "coil." *See* ECF No. 171 at 12-13. Thus, if it was incumbent on any party to seek a construction of "coil," then Coleman was the party that did not have a clear understanding of the term and should have sought construction from the Court. In its expert reports, TWW applied a consistent interpretation of "coil" for both invalidity and noninfringement – unlike Coleman – and had no reason to seek a specific construction for "coil."

In an attempt to support its argument that TWW was not diligent in seeking to supplement expert discovery, Coleman cites several cases – all of which are unavailing. Coleman cites to *MASS Engineered* to argue TWW does not have good cause because it "withheld invalidity positions." *MASS Engineered Design, Inc. v. Ergotron, Inc.*, 250 F.R.D. 284, 286 (E.D. Tex. 2008). But the facts in *MASS Engineered* are easily distinguishable from the instant case. In *MASS Engineered*, a party sought to amend its answer and serve invalidity contentions after not identifying invalidity as a defense and failing to serve invalidity contentions by the Court's deadline. *Id*. Additionally, the court noted that it adopted all of one party's proposed constructions, without major modification, and that it was "not a situation where the Court issued constructions that greatly differed from what the parties proposed." *Id.* Here, TWW complied with all Court deadlines and

did not withhold any invalidity positions. TWW provided its invalidity positions in accordance with the Court's schedule based on its interpretation of a then-unconstrued claim term.

Coleman also cites *Walsh* asserting that TWW made a tactical decision to not seek construction of "coil." *Walsh v. WAVY Broad., LLC*, No. 2:11-CV-174, 2012 WL 703367, at *2 (E.D. Va. Mar. 5, 2012). Again, the facts in *Walsh* are completely unlike the instant case. In *Walsh*, a party attempted to add new witnesses after the deadline for disclosing witnesses for trial, even though the proposed witness was mentioned throughout interrogatories and depositions, in part because it assumed the other party would identify the individuals as witnesses. *Id*. Here, TWW did not withhold any invalidity positions but provided invalidity grounds based on its interpretation of the term "coil." TWW only seeks to supplement its invalidity expert report in response to the Court's recent construction of "coil" – not because of any "tactical decision" by TWW.

For its unsupported theory that TWW allegedly withheld its arguments about the meaning of "coils," Coleman cites two cases both of which are dissimilar to the instant case. In *Marlowe*, a party was seeking to re-open fact discovery based on new counsel on the case – facts which have no relation to this case. *Marlowe Pat. Holdings LLC v. Dice Elecs., LLC*, 293 F.R.D. 688, 701 (D.N.J. 2013). In *Rexnord*, a party sought to amend its complaint after a summary judgment ruling even though the party was aware of the information prior to the deadline to amend pleadings. *Rexnord Indus., LLC v. Bigge Power Constructors*, 947 F. Supp. 2d 951, 961–62 (E.D. Wis. 2013). TWW is seeking only to supplement its expert discovery based on a new construction – not amend its pleadings or file an additional summary judgment motion.

**III.    A Claim Construction That Was Not Proposed by Either Party is Good Cause To Supplement Expert Discovery.**

The Court's recent construction of "coil" in Coleman's '618 Patent constitutes good cause for TWW to supplement its invalidity expert report. The Court requested that the parties submit

5

briefing and proposed constructions for the term "coil." *See* ECF No. 214 at 2. The parties submitted very different proposed constructions. The Court ultimately adopted neither parties' proposal, providing a different construction for "coil." *See* ECF No. 232 at 10. Courts have held that a new construction, particularly a construction not proposed by any party, provides good cause for amendment of a party's position. *See Cell & Network Selection LLC v. AT&T Inc.*, No. 6:13-CV-403, 2014 U.S. Dist. LEXIS 185020, 2014 WL 10727108, at *5, n.2-3 (E.D. Tex. Nov. 10, 2014) (allowing plaintiff to amend infringement contentions after the court's claim construction order where the court's construction for one term was different from both parties' proposals); *see also Johns Hopkins University v. CellPro, Inc.*, 152 F.3d 1342, 1357 (Fed. Cir. 1998) (holding that a court's claim construction may provide a basis for a defendant to cite additional invalidating art when the claim construction 'change[s] the rules of the game'").

