IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

THE COLEMAN COMPANY, INC.,

    Plaintiff/Counter-Defendant,

    v.

TEAM WORLDWIDE CORPORATION,

    Defendant/Counter-Plaintiff,

and

CHENG-CHUNG WANG,

    Counter-Plaintiff.

CIVIL NO. 2:20cv351

## ORDER

This matter comes before the Court on Team Worldwide Corporation's ("Defendant"), Motion to Leave to File Supplemental Expert Discovery. ECF No. 244. For the reasons below, the Motion is **DENIED**. ECF No. 244.

### I. PROCEDURAL HISTORY

On June 29, 2020, The Coleman Company, Inc. ("Plaintiff") filed the instant lawsuit against Defendant alleging one count of Infringement of the '618 Patent. ECF No. 1 at 5. Count One alleges the following: "[Defendant] has been and is infringing at least claim 13 of the '618 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing for sale in the United States, including within this judicial district, without license or authority, products covered by the '618 patent, including, for example, the '618 Accused Products." Id. at 7.

On November 11, 2020, Defendant filed its answer to Plaintiff's Complaint, including three

1

counterclaim counts. ECF No. 18. On February 16, 2021, this Court granted leave for Defendant to file an amended answer, adding in Mr. Wang as a necessary party. ECF No. 47. Defendant filed its Amended Answer and Counterclaim on March 1, 2021, including the same three counterclaim counts. These three counts include:

- Count I: Declaratory Judgment of Non-Infringement of the '618 Patent
- Count II: Declaratory Judgment of the Invalidity of the '618 Patent
- Count III: Counterclaim for Infringement of the '926 Patent

ECF No. 47 at 12–14.

On February 18, 2021, the parties submitted their Joint Statement on Claim Construction in which they identified eleven disputed terms from the Asserted Patents and provided proposed constructions. ECF No. 48-1. The Court issued its original <u>Markman</u> hearing order on May 5, 2021. ECF No. 71. On October 21, 2021, Plaintiff filed its summary judgment motion ("Plaintiff's Summary Judgment Motion") asking the Court for a ruling of infringement of the '618 Patent and noninfringement of the '926 Patent. ECF Nos. 134, 135. On November 10, 2021, Defendant filed its summary judgment motion ("Defendant's Summary Judgment Motion") asking for a ruling of invalidity of the '618 Patent and validity of the '926 Patent. ECF Nos. 170, 171.

During the summary judgment motions on validity of the patents, the parties began to dispute the meaning of the term "mattress coil" as used in the '618 Patent, which was not included in the original <u>Markman</u> hearing. The Court asked for briefing, ECF No. 214, and interpreted the term "mattress coil" in its summary judgment order issued on February 4, 2022. ECF No. 232 at 10.

Defendant filed its Motion for Leave on February 16, 2022, asserting that the Court's construction implicated different prior art and asking leave to supplement its validity expert's

report. ECF Nos. 244, 245. Plaintiff filed its response in opposition on March 2, 2022. ECF No. 255. Defendant filed a reply on March 8, 2022. ECF No. 258.

The Motion is now ripe for consideration.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 16 generally governs scheduling cases. A scheduling order is issued per Rule 16(b), which "may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). Rule 26 deals with general provisions regarding discovery and, as relevant here, states that additions or changes to any expert reports must be disclosed by the time a party's pretrial disclosures are due under Rule 26(a)(3). Fed. R. Civ. Pro. 26(e)(2). Pretrial disclosures are generally due at least 30 days before trial but were due in this case on February 8, 2022. Fed. R. Civ. Pro. 26(a)(3)(B); ECF No. 107.

When analyzing good cause, "courts generally weigh the danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." AMBIMJB, LLC v. Strategic Armory Corps, LLC, Civil No. JKB-20-807, 2020 WL 5798366, at *3 (D. Md. Sept. 29, 2020) (internal quotations omitted). Particularly relevant is the moving party's diligence in asking for the extension. Reese v. Va. Intern. Terminals, Inc., 286 F.R.D. 282, 285 (E.D. Va. 2012).

