UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| THE COLEMAN COMPANY, INC., ) <br> ) <br> Plaintiff/Counter-Defendant, ) <br> ) <br> v. ) <br> ) <br> TEAM WORLDWIDE CORPORATION, ) <br> ) <br> Defendant/Counter-Plaintiff. ) <br> ) <br> and ) <br> ) <br> CHENG-CHUNG WANG, ) <br> ) <br> Counter-Plaintiff ) <br> ) | Case No. 2:20-cv-351 |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff/Counterclaim-Defendant the Coleman Company, Inc.'s ("Coleman") Motion For Attorney Fees and accompanying memorandum in support. ECF No. 249. Therein, Coleman seeks fees for its successful motion for sanctions, as well as fees for the successful motion to compel that preceded the sanctions motion. *Id.* Defendant/Counterclaim-Plaintiff Team Worldwide Corporation's ("TWW") filed an opposition, ECF No. 259, and Coleman filed a reply. ECF No. 266. The United States District Judge referred the Motion for Sanctions to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 54. ECF No. 267. Having reviewed the briefing and the relevant authority, the undersigned has determined that a hearing is not necessary for adjudication of this motion in accordance with Federal Rule of Civil Procedure 78(b) and E.D. Va. Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that Coleman's Motion for Attorney Fees be **GRANTED IN PART** and **DENIED IN PART**.

## I. PROCEDURAL BACKGROUND

By order dated October 18, 2021, the Court granted a motion to compel filed by Coleman ("the Original Motion to Compel"), and ordered TWW to respond to Coleman's interrogatory and request for production of documents regarding TWW's compensation to its retained expert witness, Dr. Glen Stevick, for past testimony he has given in support of TWW's litigation since 2015. ECF No. 133 at 2–4. On January 6, 2022, Coleman filed a motion for sanctions arguing that TWW violated the order granting the Original Motion to Compel by failing to sufficiently produce responsive documents to Coleman's discovery requests regarding Dr. Stevick's compensation ("the Motion for Sanctions"). *See* ECF Nos. 208; 209 at 3–5. After the motion was fully briefed and the Court held a hearing, the Court found that TWW violated the Order granting the Original Motion to Compel and found that TWW's violation was harmful and not substantially justified. ECF No. 238 at 1–3. After making these findings and granting Coleman's motion for sanctions, the Court directed Coleman to submit a motion for attorneys' fees substantiating its costs and fees for pursuing the motion for sanctions. *Id.* at 2. The Court also noted that if Coleman believed it was entitled to recover reasonable expenses for pursuing the Original Motion to Compel, it should include such information including relevant authority in the motion for attorneys' fees. *Id.* at 2, n.1. In accordance with the Court's Order, Coleman filed the instant motion seeking attorneys' fees for both the Original Motion to Compel, the subsequent Motion for Sanctions, and the instant motion for attorney fees ("the Motion for Attorneys' Fees"). ECF No. 249.

With respect to the Original Motion to Compel, Coleman proffers that it is entitled to $8,606.00, based on 16.8 hours of work. ECF No. 249 at 15. As for the Motion for Sanctions, Coleman seeks $33,086 for attorneys' fees based on 89.3 hours of work, as well as $1,545 in costs,

for a total of $34,631.92. *Id.* Finally, for the instant Motion for Attorneys' Fees, Coleman seeks $14,263 in attorneys' fees based on 30.6 hours of work, as well as $4,050 in costs, for a total of $18,313. ECF No. 266 at 13. As for their hourly rates, Coleman proffered that the following attorneys worked on the motions and charged hourly rates as follows: (1) Mr. John Harbin, a senior partner at Meunier Carlin and Curfman, LLC, at $610/hour; (2) Mr. Warren Thomas, a partner at Meunier Carlin and Curfman, LLC, at $490/hour; (3) Mr. Lee Hamilton, an associate at Meunier Carlin and Curfman, LLC, at $270/hour[1]; (4) Mr. R. Braxton Hill, a partner at Christian & Barton LLP, at $430/hour; and (5) Mr. David Lacy, a partner at Christian & Barton, LLP, at $420/hour. ECF No. 249 at 12–13. Additionally, Coleman seeks to recover time from Ms. Felice Ernst, a paralegal at Meunier Carlin and Curfman, LLC, at $205/hour. *Id.*

