IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| THE COLEMAN COMPANY, INC., | § § § § § § § § § § § § § § § § § | |
| *Plaintiff/Counterclaim Defendant,* | | |
| v. | | Civil Action No. 2:20-cv-351 |
| TEAM WORLDWIDE CORPORATION, | | JURY TRIAL DEMANDED |
| *Defendant/Counterclaim Plaintiff,* | | |
| and | | |
| CHENG-CHUNG WANG, | | |
| *Counterclaim Plaintiff.* | | |

**DEFENDANT/COUNTERCLAIM PLAINTIFF TEAM WORLDWIDE CORPORATION'S MEMORANDUM IN SUPPORT OF RENEWED MOTION TO SERVE A SUPPLEMENTAL EXPERT REPORT**

Team Worldwide Corporation ("TWW") respectfully moves for leave to serve a short (five-page) supplemental invalidity expert report to address this Court's claim construction ruling on the term "coil." *See* ECF No. 232 at 10. A copy of TWW's proposed supplemental expert report is attached as Exhibit A. As discussed below, TWW has good cause to serve this supplemental expert report in light of the Court's claim construction of the term "coil" when resolving summary judgment, given that trial is set to begin January 30, 2023, and because ample time exists for TWW to serve this supplemental report and for Coleman to provide its own report if it so chooses. *See* ECF No. 284. Granting this Motion, therefore, will not materially impact the pre-trial schedule or delay the case. Additionally, Coleman will not be prejudiced by this short supplemental report from TWW's invalidity expert, particularly as the report does not introduce any new prior art

references. Further, TWW has acted in good faith in seeking leave to serve a supplemental expert report limited to addressing the Court's construction of the claim term "coils."

Prior to the reassignment of the case, TWW moved the Court for leave for supplemental expert discovery (*see* ECF No. 244) to provide TWW's expert an opportunity to address the invalidity issue in light of the Court's claim construction. As explained below, that motion was denied. In view of the reassignment of this case to another judge of this Court and the rescheduling of trial to January 30, 2023, and the resulting change in circumstances since the Court ruled on the initial motion, TWW has filed this renewed motion to allow the Court to address the issue and rectify an issue that, otherwise, could become a ground for appeal. Specifically, the trial date has been moved so trial is now over six months away, TWW now seeks to serve only a five-page supplemental report and has no objection to Coleman being given a reasonable period to serve a responsive expert report.

In light of these changed circumstance, and in view of the importance of both parties' experts being given an opportunity to address the Court's construction of the term "coil," TWW respectfully requests that the Court grant TWW leave to serve the supplemental invalidity expert report attached as Exhibit A.

I.     **Background**

In its summary judgment briefing, TWW noted that Coleman's infringement and validity experts offered widely different interpretations of the term "coil" as used in the claims of Coleman's '618 Patent, which had not been construed by the Court. *See* ECF No. 171. In response, the Court ordered supplemental claim construction briefing on this term. *See* ECF No. 214. In its February 4, 2022 summary judgment order, the Court did not adopt either party's proposed

construction.[1] *See* ECF No. 232. Instead, the Court construed "coil," as used in U.S. Patent No. 7,089,618 ("the '618 Patent") to mean: "flexible structures possessing spaced elongate members that extend continuously from the first to the second panel." ECF No. 232 at 10. Because the Court propounded its construction of "coil" after the close of expert discovery, neither party's experts have specifically applied this new construction in their respective expert reports.

On February 16, 2022, TWW moved to supplement expert discovery, including reports and depositions, in response to the Court's new construction. At that time, trial was only a month away.[2] After a brief hearing on TWW's motion on March 15, 2022, the Court denied TWW's motion stating, "I am not about to re-open this case and start from scratch." Hearing Tr., dated March 15, 2022 at 34; *see also* ECF No. 265. To be clear, TWW does not by its present Motion seek to re-open discovery broadly, but seeks to narrowly address the Court's construction of "coil" in the five-page supplemental expert report attached as Exhibit A.

After the Court's decision and the reassignment of this case to this Court, the Court reset the trial date to January 30, 2023, with pre-trial disclosures due in December 2022. *See* ECF No. 284. As a result, ample time exists within the pretrial schedule for both parties to address the Court's construction of "coil" without delaying trial or otherwise materially impacting the pretrial schedule.

