**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| THE COLEMAN COMPANY, INC. <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> TEAM WORLDWIDE CORPORATION, <br><br> Defendant/Counterclaim Plaintiff. | C.A. No: 2:20-cv-351-RCY-LRL |

**OPPOSITION TO TEAM WORLDWIDE CORPORATION'S RENEWED MOTION TO
SERVE A SUPPLEMENTAL EXPERT REPORT**

I. **INTRODUCTION**

TWW's motion raises two questions: (1) whether reconsideration of the Court's prior order (ECF No. 265) denying TWW's prior motion seeking the same relief (ECF No. 245 (the "Original Motion")) is warranted; and (2) if it is, can TWW show good cause under Rule 16(b) to reopen discovery?

The answer to both questions is "no." Motions for reconsideration are granted only in "extraordinary circumstances"—where there are material changes or manifest error—and should not be filed to simply re-hash arguments previously denied by the Court. Here, TWW's brief points to no new facts or law that would have changed the outcome of this Court's previous order.[1] Thus, the request for reconsideration should be denied.

Even if this Court were to reconsider, it should reach the same result based on the same facts the Court considered before and deny TWW's motion. TWW asserts that the new trial date and judge constitute good cause under Rule 16(b). But this Court's previous order, finding good cause did not exist, did not depend on either the trial date or the judge. Instead, this Court *already found* that TWW anticipated the Court's claim construction ruling and had actual knowledge of the alleged discovery issue in August 2021. ECF No. 265 at 5–6. Thus, the Court found that TWW should have brought a Rule 16(b) motion "much earlier" than it did. *Id.* So, this Court's previous decision was based on TWW's conduct before their Original Motion was filed—not on the trial date or other factors.

---

[1] As noted below, the only practical "change" in this case is the transfer of the case from the Honorable Judge Doumar to the Honorable Judge Young. That basis is not supportive of a motion for reconsideration or "good cause" under Rule 16.

Today, TWW's failure to show diligence *still* prevents TWW from showing good cause to amend the scheduling order and re-open expert discovery. And allowing TWW to re-open discovery at this point would cause Coleman the same prejudice as before. Therefore, TWW's present motion is futile and lacks a sound legal or factual basis, warranting sanctions.[2]

For these and the other reasons set forth below, TWW's motion should be denied. In addition, the Court should enter an award of fees and costs to Coleman for having to rehash the same issues where nothing material has changed since the Court's denial of TWW's Original Motion.

## II.   FACTUAL BACKGROUND

TWW's Original Motion and the present motion are driven by litigation strategy. TWW claimed that the August 2021 deposition of Coleman's expert created an issue regarding the term "coil" or "mattress coil." *See* ECF No. 255 at 2–3. But TWW did not seek to extend discovery when this issue allegedly arose. Instead, TWW, moved for summary judgment. The Court then ordered supplemental briefing on the claim term "mattress coil," which the parties fully briefed and argued.

In February 2022, the Court then issued its summary judgment order denying TWW's motion for summary judgment of invalidity. ECF No. 232. Thereafter—six months after the alleged discovery issue arose—TWW brought its Original Motion to reopen expert discovery and redo the 179-page expert report that TWW served in July 2021 and that Coleman and the

---

[2] In correspondence before TWW's motion was filed, Coleman informed TWW that this motion was without basis.

Court spent 6 months of motion practice addressing. ECF No. 245.  (In addition, all of Coleman's expert discovery and summary judgment briefing was conducted in reliance on that initial, 179-page expert report.)

This Court promptly denied TWW's Original Motion on March 15, 2022, noting that "months" had elapsed since the claimed discovery issue arose, and finding that TWW *failed to show good cause under Rule 16(b)* because TWW was not *diligent.* ECF No. 265 at 5–6. Moreover, the Court recognized that courts around the country deny such Rule 16(b) motions based on belated claim construction arguments. *Id*. at 3. Finally, the Court found that TWW had knowledge of the Court's likely claim construction from Coleman's expert deposition testimony back in August 2021, so TWW was not surprised or prejudiced by the Court's decision. *Id*. at 4–5.

