IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

THE COLEMAN COMPANY, INC.,

    Plaintiff/Counterclaim Defendant,

v.                                                                                        Case No. 2:20-cv-351-RCY-LRL

TEAM WORLDWIDE CORPORATION,

    Defendant/Counterclaim Plaintiff,

and

CHENG-CHUNG WANG,

    Counterclaim Plaintiff.

**[proposed] ORDER**
**(Granting Coleman's Omnibus Motions *In Limine*)**

COMES NOW Plaintiff/Counterclaim The Coleman Company, Inc. ("Coleman"), by counsel, on its Omnibus Motions *in Limine*. Having reviewed the filings, these Motions are hereby GRANTED, and it is ORDERED that:

1.     TWW is precluded from introducing testimony, evidence, and invalidity theories regarding purported prior art products that TWW did not timely disclose during fact discovery.

2.     TWW is precluded from introducing documents related to the 822523 Products, including but not limited to, the Shipping Manifest (TWW-COL-38714, DX-0268), the Rowell Declaration (DX-0603), and the ARP Notes and ARP Catalog.

3.     TWW is precluded from arguing that the internal structures of the accused products are distinct from one another.

1

4. TWW is precluded from introducing evidence or argument disclosing Coleman or its corporate parent's financial status.

5. TWW is precluded from relying on evidence or argument related to or based on the conversation between TWW's counsel and Andrew Metzger.

6. TWW's experts are precluded from exceeding the scope of their expert reports.

7. TWW is precluded from from introducing evidence or argument that suction is produced when a person moves onto the Coleman accused products.

8. TWW is precluded from showing rotated or otherwise manipulated photos or illustrations of the Coleman Products.

9. TWW is precluded from comparing the Coleman Accused products to TWW's own products.

10. TWW is precluded from introducing evidence or argument contrary to the Court's claim construction.

11. TWW is precluded from introducing evidence or argument that the '618 Patent is limited to only "open" side support beams.

12. TWW is precluded from arguing that Claim element 1g is not a claim limitation.

13. TWW is precluded from any assertion that claim 1(g) does not require structure that produces suction to ensure the mattress "acts as a suction cup."

14. TWW is precluded from having its experts instruct the jury on the law.

15. TWW is precluded from asserting that practicing the prior art is a defense to infringement.

16. TWW is precluded from referencing or suggesting any decisions or reasons not to sue third parties for infringement.

17. TWW is precluded from asserting arguments that Coleman's '618 Patent is not infringed because TWW asserts that it is invalid.

18. TWW is precluded from asserting that TWW's assertions are unrefuted or that Coleman has agreed with TWW's damage expert.

19. TWW is precluded from asserting that TWW evaluated and chose not to accuse certain Coleman mattresses that purportedly did not infringe the '926 Patent.

20. TWW is precluded from arguing that the '926 Patent has a priority date prior to the filing date of the '926 Patent.

21. TWW is precluded from referencing other lawsuits and/or claims between the parties.

22. TWW's expert is precluded from referencing hearsay statements.

It is so ORDERED.

                                            Lawrence R. Leonard
                                          United States Magistrate Judge

Norfolk, Virginia
_____, 2022