IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

THE COLEMAN COMPANY, INC.,

    Plaintiff/Counterclaim Defendant,

v.                                                            Case No. 2:20-cv-351-RCY-LRL

TEAM WORLDWIDE CORPORATION,

    Defendant/Counterclaim Plaintiff,

and

CHENG-CHUNG WANG,

    Counterclaim Plaintiff.

**ORDER**
**(Granting in Part and Denying In Part**
**TWW's Motion For Leave To Seal Omnibus Motions *In Limine*)**

THIS MATTER is before the Court upon the Motion For Leave To Seal Omnibus Motions *In Limine* (ECF No. 325) filed by Defendant/Counterclaim Plaintiff Team Worldwide Corporation ("TWW") and the response filed by Plaintiff/Counterclaim Defendant The Coleman Company, Inc. ("Coleman"). TWW's motion requests that the following documents be sealed pursuant to E.D. Va. Local Civil Rule 5: TWW's unredacted Memorandum in Support of Omnibus Motions *In Limine* (ECF No. 328), and Exhibit A thereto.

Upon consideration of the written submissions of the parties and having determined that this action involves allegations requiring the disclosure of confidential and proprietary information, this Court makes the following findings of fact and conclusions of law.

## Findings of Fact

1. Coleman has represented that the redacted portions of TWW's Memorandum In Support reflect information already disclosed in the publicly available version of the Court's January 31, 2022 Order (ECF No. 227) granting TWW's Motion to Exclude and Strike Portions of Expert Testimony of Gary D Olsen.

2. Coleman has represented that Exhibit A to TWW's Memorandum In Support includes a damages expert report by Mr. Gary Olsen that contains commercially sensitive, confidential and/or proprietary information.

3. Exhibit A in fact contains confidential and/or proprietary information that is properly the subject of a sealing order.

4. The Court has previously entered Orders sealing the information reflected in Exhibit A. *See* ECF Nos. 194 and 195.

5. No alternative measure would adequately protect Coleman's interests in the confidentiality of its information.

6. TWW filed its Motion To Seal, a Proposed Order and a Notice of its Motion To Seal, and Coleman filed its Response To Motion To Seal and a Proposed Order, as well as a Supplemental Response and Proposed Order, all on the public docket in compliance with E.D. Va. Local Civil Rule 5.

## Conclusions of Law

7. TWW's unredacted Memorandum in Support of Omnibus Motions *In Limine* (ECF No. 328), and Exhibit A thereto are judicial records to which the public has a presumptive right of access. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014); *In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290–91 (4th Cir. 2013).

8. As Coleman does not object to the public disclosure of the redacted portions of TWW's Memorandum In Support, which reflect information already disclosed in the publicly available version of the Court's January 31, 2022 Order (ECF No. 227), there is no interest sufficient to override the public's presumptive right of access to the Memorandum In Support. *Accord Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 579 (4th Cir. 2004) (quoting *In re Charlotte Observer*, 921 F.2d 47, 50 (4th Cir.1990)).

9. Nevertheless, it is appropriate to seal Exhibit A to TWW's Memorandum In Support. *See BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Organisation*, No. 2:17-CV-503, 2019 WL 8108115, *3 (E.D. Va. Aug. 15, 2019) (granting motion to seal sensitive, commercial information filed in connection with a motion *in limine*). *See also Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) ("A corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records.") (citation omitted); *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 577 (E.D. Va. 2009) ("[C]ourts have refused to permit their files to serve [ ] as sources of business information that might harm a litigant's competitive standing.") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Adams v. Object Innovation, Inc.*, No. 3:11CV272-REP-DWD, 2011 WL 7042224, *4 (E.D. Va. Dec. 5, 2011) (granting motion to seal because the public has "no legitimate interest" in information that is proprietary and confidential to corporate party), report and recommendation adopted, No. 3:11CV272, 2012 WL 135428 (E.D. Va. Jan. 17, 2012); *Flexible Benefits Council v. Feltman*, No. 1:08CV371 (JCC), 2008 WL 4924711, *1 (E.D. Va. Nov. 13, 2008) (granting motion to seal "confidential financial data that are normally unavailable to the public"); *E. W., LLC v. Rahman*, No. 1:11CV1380

JCC/TCB, 2012 WL 3843657, *3 (E.D. Va. Sept. 4, 2012) (granting motion to seal exhibits containing "sensitive financial data").

10. There are three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing. *See, e.g., Flexible Benefits Council*, 2008 WL 4924711 at *1 (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000)); *Malon v. Franklin Fin. Corp.*, No. 3:14CV671 (HEH-RCY), 2014 WL 12768782, *2 (E.D. Va. Dec. 4, 2014).

11. Coleman has demonstrated that the public notice requirement has been met by TWW's filing of a separate Notice of the Motion to Seal for docketing. Public notice of the Motion to Seal is satisfied by docketing the motion "reasonably in advance of deciding the issue." *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (cited by *Ashcraft*, 218 F.3d at 302). The parties and the public have received reasonable notice of the request to seal and have had reasonable opportunity to object. *Ashcraft*, 218 F.3d at 302; *GTSI Corp. v. Wildflower Int'l, Inc.*, 2009 WL 1248114, *9 (E.D. Va. Apr. 30, 2009); *U.S. ex rel. Carter v. Halliburton Co.*, 2011 WL 2077799, *3 (E.D. Va. May 24, 2011).

12. Additionally, there are no less drastic alternatives that appropriately enable Coleman to preserve the confidential nature of the materials, and TWW's selective and narrow sealing constitutes the least drastic method of shielding the information at issue. *See Adams*, 2011 WL 7042224 at *4.

13. The third *Ashcraft* consideration is satisfied by the findings of fact and law in this proposed Order.

14. TWW previously forwarded to the Court copies of Exhibit A, which is available for *in camera* review.

15. Exhibit A should remain sealed until forty-five (45) days after the final resolution of this matter and then, returned to counsel.

16. Absent such an order, the Parties would not be able to use this confidential information in support of their positions. The omission of this confidential information would limit the Parties' ability to adequately advocate for their positions.

Therefore, the Motion to Seal is **GRANTED IN PART** and **DENIED IN PART**, and it is hereby **ORDERED** that:

The Clerk is directed to maintain under seal Exhibit A to TWW's unredacted Memorandum in Support of Omnibus Motions *In Limine* (ECF No. 328). Exhibit A shall remain under seal until forty-five (45) days after the final resolution of this matter and then, returned to counsel.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
Dec. 30, 2022