IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

THE COLEMAN COMPANY, INC.,

    Plaintiff/Counterclaim Defendant,

v.

    Case No. 2:20-cv-351-RCY-LRL

TEAM WORLDWIDE CORPORATION,

    Defendant/Counterclaim Plaintiff,

and

CHENG-CHUNG WANG,

    Counterclaim Plaintiff.

## ORDER
### (Granting Coleman's Motion To Seal)

COMES NOW Plaintiff/Counterclaim The Coleman Company, Inc. ("Coleman"), by counsel, on its Motion To Seal Exhibits 1 and 2 to its Omnibus Motions *In Limine*. Specifically, Coleman seeks leave to file the following documents under seal:

1. Exhibits 1 and 2 to Coleman's Omnibus Motions *In Limine*.

Upon consideration of Coleman's motion and supporting memorandum, the Court hereby FINDS as follows:

1.     Coleman's Omnibus Motions *In Limine* is a judicial record to which the public has a presumptive right of access. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014); *In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290–91 (4th Cir. 2013).

2.     The parties and the public have received reasonable notice of Coleman's request to seal and have had reasonable opportunity to object. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302

(4th Cir. 2000); *GTSI Corp. v. Wildflower Int'l, Inc.*, 2009 WL 1248114, *9 (E.D. Va. Apr. 30, 2009); *U.S. ex rel. Carter v. Halliburton Co.*, 2011 WL 2077799, *3 (E.D. Va. May 24, 2011).

3. Although the public has a presumptive right of access to the Exhibits to Coleman's Omnibus Motions *In Limine*, this presumption may be overcome "if the public's right of access is outweighed by competing interests." *Ashcraft*, 218 F.3d at 302; *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F. 2d 178, 180 (4th Cir. 1988).

4. Coleman seeks to seal and to redact from the public record only information that a third-party, Exxel Outdoors, LLC ("Exxel"), has designated as "RESTRICTED – ATTORNEYS' EYES ONLY" under the Court's Protective Order For Patent Cases (D.E. 55). In so designating the information, pursuant to the express terms of the Protective Order, Exxel has indicated that the information is confidential, proprietary or trade secrets. The public has no legitimate interest in information that is confidential to Exxel. *See Adams v. Object Innovation, Inc.*, No. 3:11CV272-REP-DWD, 2011 WL 7042224, *1 (E.D. Va. Dec. 5, 2011), report and recommendation adopted, No. 3:11CV272, 2012 WL 135428 (E.D. Va. Jan. 17, 2012); *see generally, Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) ("A corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records."). Accordingly, placing these materials under seal is proper because the public's interest in access is outweighed by a party's interest in "preserving confidentiality" of the limited amount of confidential information that is "normally unavailable to the public." *Flexible Benefits Council v. Feltman*, No. 1:08CV371 (JCC), 2008 WL 4924711, *1 (E.D. Va. Nov. 13, 2008); *U.S. ex rel. Carter*, 2011 WL 2077799 at *3.

5. Coleman only seeks to seal the Exhibits designated by Exxel as confidential. Coleman does not seek to seal any other aspects of its Omnibus Motions *In Limine*, which

2

addresses the Exhibits generally so as not to disclose any potentially confidential information. This selective and narrow protection of allegedly confidential material constitutes the least drastic method of shielding the information at issue. *See Adams*, 2011 WL 7042224 at *4.

Therefore, based on the findings above, for good cause shown, it is hereby ORDERED that Coleman's motion to seal is GRANTED; the unredacted versions of the Exhibits 1 and 2 to Coleman's Omnibus Motions *In Limine* shall remain under seal until further order of the Court.

It is so ORDERED.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
Dec. 30, 2022

3