IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| THE COLEMAN COMPANY, INC., | § |
| Plaintiff/Counterclaim Defendant, | § |
| v. | § Civil Action No. 2:20-cv-351-RCY-LRL |
| TEAM WORLDWIDE CORPORATION, | § JURY TRIAL DEMANDED |
| Defendant/Counterclaim Plaintiff, | § |
| and | § |
| CHENG-CHUNG WANG, | § |
| Counterclaim Plaintiff. | § |

**TEAM WORLDWIDE CORPORATION'S MEMORANDUM IN SUPPORT OF ITS OBJECTIONS TO THE COLEMAN COMPANY, INC.'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Paragraph 6 of the Rule 16(b) Scheduling Order (ECF No. 284) as modified by the Court's November 29, 2022 Order (ECF No. 311), Team Worldwide Corporation ("TWW") submits the following as its Memorandum in Opposition to The Coleman Company, Inc.'s ("Coleman") Proposed Jury Instructions and Special Verdict Form. Coleman's Proposed Jury Instructions to which TWW objects have been filed at ECF No. 350-2 and the disputed portions of the Special Jury Verdict Form are set forth in ECF No. 350-4.

**I.   TWW's Objections to Coleman's Proposed Jury Instructions**

TWW objects to Coleman's Proposed Jury Instructions P-1 through P-20. In general, jury instructions are "adequate if construed as a whole, and in light of the whole record, they adequately inform the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 191 (4th Cir.

2003) (citing *S. Atl. Ltd. P'shp v. Riese*, 284 F.3d 518, 530 (4th Cir. 2002) (internal quotations omitted); *see also Hartsell v. Duplex Prods., Inc.*, 123 F.3d 766, 775 (4th Cir. 1997) (explaining that each instruction should "properly inform[] the jury of the controlling legal principles without misleading or confusing the jury to [the defendant]'s prejudice"); *see also Wordtech Sys. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1314 (Fed. Cir. 2010) (citation omitted) ("For issues not unique to patent law, [the Federal Circuit] review[s] jury instructions under the law of the relevant regional circuit."). Each of Coleman's proposed instructions fail to meet this standard because they are unnecessarily duplicative, misleading, and/or confusing.

    A.    **Coleman's Proposed Instructions P-10 through P-15 Improperly Limit the Invalidity Evidence and Argument that TWW May Present at Trial.**

Coleman's Proposed Instructions P-10 through P-15 purport to enumerate every possible way in which the Jury could find the '618 Patent invalid, thereby suggesting that TWW cannot prove invalidity with any evidence other than the prior art combinations specifically listed among these proposed instructions. This serves to confuse the Jury because TWW may properly offer other prior art or combinations of prior art to support its anticipation and obviousness defenses beyond those listed in P-10 through P-15. Where the jury may be presented with evidence of prior art references beyond those listed, it may find a patent invalid for those additional reasons. *See, e.g., Loral Fairchild Corp. v. Victor Co. of Japan, Ltd.*, 208 F. Supp. 2d 344, 361 (E.D.N.Y. 2002) (denying motion for new trial based on purportedly improper invalidity jury instruction because "the jury had other prior art and other bases to support its finding of invalidity").

For example, Dr. Stevick identified other prior art in his expert report. *See e.g.*, ECF No. 175-001, Ex. D, Opening Expert Report of Dr. Stevick on Invalidity of the '618 Patent, dated July 6, 2021, at ¶47 ("The specification refers to exemplary background references regarding "two layer or a double height air mattress" including U.S. Pat. No. 4,547,919 to Wang; U.S. Pat. No.

5,598,593 to Wolfe; U.S. Pat. No. 6,568,011 to Fisher et al.; and U.S. Patent No. 6,073,291 to Davis. '618 Patent, Dkt. 52-1 at col. 1:50-59. Thus, the '618 patent itself admits that it is not inventing tall airbeds."). It would mislead the jury for them to receive an instruction appearing to limit their consideration of prior art to specific combinations when they will hear evidence beyond Coleman's narrow listing in P-10 through P-15.