Permitting a party to supplement its invalidity grounds following claim construction is routinely allowed. Although this Court does not have specific patent rules, other districts have local patent rules that allow for a claim construction determination to be good cause for supplementation. In fact, the local patent rules for both the Northern District of California and District of Massachusetts specifically permit the amendment of invalidity positions when a claim construction by the court is different from that proposed by the party seeking amendment. *See* U.S. District Court for the Northern District of California Patent L.R. 3-6 ("Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (a) A claim construction by the Court different from that proposed by the party seeking amendment…."); U.S. District Court for the District of Massachusetts L.R. 16.6(d)(5) ("Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (A) a claim construction by the court

6

that is different from that proposed by the party seeking amendment within 28 days of the court's claim construction ruling….").

In arguing against supplementing expert reports in response to a new construction, Coleman states that TWW was aware of Coleman's interpretation of "coil" "during expert discovery." *See* Opp. at 6. But the term "coil" was never discussed during claim construction and TWW was not aware of Coleman's interpretation of "coils" until after TWW had provided its expert report setting forth TWW's grounds of invalidity for the '618 Patent.

Coleman relies on *Fisher & Paykel*, a Central District of California case, for its argument that the Court's construction of coil in its summary judgment order does not provide good cause for TWW to supplement its expert discovery. But again, the facts in *Fisher & Paykel* are distinct from the instant case. In *Fisher & Paykel*, the defendant sought an additional summary judgment motion after the court construed in a summary judgment order a term using the plaintiff's proposed construction. *Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*, No. SACV19835JVSDFMX, 2021 WL 5994968, at *2-4 (C.D. Cal. Sept. 16, 2021). But the defendant never addressed the construction of the term in briefing and there was substantial evidence in the record that the defendant was aware of the plaintiff's construction throughout the litigation. *Id*. In this case, TWW only seeks to supplement its expert report and not burden the Court with additional summary judgment briefing. Moreover, unlike the defendant in *Fisher & Paykel*, TWW did address its interpretation of "coil" in its expert reports and summary judgment briefing. Also, TWW was not aware of Coleman's interpretation of "coil," much less the Court's construction, until after TWW had set forth its invalidity grounds in TWW's expert report.

Coleman also relies on a Northern District of California case, *Atmel*, for its position that the Court's recent claim construction is not "new information" warranting supplementing TWW's

7

invalidity expert report. *See* Opp. at 6; *Atmel Corp. v. Info. Storage Devices Inc.*, No. C 95-1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998). In the 1998 *Atmel* decision, the court cited "Local Rule 16-9(c)" and stated that the court's claim construction is not "new information" under this rule to permit amending claim charts. *Id*. However, this local rule no longer exists. The amendment of claim charts in the Northern District of California is now governed by that court's local patent rules. As noted above, the Northern District of California now states good cause exists for amending invalidity positions when the court provides a construction different than that proposed by the party seeking an amendment. *See* U.S. District Court for the Northern District of California Patent L.R. 3-6.

### IV.   Conclusion

For at least the foregoing reasons and the reasons stated in TWW's Motion, TWW respectfully requests that the Court permit TWW to supplement its invalidity expert report and enter an order for additional expert discovery consistent with the proposal in TWW's Motion (ECF No. 244).

Dated: March 8, 2022                              Respectfully submitted,

By: /s/ *Alexandra M. Gabriel*
Alexandra M. Gabriel (VSB No. 89185)
William R. Poynter (VSB No. 48672)
David Sullivan (VSB No. 45027)
KALEO LEGAL
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Phone: 757.238.6383
Fax: 757.304.6175
agabriel@kaleolegal.com
wpoynter@kaleolegal.com
dsullivan@kaleolegal.com

Thomas M. Dunham (pro hac vice)
J. Michael Woods (pro hac vice)
Adam A. Allgood (pro hac vice)
RuyakCherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036
Telephone: (202) 838-1560
tomd@ruyakcherian.com
michaelw@ruyakcherian.com
adama@ruyakcherian.com

Korula Cherian
Robert Harkins
RuyakCherian LLP
1936 University Ave., Ste. 350
Berkeley, CA 94702
Telephone: (510) 944-0190
sunnyc@ruyakcherian.com
bobh@ruyakcherian.com

*Attorneys for Team Worldwide Corporation and Cheng-Chung Wang*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing on March 8, 2022 with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all registered users.

By: /s/ *Alexandra M. Gabriel*
Alexandra M. Gabriel (VSB No. 89185)
KALEO LEGAL
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Phone: 757.238.6383
Fax: 757.304.6175
agabriel@kaleolegal.com