Few courts have considered whether a new patent claim construction in a summary judgment order represents good cause, but the few courts that have found claim construction does not constitute good cause. See, e.g., Fisher & Paykel Healthcare Limited v. Flexicare Inc., Case No. SACV 19-835 JVS, 2021 WL 5994968, at *3 (C.D. Cal. Sept. 16, 2021). The Fisher court noted that, when examining the issue, the "key is whether [a party] could have anticipated that the Court might have adopted the constructions that it did." Id.

3

### III. DEFENDANT'S MOTION TO LEAVE

Defendant argues that good cause exists because the Court's construction of the word "coil" was one that neither party advanced and "[Defendant's] expert could not have anticipated, nor responded to, the Court's construction of 'coil' until after the order issued." ECF No. 245 at 2. Plaintiff responds that the Court's construction could have been anticipated because the Court stated that Plaintiff's proposed definition "resembles the structure of the coils in the '618 Patent." ECF No. 255 at 6–7 (quoting ECF No. 232 at 10). Plaintiff also contends that this interpretation was based off the '618 Patent's language and prosecution history. ECF No. 255 at 7. Defendant replies by noting Plaintiff is not prejudiced since trial is more than four months away and that it has already had access to the prior art it proposes to add to its report. ECF No. 258 at 2. Defendant also notes that several courts across the country have implemented specific patent rules stating claim construction may be good cause to supplement expert discovery. Id. at 5–8.

The Court finds Defendant lacks good cause for leave to supplement. On February 4, 2022, the Court issued its summary judgment order, which interpreted the word "coil." ECF No. 232 at 10. The Court arrived at the following definition: "flexible structures possessing spaced elongate members that extend continuously from the first to the second panel." Id. It arrived at this definition based on the prosecution history and the specification language describing the coils in the '618 Patent. Id.

Defendant claims this construction was unforeseeable, but the Court disagrees. In fact, the Court's definition focuses largely on the specification of the '618 Patent, which is exactly what Plaintiff's validity expert, Dr. Wayne Li, identified as the proper scope of the definition in his August 17, 2021 deposition. See ECF No. 175-4 at 6 (pointing to various lines in the '618 Patent specification for his definition of "coil"). It is this definition that Defendant had an issue with in its summary judgment motion on validity, which was submitted to the Court on November 10,

4

2021. ECF No. 171 at 16. Defendant itself even acknowledged in its summary judgment motion that Dr. Li relied on a definition where "each coil has a first elongate member and the spaced second elongate member joined at one end to a first plate and a spaced second end to a second plate." Id.

Defendant supports its position by insisting other courts with significant patent litigation have specific rules allowing supplementation for term construction where the parties did not propose the Court's adopted definition. ECF No. 258 at 5–8. However, in reviewing those rules, the Court finds them permissive, not mandatory. See id. (citing rules that use the term "may" in determining whether such circumstances constitute good cause under Rule 16). Additionally, Plaintiff proposed the following definition on January 19, 2022 when asked to brief the issue: "At least two closely spaced elongate members connecting a mattress top and bottom surface to approximate the size and stability of a conventional spring mattress coil." ECF No. 217 at 2. As the Court noted in its summary judgment order when defining "coil," "[t]he Court finds Plaintiff's definition more closely resembles the structure of the coils in the '618 Patent." ECF No. 232 at 10. Therefore, while no party proposed a word for word definition that the Court adopted, Plaintiff's proposed definition significantly matched the definition given by the Court. Therefore, the Court finds Plaintiff's proposed definition similar enough to the Court's definition to find Plaintiff functionally proposed the adopted definition by the Court.

As stated, the Court's definition of the word "coil" is substantially similar to Dr. Li's working definition, which Defendant had knowledge of at least as early as August 17, 2022, the date of Dr. Li's deposition. Additionally, the Court's definition is substantially similar to the one proposed by Plaintiff on January 19, 2022. For these reasons, the Court finds that Defendant could have anticipated the Court's definition much earlier than its current Motion for Leave. Fisher,

2021 WL 5994968, at *3. Accordingly, the Court finds that Defendant was not diligent in seeking leave and holds no good cause has been shown here. Therefore, Defendant's Motion for Leave must be **DENIED**. ECF No. 244.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
UNITED STATES DISTRICT JUDGE
Senior United States District Judge

Norfolk, VA
March ___, 2022