In terms of the attorneys' efforts and experience, Mr. Harbin, who has "over thirty years of experience in intellectual property and litigation," deposed Dr. Stevick, and participated in the January meet and confer with TWW. *Id.* at 13. Mr. Thomas has over ten years of experience with intellectual property and litigation, and clerked for a district court judge. *Id.* at 13. Mr. Thomas largely drafted the Original Motion to Compel and argued the Motion for Sanctions. *Id.* Mr. Hamilton has over two years of intellectual property litigation and drafted the majority of the Motion for Sanctions. *Id.* at 13. Felice Ernst assisted in finalizing briefs and exhibits with respect to the relevant motions. *Id.* As for local counsel, Mr. Hill and Mr. Lacy, Mr. Hill was the primary contact for local counsel, and attended the hearings on the Original Motion to Compel and Motion for Sanctions. *Id.* at 13. Mr. Lacy assisted when Mr. Hill was unavailable. *Id.*

---

[1] In its motion for attorneys' fees, Coleman represents that Mr. Hamilton's hourly rate is $290/hour. ECF No. 249 at 12. However, Mr. Thomas's sworn declaration in support of the motion represents that Mr. Hamilton's rate is $270/hour. ECF No. 249, attach. 1 at 6. Accordingly, the Court uses that rate.

3

Coleman additionally submitted a declaration from Mr. Conrad Shumadine to opine on the reasonableness of the legal fees and costs incurred by Coleman in pursuing the Original Motion to Compel and Motion for Sanctions. ECF No. 249, attach. 8. Therein, Mr. Shumadine opined that "Meuiner is a highly-regarded boutique intellectual property law firm which was selected by Coleman for this case based on its experience and expertise in the intellectual property area" and that "intellectual property law is a distinct specialty that requires specialized expertise and experience justifying higher hourly rates." *Id.* at 6. Mr. Shumadine further stated that the rates Meunier Carlin & Curfman charged Coleman "are lower than its normal rates and are lower than the normal rates charged by intellectual property firms." *Id.* As for local counsel, Mr. Shumadine opined that local counsel, the law firm Christian and Barton, is "a highly regarded Richmond law firm with demonstrated experience in trial law" and that he has worked with Mr. Hill and Mr. Lacy and finds their rates to be reasonable. *Id.* As for the work performed, Mr. Shumadine stated that "Coleman's attorneys effectively and efficiently handled the Motion to Compel and Motion for Sanctions" and spent a reasonable amount of time to file and argue those motions. *Id.* at 7, 9–10. Mr. Shumadine did not, however, proffer any opinion as to whether attorneys practicing in the Norfolk and Newport News divisions of the Eastern District of Virginia charge similar rates for similar work. *See id.*

TWW opposes Coleman's fee request, arguing first that Coleman is not entitled to fees for the Original Motion to Compel because Coleman did not seek fees in the first instance, and it would be prejudicial for the Court to retroactively award fees that were not originally sought. ECF No. 259 at 5. TWW further argues that Coleman's fee request is unreasonable because the number of hours spent on the Motion for Sanctions and the rates proffered by Coleman are excessive. ECF No. 259 at 12–13, 19–25.

## II. ANALYSIS

*A. Coleman is Not Entitled to Attorneys' Fees for Its Original Motion to Compel, but is Entitled to Fees for Its Motion for Sanctions and Motion for Attorneys' Fees.*

Coleman's Motion requests an award of reasonable expenses with respect to its time preparing: (1) Coleman's Original Motion to Compel which the Court granted on October 18, 2021 (*see* ECF No. 133), as well as its opposition to TWW's Motion for a Protective Order, which involved the same information as Coleman's Motion to Compel; (2) Coleman's Motion for Sanctions (*see* ECF No. 208); and (3) Coleman's instant Motion for Attorneys' Fees.

The Federal Rules of Civil Procedure allow a party who has prevailed on a discovery motion to seek reasonable expenses. Rule 37(a)(5)(A) governs when a party's motion to compel is granted or where discovery is provided after the filing of a motion to compel. Fed. R. Civ. P. 37(a)(5)(A). Under those circumstances, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.* However, an award of fees is not mandatory, despite the submission of discovery responses after filing a motion to compel or when a motion to compel is granted where: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* Rule 37(b)(2)(C) governs when a party fails to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(C). Under those circumstances, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.*

5

With respect to Coleman's Original Motion to Compel and opposition to TWW's Motion for a Protective Order, Coleman is not entitled to its attorneys' fees. Although Coleman's motion was granted, under Rule 37(a)(5)(A), the Court finds that an award of fees is not mandatory as "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Specifically, Coleman did not request fees in its Original Motion to Compel, and Coleman affirmed that decision at the hearing on the Motion for Sanctions on February 11, 2022. There, Coleman stated "We didn't ask for fees at the time. It's a discovery dispute. Parties get into discovery disputes." ECF No. 242 at 20. Under these circumstances, an award of fees would be unjust because Coleman recognized that it disavowed its right to fees when it did not request them in the Original Motion to Compel. Accordingly, Coleman should not be permitted to recover such fees now.