**II.     TWW Has Good Cause to Serve a Supplemental Expert Report**

Federal Rule of Civil Procedure 16 generally governs scheduling cases. A scheduling order

---

[1] TWW proposed that the term "coil" should be construed to mean "flexible material attached to the top panel and the bottom panel" while Coleman proposed that it should be construed to mean "[a]t least two closely spaced elongate members connecting a mattress top and bottom surface to approximate the size and stability of a conventional spring mattress coil." *See* ECF No. 232 at 9-10.

[2] On February 25, 2022, the Court reset trial to begin on July 19, 2022. *See* ECF No. 252.

3

issued per Rule 16(b) "may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro. 16(b)(4). When analyzing good cause, "courts generally weigh the danger of prejudice to the nonmoving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *AMBIMJB. LLC v. Strategic Armory Corns. LLC*. Civil No. JKB-20-807, 2020 WL 5798366, at *3 (D. Md. Sept. 29, 2020) (internal quotations omitted).

Good cause exists to grant TWW leave to serve a supplemental invalidity expert report for several reasons. First, the fact that neither party's experts have applied the Court's new construction of "coil" in their respective expert reports could significantly impact the trial and confuse or mislead the jury. Because no expert has applied this construction in their reports, it is unclear if the parties' experts can even offer opinions at trial on whether the "coil" element meets the Court's construction.

Second, Coleman will not be prejudiced by this supplemental expert report as the report is only five pages, is limited to addressing the Court's construction to the issue of invalidity and does not introduce any prior art references new to Coleman. Third, TWW acted in good faith and did not delay in bringing its motion for leave to supplement its invalidity expert's report. At the time TWW served its initial expert report on invalidity, the Court had already issued its claim construction order and had not construed the term "coil." TWW could not have reasonably anticipated that the Court would, *sua sponte*, issue a construction of an additional claim term after all expert reports were served and expert discovery had been completed in the case.[3] For these

---

[3] When TWW moved to re-open expert discovery, the Court indicated that its ultimate construction of "coil" was foreseeable. *See* ECF No. 265 at 4-5. However, the issue was that the Court did not issue any construction but left the term to "plain meaning," which Dr. Stevick applied. The Court gave no indication it might revisit the construction of the term "coil" until after discovery closed, providing no opportunity for Dr. Stevick to provide an explanation based on a

4

reasons, this Court should grant TWW leave to serve the attached supplemental invalidity expert report.

### A. TWW's Supplemental Expert Report Will Avoid Confusion and Prejudice at Trial as No Expert Has Opined on the Court's New Construction

As the Court's new construction for "coil" issued well after the close of expert discovery, neither party's experts have applied this construction in their respective analyses. This potentially creates a significant dilemma for the Court and the parties at trial. Typically, at trial, an expert is limited to the opinions as expressly stated in the expert's reports or prior testimony. Since the Court did not construe "coil" until after expert discovery closed, no expert expressly addressed this construction—as a result, it would prejudice both sides, and possibly create an issue for appeal, if the parties were precluded from having their experts testify about how the Court's construction of "coil" impacts their analysis. This dilemma can be easily remedied with the service of a supplemental invalidity expert report now – months before trial.[4]

### B. Coleman Will Not Be Prejudiced by TWW Supplementing its Invalidity Expert Report

Service of a supplemental invalidity expert report will not prejudice Coleman. Prior to the Court's supplemental construction of "coil," The parties provided almost 300 pages of expert reports on the invalidity of Coleman's patent. TWW seeks leave to serve only a five-page, double-spaced supplement to briefly describe how the Court's construction of "coil" impacts Dr. Stevick's prior opinions. Further, TWW consents to Coleman being given the opportunity to provide its own

---

different construction. Dr. Stevick applied the same construction Coleman's infringement expert applied. An expert should not be tasked with applying other, different constructions when the Court had already issued its claim construction order and that is the construction previously applied by Dr. Stevick.