TWW did not promptly move for reconsideration of the Court's order. Instead, only after this case was reassigned to Judge Young did TWW raise this point in a status conference on June 13, 2022 – four months after the Court's decision denying this same relief and *ten months* after the date on which this Court already found that TWW should have raised the issue to the Court. As justification for its new motion, TWW asserts only the Court's reassignment and rescheduling as justification—not any material change in law or facts.

### III.     ARGUMENT AND CITATION OF AUTHORITIES

TWW's present motion is futile and should be denied.  Because it requests that this Court reverse its previous order, it is a Rule 54(b) motion for reconsideration. *See Benedict v. Hankook Tire Co. Ltd.*, No. 3:17-CV-109, 2018 WL 1655358, at *2 (E.D. Va. Apr. 5, 2018). A motion for reconsideration is "not lightly granted" and "there are substantial limitations" on such motions, which this court has described as an "extraordinary remedy." *Id.*; *Mohamed v. Holder* 1:11-cv-

3

0050, 2015 WL 11121994, at *3 (E.D. Va. Dec. 18, 2015). Where, as here, "the order was entered by one judge and then reviewed by another," courts have held that the latter judge should be hesitant to overrule the earlier determination. *See*, *e.g.*, *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1460 n.24 (5th Cir. 1992).

In the Fourth Circuit, a court's discretion to reconsider an interlocutory order is generally guided by three factors: "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *Evans v. Trinity Indus., Inc.*, 148 F. Supp. 3d 542, 544 (E.D. Va. 2015) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003)). Thus, such motion requires either "a significant change in the law or the facts since the original submission to the court" or that the court has "has patently misunderstood a party, … made a decision outside the adversarial issues presented to the Court … , or has made an error not of reasoning but of apprehension.'" *Id.* (quoting *United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D.Va.1997)). TWW makes no such assertions, instead admitting that it lacks any such basis in its motion. Summary denial and an award of Coleman's fees for having to respond is warranted.

A. **TWW tacitly admits there is no basis to grant reconsideration of the Court's previous order.**

TWW does not identify any new material facts, changes in law, or errors in reasoning that justify reconsideration.

First, TWW cites *no new facts* that warrant reconsideration. *See McLean v. Branch Banking & Tr. Co.*, No. 119CV1413CMHTCB, 2020 WL 8361911, at *1 (E.D. Va. June 24, 2020) (denying motion to reconsider that failed to raise changes in "controlling law" or "dispositive facts"). TWW's brief does not even attempt to assert new facts. Instead, TWW's

4

brief admits there are none, pointing merely to changed "circumstances" as its grounds for reconsideration: (1) a new judge has been assigned; and (2) the trial is now 6 months away (instead of 4). *See, e.g.*, ECF 289 at 2. Neither of these "circumstances" were material facts to the Court's original order, and therefore are not grounds for reconsideration.

Second, TWW's brief does not even try to identify a change in relevant law. Despite briefing this issue five months ago, TWW's brief still does not identify a single case where a court in *any circuit* provides the relief it requests in this motion or its previously denied motion.[3] So TWW cannot show a change in law justifies reconsideration here.

Finally, TWW does not attempt to show (and cannot show) that the Court's prior order was "clearly erroneous and would work manifest injustice." The Court's original order reviewed the caselaw and noted expressly that "courts that have [considered this issue] have found that claim construction does not constitute good cause" under Rule 16(b). *See* ECF No. 265 at 3. Nor does TWW dispute (or even address) the Court's reasoning that the "key" issue to unlocking good cause is whether a party "could have anticipated" the adopted construction. *Id.* TWW simply ignores that this Court previously found that TWW could have anticipated the issue and acted "much earlier" to seek relief and therefore had not acted diligently. *See* ECF No. 265 at 5.

So the Court's order was consistent with other district courts on this issue, and TWW does not point to any clear error with the law considered by this Court or the Court's application of that law to the facts here.

---

[3] TWW's brief only cites a single case—*AMBIMJB. LLC v. Strategic Armory Corns. LLC*—for the definition of "good cause" in this Circuit. *See* ECF No. 289 at 4.

5

Thus, TWW has failed to show that the Court should reconsider its previous order—warranting denial of this motion on that basis alone.