Moreover, the jury does not have to make its decision based solely on the specific combinations identified by TWW, because the evidence could support a number of different combinations that could render the '618 Patent invalid as obvious. So long as evidence of such prior art is admitted during trial, the Jury is not unnecessarily limited in what it might consider. *See, e.g., Loral Fairchild Corp.*, 208 F. Supp. 2d at 361 ("[T]he jury had other prior art and other bases to support its finding of invalidity."). If the Court gives the Jury Coleman's Proposed Instructions P-10 through P-15, the Jury may incorrectly believe that they are limited to the enumerated combinations of prior art, even if evidence presented during trial supports a claim of obviousness through additional combinations. This would be prejudicial to TWW, especially given the anticipated admission of other combinations of prior art, including during Dr. Stevick's anticipated testimony. At minimum, the Court should reserve ruling on these instructions until after all evidence has been presented to the Jury.

The Court should reject instructions P-10 through P-15 because they improperly seek to limit the jury's consideration of evidence. Additionally, while P-14 does not limit the Jury's consideration to specified prior art, it is unnecessarily duplicative of the governing law as stated in D-19, D-20, D-21, J-27 and J-28. These instructions, together with D-17 and D-18 (anticipation), properly inform the jury of the controlling legal principles of invalidity without misleading the jury to believe they are limited to the prior art listed in Coleman's proposed

instructions. Accordingly, the Court should sustain TWW's objections to P-10 through P-15 in favor of advising the Jury about anticipation and obviousness through instructions D-17 through D-21, J-27, and J-28.

> **B.** **Coleman's Proposed Instructions P-1, P-2, P-5 Through P-9 and P-16 Through P-20 Are Not as Clear as Alternative Proposals, Offer Incomplete Statements of the Law, and/or Are Unnecessarily Repetitive.**

Coleman's Proposed Instructions P-1, P-2, P-4 through P-9 and P-16 through P-20 are cumulative of other instructions and unnecessary in light of the joint instructions and the alternatives that TWW offers. Each alternative offered by TWW is a more accurate, concise and clear statement of the applicable law. Inclusion of Coleman's versions of these proposed instructions would not "adequately inform the jury of the controlling legal principles *without misleading or confusing the jury* to the prejudice of the objecting party." *Rowland*, 340 F.3d at 191.

For example, P-1 offers unnecessary repetition on the basics of patent law that are already set forth in the Administrative Office of the Courts video played to the jury as part of J-3. That video is routinely used in patent infringement trials and the Parties have agreed to play it to the jury in this case. Repeating the information contained in the video is simply unnecessary.

Additionally, Coleman proposed instruction P-2 is duplicative of D-3, the latter of which more accurately explains that "[w]hen 'whereby' is used in a patent claim what follows is not necessarily a limitation or requirement of the claim." Because this is a correct statement of the law, the Court should give D-3 as opposed to P-2.

Coleman proposed instruction P-5 is unnecessarily complex and repetitive. TWW proposed instruction D-7 offers a simpler, clearer statement of the law provided, so the Court should use the alternative offered by TWW. Indeed, TWW obtained D-7 from this Court's

instructions in *GMS Industrial Supply, Inc. v. G&S Supply, LLC*, No. 2:19cv324. Likewise, for the same reasons (clarity, brevity, and complete statement of the law), TWW favors this Court's instructions in *GMS Industrial Supply* for each of the following Coleman proposed instructions to which TWW objects:

- P-6 (TWW favors alternative D-8 from *GMS Industrial Supply*)
- P-7 (TWW favors alternative D-10 from GMS Industrial Supply)
- P-8 (TWW favors alternative D-11 from GMS Industrial Supply)
- P-9 (TWW favors alternative D-13 from GMS Industrial Supply)

With respect to Coleman's proposed instruction P-16, TWW favors the alternative at D-21, because it is tailored to the facts and patents at issue in this case.

### C. Coleman's Proposed Instructions P-3 and P-4 Do Not Provide a Complete Statement of the Law Governing Burdens of Proof.

In contrast to Coleman's P-3 and P-4, TWW's proposed instruction D-5 and D-6 provide a more complete statement of how the burdens of proof apply. Nothing about these instructions is unnecessarily duplicative. Indeed, TWW's proposals are undeniably accurate statements of the law. Giving the Jury P-3 and P-4 without more explanation of the applicable burdens of proof tends to de-emphasize the importance of the burden of proof.

### D. Coleman's Proposed Instructions P-17 through P-19 Are Unnecessarily Repetitive and/or Misleading and the Court Should Give Alternative D-22 Instead.