Coleman is entitled to fees for pursuing its Motion for Sanctions under Rule 37(b)(2)(C). After holding a hearing on Coleman's Motion for Sanctions, the Court held that Coleman was entitled to recover its attorneys' fees from TWW. ECF No. 238 at 2. As explained at the hearing, TWW's failure to appropriately provide the discovery that led to the Motion for Sanctions was not substantially justified and no circumstances would make an award of expenses unjust. Additionally, Coleman is entitled to recover its fees for pursuing the instant Motion for Attorneys' Fees. As this Court has previously found, Rule 37 permits recovery for "all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly." *Lismont v. Alexander Binzel Corp.*, 47 F. Supp. 3d 443, 454-55 (E.D. Va. 2014) (quoting the persuasive reasoning of *In re Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir. 1987)). With this principle in mind, Coleman is entitled to recover the reasonable attorney's fees that would not have been incurred had TWW timely complied with this Court's Order.

### B. Coleman is Entitled to Recover $21,727 in Attorneys' Fees for the Motion for Sanctions and Motion for Attorneys' Fees.

In determining an appropriate fee award under Rule 37, the Court evaluates the reasonableness of attorneys' fees by comparing the requested amount to the lodestar amount, which is defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). In determining what constitutes a reasonable number of hours and rate, the Court looks to the factors enumerated in *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009). Specifically in connection with an award of attorneys' fees awarded pursuant to Rule 37, the Court looks to (1) Factor 1: the time and labor expended; (2) Factor 2: the novelty and difficulty of the questions raised; (3) Factor 3: the skill required to properly perform the legal services rendered; (4) Factor 5: the customary fee for like work; (5) Factor 9: the experience, reputation and ability of the attorney; and (6) Factor 12: attorneys' fees awards in similar cases. *Id.; Sun Trust Bank v. Nik*, No. 1:11cv343, 2012 WL 1344390, at *3 (E.D. Va. Mar. 22, 2012). The burden is on the party requesting fees to establish their reasonableness. *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990); *Cook v. Andrews*, 7 F. Supp. 2d 733, 736 (E.D. Va. 1998). Finally, it is within the sound discretion of the Court to fix the amount of a reasonable fee. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

i. Factor 12: Attorneys' Fee Awards in Similar Cases

With respect to the twelfth factor, attorneys' fee awards in similar cases, the Court looks to other cases with similar facts and circumstances. Coleman directs the Court to several cases wherein the court awarded fees ranging from $15,980-$57,722 for motions to compel. For example, on the high end, in *CertusView v. S & N Locating Servs., LLC*, the court awarded $57,722 in attorneys' fees and $3,200 in costs for *two* motions to compel. No. 2:13CV346, 2015 WL 5125327, at *10 (E.D. Va. Sept. 1, 2015). In *Flame S.A. v. Indus. Carriers, Inc.*, the court awarded

7

$39,318.50 in attorneys' fees following a motion for sanctions wherein the disobedient party failed to produce nine categories of information and engaged in "stonewalling" and "delay tactics." No. 2:13-CV-658, 2014 WL 5410613, at *3 (E.D. Va. Oct. 22, 2014). On the lower end, in *Scott v. Clarke*, the Western District of Virginia awarded $15,980 in attorneys' fees after a defendant refused to produce documents and plaintiffs succeeded on a motion to compel. No. 3:12-CV-00036, 2014 WL 1463755, at *6 (W.D. Va. Apr. 15, 2014). In response, TWW directs the Court to *Swimways Corp. v. Aqua-Leisure Indus., Inc.*, where the court awarded attorneys' fees in the amount of $8,600 for a motion to compel and motion for sanctions where the Defendant failed to comply with the court's discovery order, and though the motions were "factually involved" they involved "no complicated legal work." No. 2:16-CV-260, 2017 WL 3262135, at *4 (E.D. Va. July 31, 2017).