[4] While Coleman has not requested a supplemental infringement report to address the Court's new construction of "coil," TWW would not oppose any such request subject to reasonable scheduling and comparable in length (i.e., five pages).

five page, double-spaced supplemental report addressing the Court's construction. TWW is not proposing any additional summary judgment briefing or depositions, so the impact on the Court should be limited to resolving TWW's instant motion. Unlike the prior motion where the request was to re-open discovery, including depositions, here TWW's request is limited to each side issuing a five-page statement from its experts indicating how the Court's new claim construction impacts the experts' prior opinions.[5]

Importantly, Coleman will not be prejudiced as there is over six months to trial and pretrial disclosures are not due until December 2022. Federal Rule of Civil Procedure 26(e)(2) requires a party to supplement its experts' reports and deposition testimony when the party learns of new information. Under Rule 26(e)(2), any additions or changes to the expert report must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due. TWW would provide its supplemental expert report now, months before the required Rule 26 deadline.

Coleman also cannot claim prejudice based on the substance of TWW's proposed supplemental expert report. TWW is not adding any new prior art references to the case, but only pointing out how prior art references already identified by TWW's expert disclose "coils" as construed by the Court. That includes two prior references (Karpov and '926 Wang) and a reference in the prosecution history where the examiner himself found the reference to have "coils" – U.S. Patent Appl. 2003/0188388, to Boso et al. ("'388 Boso"). *See* ECF No. 232 at 10. As such, Coleman cannot be prejudiced by TWW's application of the '388 Boso reference in TWW's invalidity grounds.

### C. TWW Acted in Good Faith and Did Not Delay in Seeking to Supplement its Expert Report

TWW acted in good faith in seeking to supplement its invalidity expert report. As discussed above, TWW seeks to avoid impacting the trial as neither party's experts have opined on the Court's new construction and, thus, may not be able to testify on this construction. Further, TWW could not have reasonably anticipated the Court's construction. As the Court had not construed "coils" and neither party requested such a construction, TWW's expert applied a consistent interpretation of "coils" based on his understanding of the intrinsic record for the '618 Patent. In contrast, Coleman's invalidity and infringement experts used two different interpretations of the term "coil." *See* ECF No. 171 at 12-13. Thus, if it was incumbent on any party to seek a construction of "coil," then Coleman was the party that did not have a clear understanding of the term and should have sought construction from the Court.

TWW did not delay in seeking to supplement its invalidity expert report as TWW brought its original motion shortly after the Court construed the claim term "coil." TWW now brings its renewed motion as the Court recently reset the trial date to January 30, 2023, and TWW is now seeking to serve only a five-page supplemental report and is not seeking additional reports or depositions.

### III. Conclusion

TWW could not reasonably have anticipated, nor responded to, the Court's construction of "coil" when the Court had already issued its claim construction order and did not provide any indication that an additional construction would issue in a supplemental order until after expert reports were served and expert discovery closed. With the jury set to receive the Court's construction, good cause exists for TWW's expert to be able to apply that construction. For at least

7

the reasons stated herein, TWW respectfully requests that the Court grant TWW's motion for leave to serve the attached supplemental invalidity expert report.

Dated: July 14, 2022                                    Respectfully submitted,

By: /s/ *Alexandra M. Gabriel*
Alexandra M. Gabriel (VSB No. 89185)
William R. Poynter (VSB No. 48672)
David Sullivan (VSB No. 45027)
KALEO LEGAL
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Phone: 757.238.6383
Fax: 757.304.6175
agabriel@kaleolegal.com
wpoynter@kaleolegal.com
dsullivan@kaleolegal.com

Dana D. McDaniel (VSB No. 25419)
John M. Erbach (VSB No. 76695)
SPOTTS FAIN, P.C.
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Tel.: (804) 697-2065
Fax: (804) 697-2165
dmcdaniel@spottsfain.com
jerbach@spottsfain.com

Thomas M. Dunham (pro hac vice)
J. Michael Woods (pro hac vice)
**Cherian LLP**
1901 L St. NW, Suite 700
Washington, DC 20036
Telephone: (202) 838-1560
tomd@cherianllp.com
michaelw@cherianllp.com

Korula Cherian
Robert Harkins
**Cherian LLP**
1936 University Ave., Ste. 350
Berkeley, CA 94702
Telephone: (510) 944-0190

8

sunnyc@cherianllp.com
bobh@cherianllp.com

*Attorneys for Team Worldwide Corporation and Cheng-Chung Wang*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing on July 14, 2022 with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all registered users.

By: /s/ Alexandra M. Gabriel
Alexandra M. Gabriel (VSB No. 89185)
KALEO LEGAL
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Phone: 757.238.6383
Fax: 757.304.6175
agabriel@kaleolegal.com