### B. If the Court decides to consider TWW's motion, it should still be denied for exactly the same reasons as before.

If the Court nevertheless considers this motion on the merits, it should again be denied. TWW was not diligent in bringing either this motion or the Original Motion, so good cause does not exist under Rule 16(b). In the Fourth Circuit, diligence requires that "scheduling deadlines cannot be met despite a party's diligent efforts." *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C.);[4] *Esquire Grp., Inc. v. Columbia Gas Transmission*, LLC, No. CV 3:14-24972, 2016 WL 8715666, at *2 (S.D.W. Va. Feb. 26, 2016) ("good cause is lacking if the movant has not acted diligently to comply with the schedule").

To prevail on its Original Motion TWW would have had to show *good cause* – a standard where the moving party's *diligence* is "particularly relevant." See ECF 265 at 3. This Court found that TWW became aware of the alleged discovery issue in August 2021—six months before the Original Motion was filed. ECF No. 265 at 5. The Court further found that TWW could have foreseen this issue based on the extensive discovery in this case. ECF No. 4–5. Based on these findings, the Court held that TWW "was not diligent in seeking leave" and that "no good cause has been shown here." ECF 265 at 6.

These prior findings are just as true today as they were when this issue was originally briefed. So, the "circumstances" identified by TWW— the change in judge and change in trial

---

[4] *Aff'd on other grounds*, 129 F.3d 116 (4th Cir. 1997)

date— would not have affected the outcome of the original order which was based on TWW anticipating the Court's claim construction in August 2021 and failing to diligently act by delaying for 6 months. *See* ECF No. 265 at 3–4. And neither the change in judge nor trial date should affect the Court's decision here.

Moreover, abundant evidence and law in Coleman's original response brief (ECF No. 255), shows that good cause does not exist under Rule 16(b):

1. **No Diligence:** TWW could have moved to supplement its expert reports in August 2021, when TWW claims a dispute arose about the meaning of "coil." Instead, TWW waited for 6 months to raise this motion the first time. *See* ECF No. 255 at 7–9.

2. **No Surprise or Prejudice to TWW:** Both the Court and TWW's own expert relied on the text of the patent to define "coil." As the Court found in the original order, Coleman's expert report is consistent with the Court's claim construction. So TWW was not surprised or prejudiced by the Court's construction. *See* ECF No. 255 at 4–6.

3. **No Good Cause:** Courts have held that "[a]s a matter of law … a court's claim construction ruling cannot be the basis for a good cause finding for Rule 16(b) purposes." *See*, *e.g., Cytiva Sweden Ab v. Bio-Rad Lab'ys, Inc.*, No. 1:18-cv-01899-CFC-SRF, 2021 WL 431508, at *1 (D. Del. Feb. 8, 2021); *Teva Pharms. USA, Inc. v. Amgen, Inc.*, No. CV 09-5675, 2010 WL 11558270, at *3 (E.D. Pa. Nov. 19, 2010) (collecting cases). And, even when claim construction is performed in a summary judgment order (as in this case), good cause does not exist to modify the scheduling order. *E.g.*, *Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*, No. 8:19-cv-00835, 2021 WL 5994968, at *2–3 (C.D. Cal. Sept. 16, 2021). *See* ECF No. 255 at 3–6.

TWW's arguments here are again unpersuasive. TWW asserts that the Original Motion was "shortly after" after the Court construed the term coil, and therefore TWW was diligent. ECF No. 289 at 7. But this argument ignores the Court's prior finding that TWW lacked diligence and is incorrect under Rule 16(b). Rule 16(b) requires that the movant diligently pursue discovery, and that amendment of the scheduling order is appropriate if the deadlines "cannot be

7

met" despite that party's diligent efforts. *Dilmar Oil Co.*, 986 F. Supp. at 980. Here, the Court found (and TWW does not dispute) that TWW had notice of the Court's likely definition of "coil" in August 2021. ECF No. 265 at 5. So TWW's delay in bringing its original motion was 6 months— not "shortly after" as it claims in its present brief. *See* ECF No. 289 at 7. The Court's prior holding is explicitly based on the finding that TWW could have anticipated this issue and acted "much earlier" than it did. *See* ECF No. 265 at 5.