The Court should instruct the jury on damages using TWW's proposed alternatives at D-22 through D-24 instead of those that Coleman offers at P-17 through P-19. First, with respect to P-17, it needlessly repeats the law of damages separately for the '618 Patent and the '926 Patent. Since the law of damages applicable to the Parties' competing claims is the same, the Court need only instruct the jury on damages once, thereby making clear that the same body of law applies to

both Coleman's and TWW's claims. Moreover, D-22 provides a more thorough explanation of the law of damages by explaining the mathematical precision is not necessary, by explaining the different types of damages that may be awarded, and by explaining the hypothetical negotiation. By omitting these details of the law—which TWW's proposal applies equally to both Parties' claims—Coleman may seek to confuse the jury in light of the differences between its damages expert and TWW's damages expert.

With respect to P-18 and P-19, these instructions are unnecessarily cumulative of the more complete introductory instruction that TWW proposes at D-22. Thus, the Court should opt for D-22 as a more accurate, complete, yet concise instruction on the generally applicable law of patent damages.

## II.   TWW's Objections to Coleman's Proposed Questions in the Special Jury Verdict Form

"Special verdict questions must be adequate to obtain a jury determination of all factual issues necessary to the judgment." *See* 1 Fed. Jury Prac. & Instr. § 8:7, n.2 (6th ed.). With respect to both invalidity and damages, Coleman's proposed special verdict questions do not achieve the goal of a special jury verdict form. Coleman's invalidity questions unnecessarily separate the issues of validity from infringement and, in doing so, impose an unnecessary burden on the jury to identify the specific evidence on which the jury bases its verdict. With respect to damages, Coleman's proposal ignores that a percentage royalty rate is not necessary and, in the case of TWW's expert, Dr. Mody, opinion evidence will support a per-unit royalty as opposed to a percentage. Thus, Coleman's proposed damages instruction is inadequate.

### A.   Coleman's Proposed Invalidity Questions Impose Unnecessary Burdens on the Jury.

Coleman's proposed questions on invalidity impose an unnecessary burden on the jury to list the exact prior art references on which the jury relies should it find either patent invalid. Moreover, Coleman's proposed questions require the jury to identify each grounds on which it found either patent invalid. These details are simply unnecessary. It is adequate for the jury to receive proper instruction on invalidity and then to identify which patent claims are invalid. It is unclear to what end Coleman wishes to impose this unnecessary burden on the jury when TWW's proposed special verdict questions adequately obtain the necessary information.

### B. Coleman's Proposed Damages Question Does Not Adequately Account for the Types of Damages that the Jury May Award.

Coleman's proposed damages questions require the jury to provide a percent royalty rate in addition to any total damages award. This is simply unnecessary and, indeed, could cause jury confusion. TWW's damages expert, Dr. Mody, will testify in favor of a per-unit royalty for infringement of TWW's '926 Patent, and there is nothing improper about such a royalty. Also, Dr. Mody proposed for the '618 Patent a lump sum value which is not accounted for in Coleman's proposed verdict form. By forcing the jury to apply a percentage for both the '618 Patent and the '926 Patent, Coleman's proposed questions may confuse the jury and will almost certainly result in the jury coming back to the Court to ask whether they have to provide a percentage if the jury finds Dr. Mody's opinions credible. It is more than adequate for the jury to offer its total damages figure.

Dated: December 30, 2022

Respectfully submitted,

By: /s/ *John M. Erbach*
Dana D. McDaniel (VSB No. 25419)
John M. Erbach (VSB No. 76695)
SPOTTS FAIN, P.C.
411 East Franklin Street, Suite 600

Richmond, Virginia 23219
Tel.: (804) 697-2065
Fax: (804) 697-2165
dmcdaniel@spottsfain.com
jerbach@spottsfain.com

Alexandra M. Gabriel (VSB No. 89185)
William R. Poynter (VSB No. 48672)
David Sullivan (VSB No. 45027)
KALEO LEGAL
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Phone: 757.238.6383
Fax: 757.304.6175
agabriel@kaleolegal.com
wpoynter@kaleolegal.com
dsullivan@kaleolegal.com

Thomas M. Dunham (pro hac vice)
J. Michael Woods (pro hac vice)
Adam A. Allgood (pro hac vice)
Cherian LLP
1901 L St. NW, Suite 700
Washington, DC 20036
Telephone: (202) 838-1560
tomd@cherianllp.com
michaelw@cherianllp.com
adama@cherianllp.com

Korula Cherian (pro hac vice)
Robert Harkins (pro hac vice)
Cherian LLP
2001 Addison St, Ste 275
Berkeley, CA  94704
Telephone: (510) 944-0190
sunnyc@cherianllp.com
bobh@cherianllp.com

*Attorneys for Team Worldwide Corporation and Cheng-Chung Wang*