The Court **FINDS** that this case is more similar to *Scott* and *Swimways*. The Motion for Sanctions here involved a relatively straight-forward discovery dispute, in that TWW simply did not produce the information it was ordered to produce. Although there was a slightly more complicated issue concerning whether TWW could create documents to respond to a discovery request, only minimal legal research was required to determine that no clear answer existed.

    ii.    Factors 1 & 2: The Time and Labor Expended, and the Difficulty of the Questions Raised

At the outset, the Court notes that Coleman and its attorneys have an alternative billing arrangement, where Colemans' attorneys are "paid a flat fee or monthly retainer for the work performed." ECF No. 249 at 11. Nonetheless, the Court may make an attorneys' fee award based on a reasonable hourly rate. *See e.g., Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (noting in the context of a fee award pursuant to 42 U.S.C. § 1988 that "the lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have

received if he or she had been representing a paying client who was billed by the hour in a comparable case.)

According to the time records proffered by Coleman, on the Motion for Sanctions, five attorneys and one paralegal spent 73.1 hours preparing the memorandum in support, and the reply memorandum for the Motion for Sanctions. *See* ECF No. 249, attach. 2. Additionally, two attorneys spent 16.2 hours preparing for and attending the motions hearing. In total, Coleman requests 89.3 hours for the Motion for Sanctions. As for the Motion for Attorneys' Fees, four attorneys spent 19.2 hours drafting the memorandum in support, and reply memorandum. The specific work performed is detailed in the time entries, along with the attorney who performed the work and the rates that were charged. Based on these time entries and the nature of the issues that were litigated, the Court **FINDS** that the time expended was not reasonable.

The Motion for Sanctions largely dealt with a straightforward issue—the Court ordered production of the documents, and aside from a self-serving interrogatory answer and a couple "made up" documents, TWW did not produce any of its documents. Although there was a slightly more complex issue requiring research as to whether a request for production could be satisfied by an attorney-created document, the other issues were fairly straight-forward and simple. Thus, the issues in this case were largely simple. The time entries submitted by Coleman reflect a number of seemingly duplicative, or unnecessary entries. For example, the entries reflect over 20 hours by three different partners in simple tasks such as editing the Motion for Sanctions, drafting a motion to seal, and drafting memos regarding the motion to co-counsel. ECF No. 249, attach. 2. Such time is excessive and not reasonable to expend upon a Motion for Sanctions where the party largely failed to follow the Court's Order and produce the ordered discovery. While it is "reasonable and customary for 'associates and partners to work on the same motion,' the total time,

if excessive, must be reduced." *CertusView Techs., LLC*, 2015 WL 5125327, at *4 (internal quotation omitted). Under these circumstances and based on its experience, the Court **FINDS** that the drafting of the memorandum in support of the Motion for Sanctions and the reply memorandum should have taken no longer than 15 hours of associate time, 4 hours of partner time, 1 hour of local counsel time, and 3 hours of paralegal time.

With respect to the hearing on the Motion for Sanctions, Mr. Thomas, who argued at the hearing, spent 8.5 hours preparing for the hearing, attending the hearing, and debriefing the team about the hearing. Such hours are reasonable. However, local counsel, Mr. Hill, purportedly spent 5.8 hours preparing for the hearing at which he was not expected to argue, as well as 1.9 hours to attend the hearing. Mr. Hill's time spent in preparing for the hearing was not reasonable, and he should only recover 2 hours spent preparing for the hearing and his 1.9 hours to attend the hearing, for a total of 3.9 hours. Accordingly, in total for the Motion for Sanctions, the Court **FINDS** that Coleman may recover 15 hours of associate time, 12.5 hours of partner time, 4.9 hours of local counsel time, and 3 hours of paralegal time.