TWW's brief also retreads its argument that Coleman will not be prejudiced by granting an extension. This is both incorrect and irrelevant:

First, reopening expert discovery necessarily prejudices Coleman by causing Coleman to incur additional expenses and fees. *See Al Jazeera Media Network v. Dow Lohnes PLLC*, No. CV DKC 13-2769, 2015 WL 8316102, at *2 (D. Md. Dec. 9, 2015) ("there would need to be renewed exploration through the experts if the proposed amendments were allowed, thereby prejudicing Defendants"). TWW downplays the prejudice of reopening discovery by claiming it would limit the new discovery to a supplemental expert report that is limited to "5 pages." But the table on pages 4–5 of the proffered report shows that TWW is seeking to revise *all ten of its invalidity grounds* and add an *eleventh* invalidity ground. ECF No. 289-1. The original ten invalidity grounds were previously set out in a *179-page expert report*. *See* ECF No. 175-1. (And TWW's attempt to squeeze these broad changes into a five-page report, no doubt in an effort to disguise the prejudice that would result to Coleman, fails Rule 26(a)(2)'s requirement that the expert report disclose "a complete statement" of TWW's expert's testimony.) In other words, TWW seeks to redo its entire invalidity theory by proffering a five-page report, and then leaving Coleman (and the Court) to guess how the five-page report modifies and expands the original 179-page report. Coleman would need to conduct another deposition to *try* to fully understand

8

these broadened defenses and their bases.  This would further prejudice Coleman.  And trying to respond to this supplemental expert report without additional discovery —which, while short, substantially broadens TWW's defenses—would cause Coleman extreme prejudice and uncertainty at trial.

Second, diligence is essential to finding good cause in this Circuit; TWW points to no caselaw to the contrary. *See* ECF No. 265 at 3 (diligence "particularly relevant" to good cause); *Dilmar Oil Co.*, 986 F. Supp. at 980, ("Rule 16(b) does not focus on … the prejudice to the opposing party"); *Miller v. Transcend Servs., Inc.*, No. 1:10CV362, 2013 WL 1632335, at *3 (M.D.N.C. Apr. 16, 2013) ("any alleged lack of prejudice to Defendant from an extension of discovery does not establish good cause."); *Marcum v. Zimmer*, 163 F.R.D. 250, 255 (S.D.W. Va. 1995) ("the touchstone of 'good cause' under Rule 16(b) is diligence.")  So, any argument about prejudice cannot overcome TWW's failure to show diligence.

TWW's argument that Rule 26(e) allows for late expert reports that violate the scheduling order is also without merit. Rule 26(e) does not "permit a party to make an end-run around the normal timetable for conducing discovery" because Rule 26 disclosures are due at the time "directed by the Court." *Colony Apartments v. Abacus Project Mgmt., Inc.*, 197 F. App'x 217, 223 (4th Cir. 2006). So TWW cannot use Rule 26(e) as a vehicle to serve new expert opinions that would be a year late, and Rule 26(e) is not relevant to the Rule 16(b) good cause standard.

Finally, TWW's arguments about evidentiary "confusion" at trial, the reassignment of the presiding judge, TWW's own subjective (mis)understanding of the law,[5] TWW's own alleged

---

[5] TWW claims that they "could not have reasonably anticipated that the Court would, *sua sponte*, issue a construction of an additional claim term." ECF 289 at 4.  But Federal Circuit precedent is

subjective "good faith,"[6] and vague threats about appeals[7] should be disregarded. *See generally* ECF No. 289 at 4–7. TWW has not cited any law supporting these as relevant (much less controlling) factors for deciding a Rule 16(b) motion, and Coleman is not aware of any such caselaw. *Id.* And regarding purported concern about possible 'confusion at trial,' as the Court noted earlier, TWW's expert reports that were timely served already incorporate a virtually identical definition of "coil" to that used by the Court. *See* ECF No. 255 at 4–6 (collecting examples in the record). Therefore such confusion, even if it were relevant, does not exist.

      TWW also argues that the Court's previous order was based on trial being "a month away." See ECF No. 289 at 3. This misstates the record, and this Court's prior order, which found it unpersuasive when *TWW argued similarly* that trial was "more than four months away." ECF No. 265 at 4. In short, these other arguments raised by TWW do not support finding "good cause" under Rule 16(b).