As for the Motion for Attorneys' Fees, Coleman spent 30.6 hours drafting the Motion for Attorneys' Fees, memorandum in support, and reply brief. ECF No. 266 at 14; ECF No. 266, attach. 2; ECF No. 242, attach. 2. Mr. Thomas generally performed the majority of the drafting, with research, editing, and expert witness assistance from Mr. Lacy and Mr. Hill. Coleman did not have any associate draft or perform research to assist in drafting the motion, but did have both Mr. Hill and Mr. Lacy research cases and materials related to fee applications. *See* ECF No. 249, attach. 2 at 5–6 (demonstrating entries from Mr. Hill for "[r]esearch and review . . . [of] cases and materials relating to fee applications" and from Mr. Lacy for "[a]nalyze . . . case law regarding reasonable rates in the Eastern District of Virginia, Norfolk Division."). Moreover, Coleman

requested fees for preparing its reply brief, including its decision to provide a supplemental declaration from Mr. Shumadine. ECF No. 266, attach. 2. However, Mr. Shumadine's supplemental declaration was in large part only necessary because Coleman erred in submitting Mr. Shumadine's billing rate. *See infra*, note 2. Although Coleman's hours were generally reasonable, it was not necessary to have two partners conduct legal research on the same issue, and their hours should be reduced in connection with Mr. Shumadine's supplemental declaration. Accordingly, the Court **FINDS** that Coleman should be entitled to recover 15 hours of partner time and 6 hours of local counsel time in connection with the Motion for Attorneys' Fees.

      iii.    <u>Factors 3, 5, & 9: The Skill Required, Customary Fee for Like Work, and Experience, Reputation, and Ability of the Attorneys.</u>

Factors three, five, and nine, impact the hourly rate at which Coleman seeks reimbursement for its attorneys. With respect to the third factor, the Motion for Sanctions, and the Motion For Attorneys' Fees did not require exceptional skill. Although this case generally involves complex patent issues, the issue surrounding the Motion to Compel and Motion for Sanctions involved a straight-forward discovery dispute regarding the compensation of an expert witness. Nonetheless, the Motion for Sanctions was justified, and Coleman's attorneys prepared sound memoranda, including exhibits, which were capably done and provided appropriate evidentiary support.

As for the ninth factor—the ability and experience of the attorneys involved—the Court notes that each of the attorneys involved in these motions are competent and skilled attorneys. The attorneys from Meunier Carlin and Curfman are all specialized intellectual property lawyers, with, for the most part, substantial experience in intellectual property litigation. ECF No. 249, attach. 1 at 5–6. Local counsel, Mr. Hill and Mr. Lacy, are experienced partners specializing in commercial civil litigation. ECF No. 249, attach. 7.

As for the fifth factor, the customary fee for like work, Coleman contends that its requested rates are in line with reasonable hourly rates charged for this type of work in this Division. ECF No. 249 at 12. To support a request for reasonable fees, "the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *See Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). Accordingly, the Court first considers Coleman's declaration from Mr. Shumadine. *See* ECF No. 249, attach. 8 at 8–12. Mr. Shumadine's declaration states that Meunier Carlin & Curfman charged lower than its normal rates to Coleman, and that those rates are lower than the normal rates charged by intellectual property firms. *Id.* at 6. Mr. Shumadine further declares that the rates charged by Meunier Carlin & Curfman and Christian and Barton are "clearly reasonable." *Id.* at 6–7. However, although Mr. Shumadine states that the Meunier Carlin & Curfman attorney rates are "reasonable" and "lower than the normal rate," he never opines on what the "normal" rate is that is charged by intellectual property firms. Nor does Mr. Shumadine explain whether Meunier Carlin & Curfman or Christian and Barton's rates are typical market rates in the Eastern District of Virginia. Significantly, he offers no discussion of how these proposed rates might compare to the fees actually charged by Coleman's attorneys routinely under their flat fee or monthly retainer arrangement. Accordingly, Mr. Shumadine's opinion that Coleman's attorneys charged reasonable rates is only of limited value.

Coleman also cites case law where this Court has found rates of $675/hour for partners and $387-$435 for associates reasonable. *See* ECF No. 249 at 14 (citing *CertusView Techs., LLC*, 2015 WL 5125327, at *7 and *Swimways Corp. v. Tofasco of Am., Inc.*, No. 2:08CV481, 2009 WL 10690051, at *5 (E.D. Va. Sept. 3, 2009)). The Court recognizes that "[p]atent law is a highly specialized area and requires a high level of expertise; therefore, hourly rates that are higher than