---

clear that the district court must resolve all claim construction disputes as a matter of law. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008). Since TWW raised an alleged dispute about the meaning of "coil" in its summary judgment brief, TWW must have known that it would be construed by the Court. For this same reason, TWW's argument that Coleman "did not have a clear understanding" of the meaning of coil rings hollow, since "Coleman's" alleged subjective understanding of claim terms cannot affect their meaning. *See* ECF No. 289 at 7; ECF No. 187 at 13 (Coleman's response brief addressing TWW's incorrect argument on this point); ECF No. 232 at 9–10, 12 (denying TWW's MSJ on this point).

[6] "Rule 16(b) does not focus on the subjective bad faith of the movant" and instead focuses on the *objective* diligence of the movant, which this Court has already found TWW lacked. *Dilmar Oil Co.*, 986 F. Supp. at 980; ECF No. 265 at 5–6.

[7] This Court has "broad discretion" to manage the timing of discovery, subject to the "formal limitation" that the movant show "good cause." *See Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 382 (D. Md. 2014).

### C.     Coleman is entitled to fees and costs as a sanction.

Under the Local Rules, "unnecessary discovery motions ... subject [a] party to appropriate remedies and sanctions, including the imposition of costs and counsel fees." Local Civil Rule 37(G). Such a sanction is warranted when a motion for reconsideration "does nothing more than rehash arguments previously presented to the Court" and therefore wastes the Court's and parties' "time and resources." *See, e.g.*, *McLean v. Branch Banking & Tr. Co.*, No. 1:19-cv-1413-CMH-TCB, 2020 WL 8361911, at *2 (E.D. Va. June 24, 2020) (awarding "Defendant's reasonable fees and costs, including attorney's fees, in opposing Plaintiff's motion for reconsideration."). Here, TWW's present motion rehashes the evidence and arguments from TWW's Original Motion, makes meritless arguments that are unsupported by citations to law, and ignores the key parts of the Court's prior ruling. For example, TWW's present motion argues that TWW "could not … anticipate" the Court's claim construction. But this is simply a repeat of the argument that this Court already rejected, stating "Defendant claims this construction was unforeseeable, but the Court disagrees." ECF No. 265 at 4. Thus, the Court should award Coleman sanctions, including Coleman's reasonable fees and costs. *Id.*

## IV.    CONCLUSION

TWW fails to rebut, and essentially ignores, the key findings of the Court's previous order – that (1) TWW was aware of the alleged discovery issue on August 21, 2021; (2) TWW was aware of the Court's likely claim construction in August 2021; and (3) therefore TWW was not diligent in bringing the Original Motion. TWW's lack of diligence is even more glaring now, almost one year after the alleged discovery dispute arose.  For this and the other reasons discussed above, the Court should deny TWW's "renewed" motion. Additionally, Coleman requests that the Court award Coleman its attorney's fees and costs for the filing of this response.

Dated: July 28, 2022                      Respectfully submitted,

*/s/ David B. Lacy*
David B. Lacy (VSB 71177)
Michael W. Smith (VSB 01125)
CHRISTIAN & BARTON LLP
901 East Cary Street, Suite 1800
Richmond, Virginia 23219
Tel: (804) 697-4100
Fax: (804) 697-4112
dlacy@cblaw.com
msmith@cblaw.com

John W. Harbin (pro hac vice)
David S. Moreland (pro hac vice)
Gregory S. Carlin (pro hac vice)
Warren J. Thomas (pro hac vice)
Steven M. Philbin (pro hac vice)
Meunier Carlin & Curfman LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
(404) 645-7700
jharbin@mcciplaw.com
dmoreland@mcciplaw.com
gcarlin@mcciplaw.com
wthomas@mcciplaw.com
sphilbin@mcciplaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 28th day of July 2022, I electronically filed the above OPPOSITION TO TEAM WORLDWIDE CORPORATION'S RENEWED MOTION TO SERVE A SUPPLEMENTAL EXPERT REPORT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record:

>*/s/ David B. Lacy*
>dlacy@cblaw.com
>CHRISTIAN & BARTON, L.L.P.
>901 East Cary Street, Suite 1800
>Richmond, Virginia 23219