those of general practitioners is to be expected." *Lismont v. Alexander Binzel Corp.*, 47 F. Supp. 3d 443, 458 (E.D. Va. 2014) (citing *Rutherford Controls Int'l Corp. v. Alarm Controls Corp.*, No. 3:08cv369, 2009 WL 4015357, at *4 (E.D. Va. Nov. 17, 2009)). However, in *Swimways Corp. v. Tofasco*, the issue litigated leading to the attorneys' fee award was whether the defendants willfully violated an injunction, causing over 20,000 of its product to be shipped from China to the defendants' customers after the injunction. 2009 WL 10690051, at *2. As this was a complicated issue, involving more intensive investigation and litigation than the simple application of the federal rules of civil procedure, a higher billing rate was justified. *Id.* at 2, 5. As for *CertusView*, in that case, the attorneys' billing rates were not contested by the opposing party and were supported by a declaration, and therefore, the Court found those rates reasonable. 2015 WL 5125327, at *7. In other cases, this Court has found a billing rate of for a partner in a patent case between $300-$450 reasonable. *See Swimways Corp. v. Aqua-Leisure Indus., Inc.*, No. 2:16-CV-260, 2017 WL 3262135, at *5 (E.D. Va. July 31, 2017) (finding partner billing rate of $450 reasonable); *Lismont v. Alexander Binzel Corp.*, 47 F. Supp. 3d 443, 459 (E.D. Va. 2014) (finding partner billing rate between $410 and $550 reasonable); *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525, 2014 WL 6685440, at *5 (E.D. Va. Nov. 25, 2014) (finding partner billing rate of $300 reasonable).

Ultimately, in determining a reasonable hourly rate, Mr. Shumadine's declaration was not particularly helpful because it did not explain whether Colemans' attorneys' rates were typical in this Court, especially that of Mr. Harbin, and the customary fee for like work ranges from $300-$675/hour. Thus, where proffered evidence is deficient, "the Court may set a reasonable hourly rate based upon its own knowledge and experience. *Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13-CV-658, 2014 WL 7185199, at *9 (E.D. Va. Dec. 16, 2014). Under these circumstances, the Court

**FINDS** that Coleman is entitled to the following hourly rates: Mr. Hamilton ($270/hour), Mr. Hill ($430/hour), Mr. Lacy ($430/hour), and Ms. Ernst ($205/hour). For the same reasons, the Court also **FINDS** that Mr. Harbin's and Mr. Thomas's requested rates of $610/hour and $490/hour, respectively, were not reasonable, and therefore their rates will be reduced to $450/hour.

In light of these considerations, the Court arrives at the proper lodestar amount by multiplying the time and labor authorized by the Court, by the billable rates determined for each attorney, and accordingly **FINDS** that Coleman should be awarded attorneys' fees in the amount of $21,727. The breakdown of the calculation is summarized in the following chart:

| Attorney | Rate | Hours for Motion for Attorneys' Fees | Hours for Motion for Attorneys' Fees | |
|---|---|---|---|---|
| Mr. Harbin/Thomas ($450) | $450 | 12.5 | 15 | |
| Mr. Hamilton ($270) | $270 | 15 | X | |
| Ms. Ernst ($205) | $205 | 3 | X | |
| Mr. Hill/Mr. Lacy ($430) | $430 | 4.9 | 6 | |
| Total Attorneys' Fees | | $12,397 | $9,330 | $21,727 |

### C. Coleman is Entitled to recover $3,824.56 in Costs.

In addition to its attorneys' fees, Coleman has also requested the Court award costs in the amount of $5,592.92 to compensate Coleman for costs spent to attend the hearing on the motion for sanctions, and for retaining its expert witness, Mr. Shumadine. ECF No. 266 at 14. For its travel costs, Coleman submits that it incurred $1,545.92 in travel expenses for Mr. Thomas and Mr. Hill to attend the hearing on the motion for sanctions. ECF No. 249 at 14–15; ECF No. 249, attach. 6 at 2–3. TWW does not object to Mr. Thomas's travel costs, but argues that Mr. Hill's costs were excessive as local counsel. ECF No. 259 at 27. Coleman also submits that it incurred $4,050 in retaining Mr. Shumadine to review the motions and submit a declaration as to the

reasonableness of Coleman's fees. ECF No. 249 at 15. TWW argues that Mr. Shumadine's declaration was not helpful and therefore Coleman should not be able to recover those costs. ECF No. 259 at 27.

First, with respect to Coleman's travel costs, it is appropriate to award Coleman its costs for Mr. Thomas's travel. However, Mr. Hill's travel costs are unreasonable. While there may be circumstances in which an overnight stay for local counsel for a motion hearing the following day could be appropriate, this was not one of those circumstances. The hearing on the Motion for Sanctions was set for February 9, 2022 at 12:00 PM. Contrary to Coleman's assertion that Mr. Hill's "appearance at a 12:[00] PM hearing necessitated an overnight stay in a local hotel," (ECF No. 266 at 13), Mr. Hill's office located at 909 E Main St, Richmond, VA 23219-3095, is 98 miles from the Norfolk Federal Courthouse. This left Mr. Hill plenty of time to drive from Richmond to the Norfolk Courthouse on the morning of February 9 to attend the hearing. Mr. Hill's overnight stay in a local hotel was not necessary, and accordingly, Coleman should not be permitted to recover those costs. While the Court would be inclined to permit Mr. Hill to recover his mileage and parking for attending the hearing on the Motion for Sanctions, those costs are not separated out from his lodging costs, and accordingly, the Court declines to speculate the total of those costs. *See* ECF No. 249, attach. 6 at 3. Coleman also notes that Mr. Hill, paid for dinner for both himself and Mr. Thomas the evening before the hearing, totaling $112.99. ECF No. 249, attach. 6 at 3; ECF No. 266 at 14. Because Mr. Hill's costs traveling to Norfolk before the hearing were not reasonable, Coleman is entitled to recover half that cost, representing only Mr. Thomas's share of the meal. Thus, the Court **FINDS** that Coleman is entitled to recover $1,124.56 for Mr. Thomas's costs to attend the hearing on the Motion for Sanctions.

15

Second, with respect to Coleman's costs in connection with Mr. Shumadine's declaration, Coleman requests $4,050 for 10.8 hours of Mr. Shumadine's work, at a rate of $375/hour.[2] Coleman was justified in retaining Mr. Shumadine to provide a declaration, since it was Coleman's burden to produce "satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which [it] seeks an award." *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009). However, Mr. Shumadine's declaration was only somewhat helpful to the Court. Mr. Shumadine opined that Colemans' attorneys' billing rates and hours spent working on the motions were reasonable, however, Mr. Shumadine devoted several paragraphs of his declaration to stating how it was important for Coleman to file the original Motion to Compel and to pursue the Motion for Sanctions—a point which the Court had already determined when it granted the Motion for Sanctions and instructed Coleman to file a motion for attorneys' fees. *See* ECF No. 249, attach. 8, ¶¶ 24–25, 28. Additionally, Mr. Shumadine did not explain whether Colemans' attorneys' billing rates were typical market rates in the Eastern District of Virginia. Because of this, the Court will reduce the number of hours Mr. Shumadine spent on the declaration by one-third, for a total of 7.2 hours. Accordingly, the Court **FINDS** that Coleman is entitled to recover $2,700 in costs for its retention of Mr. Shumadine.

In sum, the Court **FINDS** that Coleman is entitled to recover $3,824.56 in costs.

---

[2] Coleman originally proffered that Mr. Shumadine "is being compensated at his customary rate of $550/hour." ECF No. 249 at 15; ECF No. 249, attach. 8 at 10. However, Mr. Shumadine's contemporaneous time entries reflect a rate of $375/hour, and Coleman initially calculated Mr. Shumadine's costs using a billing rate of $375/hour. ECF No. 249 at 15 ($375 x 10.8 hours = $4,050); ECF No. 249, attach. 8 at 11–12. Coleman submitted a supplemental declaration with its reply brief stating that "the rate being charged is $550/hour" and the rate of $375/hour was a "scrivener's error." ECF No. 266, attach. 1. Nonetheless, Coleman proffered that it will not revise its request to reflect Mr. Shumadine's $550/hour billing rate, and maintains its requested cost of $4,050. ECF No. 266 at 11, n. 4. Because of this, the Court will use Mr. Shumadine's billing rate of $375.

### III. RECOMMENDATION

Accordingly, the undersigned **RECOMMENDS** that Coleman's Motion for Attorneys' Fees, ECF No. 249, be **GRANTED IN PART**, and that Coleman be awarded $21,727 in attorneys' fees and $3,824.56 in costs, for a total award of $25,551.56. Neither party addressed whether this reasonable expense award should be borne by TWW, its attorneys, or both, pursuant to Rule 37(b)(2)(C). Nonetheless, because TWW's obligation to comply with this Court's original Order requiring it to produce documents fell on both TWW and its attorneys, the undersigned **RECOMMENDS** that both be subject to the award.

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen (14) days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985);

*Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward this Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
May 9, 2022